# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | No. 09-988 |
| v. | : | |
| | : | |
| JOHN J. KORESKO, V, JEANNE BONNEY, | : | |
| PENN-MONT BENEFIT SERVICES, INC., | : | |
| KORESKO & ASSOCIATES, P.C., KORESKO | : | |
| LAW FIRM, P.C., COMMUNITY TRUST | : | |
| COMPANY, PENN PUBLIC TRUST, | : | |
| REGIONAL EMPLOYERS ASSURANCE | : | |
| LEAGUES VOLUNTARY EMPLOYEES' | : | |
| BENEFICIARY ASSOCIATION TRUST, and | : | |
| SINGLE EMPLOYER WELFARE BENEFIT | : | |
| PLAN TRUST, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 26th day of March, 2009, it is hereby ORDERED that

Defendants' Emergency Motion to Place Case Under Seal and for Other Equitable Relief (Doc.

No. 6) and Emergency Motion for Temporary Restraining Order and Other Preliminary and

Permanent Injunctive Relief (Doc. No. 7) are DENIED for the reasons set forth in the

accompanying memorandum.  It is FURTHER ORDERED that all future pleadings in the above-

captioned matter shall be filed on the public record.

BY THE COURT:

_____S/ C. Darnell Jones II_____
                                                                                    J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | No. 09-988 |
| v. | : | |
| | : | |
| JOHN J. KORESKO, V, JEANNE BONNEY, | : | |
| PENN-MONT BENEFIT SERVICES, INC., | : | |
| KORESKO & ASSOCIATES, P.C., KORESKO | : | |
| LAW FIRM, P.C., COMMUNITY TRUST | : | |
| COMPANY, PENN PUBLIC TRUST, | : | |
| REGIONAL EMPLOYERS ASSURANCE | : | |
| LEAGUES VOLUNTARY EMPLOYEES' | : | |
| BENEFICIARY ASSOCIATION TRUST, and | : | |
| SINGLE EMPLOYER WELFARE BENEFIT | : | |
| PLAN TRUST, | : | |
| | : | |
| Defendants | : | |

Jones, J.                                                                                      March 26, 2009

## MEMORANDUM

On March 6, 2009, Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department

of Labor, filed suit against a number of defendants claiming violations of the Employee

Retirement Income Security Act of 1974 ("ERISA").  This matter is before the Court on the

motions of Defendants John J. Koresko, Jeanne Bonney, PennMont Benefit Services, Inc.,

Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association Trust,

and Koresko & Associates, P.C. ("the Koresko Defendants").[1]  On March 12, 2009, the Koresko

Defendants filed an Emergency Motion to Place Case Under Seal and for Other Equitable Relief

(Doc. No. 6 (filed under seal)).  Also on that date, the Koresko Defendants filed an Emergency

Motion for Temporary Restraining Order and Other Preliminary and Permanent Injunctive Relief

(Doc. No. 7).  This Court held argument on both motions on March 12, 2009, and ordered

supplemental briefing.  On March 16, 2009, Plaintiff filed her Response in Opposition to the

Motion to Seal Case (Doc. No. 8).  On March 17, 2009, the Koresko Defendants filed a Second

Memorandum in Support of their Motion for Temporary Restraining Order and Other Equitable

Relief (Doc. No. 9 (filed under seal)).  On March 19, 2009, Plaintiff filed a Memorandum in

Opposition to Defendants' Emergency Motion for for Temporary Restraining Order (Doc. No.

10).  On March 20, 2009, the Koresko Defendants filed a Memorandum in Reply to DOL's

Opposition to Defendants' Motion for Temporary Restraining Order and Other Equitable Relief

(Doc. No. 11 (filed under seal)).[2]

## I.    Motion to Seal

The Koresko Defendants seek an order sealing all pleadings, transcripts, and related

material in this case.  They claim that public access to court documents in the instant case will

irreparably harm the professional reputations of the Koresko Defendants – namely, the legal

---

[1] None of the Koresko Defendants has entered an appearance in this case.  However, John J. Koresko, V, signed the instant motions and represented that he was acting *pro se* and as counsel for the Koresko Defendants.

[2] Normally, parties must seek leave of this Court before filing any reply or surreply briefs. See Chambers Policies and Procedures, Jones, J., rev. Jan 12, 2009, at 4.  The Court will accept the Koresko Defendants' Reply brief in this instance, but the Court will not tolerate future violations of chambers procedures.

practice of the attorney defendants and the business of the benefits plan administrator.  They

claim that the Complaint in this matter is a bad-faith attempt to circumvent an Order in another

civil case in this judicial district, and that Plaintiff's allegations against the Koresko Defendants

are unproven and unprovable.

"It is well-settled that there exists, in both criminal and civil cases, a common law public

right of access to judicial proceedings and records."  In re Cendant Corp., 260 F.3d 183, 192 (3d

Cir. 2001).  "The existence of a common law right of access to judicial proceedings and to

inspect judicial records is beyond dispute."  Publicker Industries, Inc. v. Cohen, 733 F.2d 1059,

1066 (3d Cir. 1984).  "The public's interest is particularly legitimate and important where . . . at

least one of the parties to the action is a public entity or official."  Pansy v. Borough of

Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

The party seeking seal of a judicial record bears a heavy burden of justifying such a seal.

The moving party must show "that the material is the kind of information that the courts will

protect and that disclosure will work a clearly defined and serious injury to the party seeking

closure."  In re Cendant Corp., 260 F.3d at 194 (internal quotations and citations omitted).  "In

delineating the injury to be prevented, specificity is essential.  *Broad allegations of harm, bereft*

*of specific examples or articulated reasoning, are insufficient*."  Id. (internal citation omitted and

emphasis added).  In cases involving ordinary civil litigation, before a district court may take the

"unusual step" of sealing a judicial record, that court "should have articulated the compelling

countervailing interests to be protected, made specific findings on the record concerning the

effects of disclosure, and provided an opportunity for interested third parties to be heard."  Id.

