UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, : <br> UNITED STATES DEPARTMENT OF LABOR, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JOHN J. KORESKO, V, JEANNE BONNEY, : <br> PENN-MONT BENEFIT SERVICES, INC., : <br> KORESKO & ASSOCIATES, P.C., KORESKO : <br> LAW FIRM, P.C., COMMUNITY TRUST : <br> COMPANY, PENN PUBLIC TRUST, : <br> REGIONAL EMPLOYERS ASSURANCE : <br> LEAGUES VOLUNTARY EMPLOYEES' : <br> BENEFICIARY ASSOCIATION TRUST, and : <br> SINGLE EMPLOYER WELFARE BENEFIT : <br> PLAN TRUST, : <br> : <br> Defendants : | Civil Action <br><br> No. 09-988 |

## MEMORANDUM

Jones, J.                                                                                                              May 20, 2009

  Before the Court is a Motion for Order Deeming Defendants Served with Complaint filed by Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (DOL). Plaintiff seeks an Order that the Complaint is deemed served upon the Koresko parties. In the alternative, Plaintiff seeks alternate service of process pursuant to Pennsylvania Rule of Civil Procedure 430. If granted leave pursuant to Rule 430, Plaintiff would serve her Complaint and summons by first class mail to the office of John J. Koresko, V.

**I.**     **Background and Relevant Procedural History**

On March 6, 2009, Plaintiff filed suit against a number of defendants claiming violations of the Employee Retirement Income Security Act of 1974 (ERISA). Among those defendants are John J. Koresko, V; Jeanne Bonney; Penn-Mont Benefit Services, Inc.; Koresko & Associates, P.C.; Korekso Law Firm, P.C.; Penn Public Trust; and Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association Trust and Single Employer Welfare Benefit Plan Trust ("the Koresko Defendants"). On March 12, 2009, the Koresko Defendants filed an Emergency Motion to Place Case Under Seal and for Other Equitable Relief and an Emergency Motion for Temporary Restraining Order and Other Preliminary and Permanent Injunctive Relief. In those motions, the Koresko Defendants argue that ERISA does not apply to the benefit plans at issue and that the DOL does not have jurisdiction to bring this case, and they seek relief including dismissal of the Complaint. After argument and additional briefing, on March 26, 2009, the court denied the Koresko Defendants' Motions and ordered that all future pleadings in this matter be filed on the public record.[1]

On April 8, 2009, Plaintiff filed proof of service upon Defendant Bonney. On April 9, 2009, John J. Koresko, V, Esq., entered an appearance as counsel for himself and for each of the Koresko Defendants.

On April 20, 2009, Ms. Bonney filed a Motion for Extension of Time to File her Answer to the Complaint. In that Motion, Ms. Bonney requested leave to delay her response to the Complaint until twenty days after resolution of various matters, including the appeal of certain

---

[1] On April 14, 2009, the court denied reconsideration of its March 26, 2009, Order. An appeal of this the latter ruling is pending. On May 7, 2009, the court denied the Koresko Defendants' Renewed Motion to Seal this matter.

Orders entered by the Honorable Mary A. McLaughlin in two cases in this judicial district, 04-mc-74 and 06-mc-192.  Ms. Bonney attached a March 18, 2009, letter in which the Koresko Defendants ask Plaintiff to refrain from service while a motion for contempt was pending before Judge McLaughlin.  (Bonney Mot. For Extension of Time 2-3; id., Ex. A, Koresko letter to DOL, March 18, 2009 ("Koresko Letter No. 1").)  The motion for contempt sought a ruling that the Complaint in this matter was in violation of a Stay Order in Judge McLaughlin's cases.  The Koresko Defendants offered to accept service of process in this matter if Judge McLaughlin denied their motion for contempt.  (Koresko Letter.)  According to the Koresko Defendants, Plaintiff never responded to their March 18, 2009, letter.  (Defs.' Opp'n to Mot for Service 2.)

On April 17, 2009, Judge McLaughlin denied the motion for contempt.  (See Bonney Mot. For Extension of Time 3.)  On April 23, 2009, this court ordered that Ms. Bonney must respond to Plaintiff's Complaint by May 21, 2009.

On April 28, 2009, Plaintiff filed the instant Motion for Order Deeming Defendants Served with the Complaint.  Plaintiff filed two exhibits along with her Motion.  The first is a four-page Affidavit of Due Diligence by Process Server Dennis Richman.  (Pl.'s Mot. for Service, Ex. A., Richman Aff., Apr. 14, 2009 ("Service Attempt Affidavit").)  The Service Attempt Affidavit details multiple attempts to serve process upon the Koresko Defendants via Mr. Koresko at his home and his office between March 18, 2009, and April 14, 2009.[2]  The second exhibit is an April 17, 2009, letter from the DOL's Regional Solicitor to Mr. Koresko.  (Pl.'s Mot. for Service, Ex. B., Letter from DOL to Koresko, Apr. 17, 2009.)  The letter states

---

[2] Mr. Koresko is an officer and/or the sole shareholder of each of the corporate parties listed above as members of the Koresko Defendants.  (Pl.'s Mot for Service 2.)

that the Koresko defendants, other than Ms. Bonney, had refused to accept service and that Judge McLaughlin had denied the Koresko Defendants' Motion for Contempt. (Id.) The letter also requests a date and time prior to April 24, 2009, when the Koresko Defendants would formally accept service, and states that Plaintiff would seek a court order if the Koresko Defendants would not accept service by that date. (Id.)