(quoting Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994)).

The Court finds that the Koresko Defendants have failed to meet their burden to justify a seal of the record in this case.  The Koresko Defendants argue that the professional reputations of Attorneys Koresko and Bonney, who are licensed to practice in Pennsylvania and who are admitted to the bar of this federal judicial district, are their most valuable commodities as lawyers.  They claim that Plaintiff's allegations of improper behavior impugn those reputations.  However, nowhere do the Koresko Defendants specify the actual harm to which they claim the instant litigation will subject them.  The Koresko Defendants' arguments in support of sealing the record are vague and speculative, and they simply provide generalized allegations of injury to reputation.  These arguments are insufficient to justify the sealing of judicial records.  See In re Cendant Corp., 260 F.3d at 194.

All future pleadings in this matter shall be filed on the public record until further order of this Court.

## II.  Motion for Temporary Restraining Order

The Koresko Defendants seek a temporary restraining order and preliminary and permanent injunctive relief in a variety of extraordinary forms, including an order that Plaintiff must recall a press release about the instant case and direct all recipients of the press release to take the content of that press release out of the public domain; an order enjoining Plaintiff from issuing any further publications involving this and all Department of Labor litigation; an order enjoining Plaintiff from operating the Department of Labor website; and dismissal of the instant lawsuit.  This Court need not address the specifics of the relief sought by the Koresko Defendants because the Court finds that the Defendants' Motion for injunctive relief fails as a matter of law.

The preliminary injunction standard in this circuit is as follows:

> A district court may grant the extraordinary remedy of a
> preliminary injunction only if (1) the plaintiff is likely to succeed
> on the merits; (2) denial will result in irreparable harm to the
> plaintiff; (3) granting the injunction will not result in irreparable
> harm to the defendant; and (4) granting the injunction is in the
> public interest.  The burden lies with the plaintiff to establish every
> element in its favor, or the grant of a preliminary injunction is
> inappropriate.

P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508

(3d Cir. 2005).

Notably, the instant motion for injunctive relief was filed by various defendants, not by

the plaintiff.  At the March 12, 2009, hearing, the Court, *sua sponte*, raised the issue of the

Court's jurisdiction to entertain the Koresko Defendants' motion for preliminary injunction and

ordered briefing on that issue.  In her memorandum of law, Plaintiff cited a decision from this

judicial district, wherein the Honorable James Knoll Gardner held that "courts do not have

authority to issue temporary or preliminary injunctive relief in the absence of a complaint seeking

permanent relief."  Chiquita Brands Co. North America, Inc. v. J & J Foods, Inc., No. 03-5283,

2004 WL 2536860, *6 (E.D. Pa., Nov. 8, 2004).  In response, the Koresko Defendants argue that

Rule 15(b) of the Federal Rules of Civil Procedure, which governs amendments to pleadings

during and after trial, supports its attempts seek relief.[3]  They point out that Rule 15(b)(2)

---

[3] Federal Rule of Civil Procedure 15, titled Amended and Supplemental Pleadings,
provides as follows, in relevant part:

> (b) Amendments During and After Trial.

> > (1) Based on an Objection at Trial.

> > If, at trial, a party objects that evidence is not within the issues
> > raised in the pleadings, the court may permit the pleadings to be
> > amended. The court should freely permit an amendment when

provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."  In short, the Koresko Defendants ask this court to act as if they had raised any number of counterclaims against Plaintiff by way of their motion for injunctive relief.  The Court is unpersuaded by the Koresko Defendants' arguments.  Rule 15(b) permits amendments to pleadings *during and after trial.*  There has been no trial in this matter.  Indeed, no evidence has been presented to the Court, and the Koresko Defendants have not yet entered an appearance in this case or filed a responsive pleading.  They have not asserted any counterclaims against Plaintiff.  They simply posit, in their motion for injunctive relief, a number of hypothetical counterclaims that might empower this Court to grant them injunctive relief.[4]  Such attempts to obtain relief are inappropriate.  The

---

> doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
>
> (2) For Issues Tried by Consent.
>
> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move — at any time, even after judgment — to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b).

[4] For instance, the Koresko Defendants argue that this Court may grant them injunctive relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.  However, the Koresko Defendants have not properly asserted an APA claim against the Secretary of the Department of Labor.  The Court declines to read an APA claim into the Koresko Defendants' motion for injunctive relief.  The Koresko Defendants also argue that Plaintiff might not have a sovereign immunity defense to a hypothetical <u>Bivens</u> claim, in which the Koresko Defendants might allege deprivation of their Fifth Amendment right to due process.

Court will only act upon properly filed claims.

### III.    Request to Convert to a Motion to Dismiss

The Koresko Defendants argue that this Court could "exercise its inherent power [to] treat Defendants' submissions to date as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) and dismiss this case.  (Defs.' Reply in Support of T.R.O. at 1.) The Court declines to do so.  Should the Koresko Defendants wish to seek dismissal of this matter, they must file a proper motion to dismiss, and Plaintiff will be given an opportunity to respond.

### IV.    Conclusion

For the aforementioned reasons, all relief sought by the Koresko Defendants seek in their Emergency Motion to Place Case Under Seal and for Other Equitable Relief (Doc. No. 6), their Motion for Temporary Restraining Order and Other Preliminary and Permanent Injunctive Relief (Doc. No. 7), and all related pleadings is denied.