On May 5, 2009, the Koresko Defendants filed a Response in Opposition to Plaintiff's Motion for Service. Attached to their Response, the Koresko Defendants filed an April 23, 2009, letter from Mr. Koresko to the DOL, which replies to the DOL's previous correspondence. (Defs.' Opp'n to Pl.'s Mot. for Service, Ex. 2., Letter from Koresko to DOL, Apr. 23, 2009 ("Koresko letter No. 2").) Mr. Koresko's letter opines that the DOL's attempts to serve process in this matter included "vicious tactics," trespass, and terroristic threats upon his minor children. (Id.) The letter restates the Koresko Defendants' contentions that ERISA does not apply to this case and that DOL is bringing suit for an improper purpose, and it provides notice of the Koresko Defendants' intent to file a motion for sanctions against the DOL. (Id.) The letter does not provide a date and time when the Koresko Defendants would accept service.

On May 13, 2009, with leave of this court, Plaintiff filed a Reply regarding her Motion for Service.

**II.     Discussion**

As an initial matter, despite the Koresko Defendants' argument to the contrary, this court has jurisdiction to rule on Plaintiff's Motion for Service. The Koresko Defendants' appeal of this court's denial of their motions to seal the case and for injunctive relief does not divest this court of jurisdiction to rule on this issue, which is not involved in the appeal. See Griggs v. Provident

Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.).

    A.    Waiver of Service

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be effected pursuant to the law of the state in which the district court sits, or in which service is effected. As the case is before the Eastern District of Pennsylvania and all the Koresko Defendants maintain offices in Pennsylvania, this Commonwealth's Rules of Civil Procedure apply.

In Pennsylvania, service upon defendants within the Commonwealth is governed by Rule 402, which states, in relevant part, as follows:

> a) Original process may be served
>
> > (1) by handing a copy to the defendant; or
> >
> > (2) by handing a copy
> >
> > > (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
> > >
> > > (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
> > >
> > > (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. C. P. No. 402.  In addition, a defendant can waive service and thus become a voluntary party to a suit.  Fleehr v. Mummert, 857 A.2d 683, 685 (Pa. Super. 2004); Vandegrift v. Knights Road Indus. Park, Inc., 416 A.2d 1011, 1013 (Pa. 1980).  "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.' "  Fleehr v. Mummert, 857 at 685 (quoting Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 499 (324 Pa. Super. 1984)).  Although the Koresko Defendants have filed multiple motions in this matter, and many of their briefs have addressed the merits of the case in a tangential manner, the Koresko Defendants have not filed any answers, served interrogatories, or agreed to consolidate this action with another action, or otherwise conducted themselves in such a way as to submit themselves to the authority of the court.  See Cmiech v. Electrolux Home Prods., Inc., 520 F.Supp. 2d 671, 675 (M.D. Pa. 2007) (analyzing several Pennsylvania cases and reviewing the types of actions by defendants that constitute waiver of service).  Therefore, the court declines to find that the Koresko Defendants have waived service by submitting themselves to the jurisdiction of this court.

    B.    Alternative Service

Alternative service is only appropriate when service cannot be made under the applicable rule of civil procedure, which, here, is Rule 402.  Calabro v. Leiner, 464 F.Supp. 2d 470, 472 (E.D. Pa. 2006).  Rule 430 of the Pennsylvania Rules of Civil Procedure provides as follows:

> If service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why

service cannot be made.

Pa. R. C. P. No. 430(a).  A party wishing to obtain leave for alternate service under Rule 430 must take three steps: 1) show a good faith effort to locate the defendants upon which service is to be made; 2) undertake practical efforts to serve the defendants under the circumstances; and 3) show that the proposed alternate method of service is reasonably calculated to provide the defendants with notice of the proceedings against them.  Calabro, 464 F.Supp. 2d at 470-71.  Here, Plaintiff has satisfied all three steps.  She located Mr. Koresko's home and office address and engaged a process server to attempt service of process upon Mr. Koresko on eight separate dates.  (See Service Attempt Affidavit.  Plaintiff has filed an affidavit documenting the process server's unsuccessful attempts at service on each date.  (Id.)  Plaintiff has demonstrated that service cannot be made under Rule 402.

Pursuant to Rule 430, Plaintiff requests leave to serve the Koresko Defendants by United States mail to Mr. Koresko's office address.  The court finds that this method of service is reasonably calculated to provide the Koresko Defendants with notice of the proceedings against them.  Out of caution, however, the court shall also order Plaintiff to serve the Koresko Defendants by United States mail, postage prepaid, to both Mr. Koresko's office address and his home address.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Motion for Service will be granted in part and denied in part.  Plaintiff shall serve the Koresko Defendants by United States mail, postage prepaid, to the home and office addresses of John J. Koresko, V.  An appropriate Order follows.