IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA L. SOLIS, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

JOHN J. KORESKO, V, et al.,

    Defendants.

CIVIL ACTION No.
2:09-cv-00988

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER AND REQUEST FOR SANCTIONS**

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff"), files this Response in Opposition to Defendants'[1] "Motion for Protective Order to Quash Subpoenae and Requests for Document Production and Defendants' Request for Sanctions under 28 USC § 1927 and the Federal Rules of Civil Procedure" ("Defendants' Motion"). This Court should deny Defendants' Motion in its entirety for the reasons discussed below.

**I. The Court Has Subject Matter Jurisdiction.**

Defendants again claim a lack of subject matter jurisdiction by the Court. They offer no new facts or compelling legal authority in support of their argument. The Court has already rejected Defendants' lack of jurisdiction argument when it was previously raised by them. See, e.g., July 2, 2009 Order (Docket No. 60) (ruling that "[t]his Court

---

[1] John Koresko, Jeanne Bonney, Penn-Mont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.C., Penn Public Trust, Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association Trust and Single Employer Welfare Benefit Plan Trust (hereafter the "Moving Defendants").

has jurisdiction over all substantive issues and claims"). The Court should again reject Defendants' assertion that the Court lacks subject matter jurisdiction for all of the reasons previously set forth by the Court and by Plaintiff in Plaintiff's prior submissions herein.

## II. The Depositions Noticed by Plaintiff are Proper, Necessary and Limited in Scope.

On August 5, 2009, Counsel for the Secretary served Notices of Taking Deposition Duces Tecum on Defendant Penn Public Trust ("PPT") and Defendant Penn-Mont Benefit Services, Inc. ("Penn-Mont") and Notices of Taking Deposition on Oral Examination on Defendants John J. Koresko, V and Jeanne Bonney.[2] The notices to PPT and Penn-Mont were issued under Rule 30(b)(6) and sought discovery on subjects listed in Attachment A to each notice. In addition, those notices sought the production of documents related to the subjects listed in the attachments. The depositions of PPT and Penn-Mont are scheduled to take place on August 19, 2009 and those of Defendants Koresko and Bonney on August 20, 2009.

On August 6, 2009, the Secretary moved, pursuant to Rule 34(b)(2)(A), for a Court Order formally shortening the deadline for the production of document requested from PPT and Penn-Mont at the August 19 depositions. See Plaintiff's Motion for Order Setting Shorter Deadline for Defendants' Reponses to Plaintiff's Document Requests (Docket No. 81). The Court denied that motion on August 10, 2009. On August 12, 2009, Counsel for the Secretary, by letter sent to the Court and all counsel, requested a status conference on discovery matters and specifically sought guidance on whether the depositions Plaintiff had noticed could proceed. See August 12, 2009 Letter, attached hereto as Exhibit 1. In that letter, Counsel for the Secretary stated that the Secretary

---

[2] Copies of these notices are attached to Defendants' Motion as Exhibit 2.

2

understood that the Defendants will not be required to produce any documents at the depositions in light of the Court's August 10 Order.

Defendants' Motion incorrectly presumes that the deposition notices to PPT and Penn-Mont are still commanding the production of documents at the depositions, which is not the case in light of the Court's August 10 Order. Accordingly, Defendants' assertion that a protective order is necessary based on the document requests contained in the deposition notices is a non-starter.

Defendants' Motion in essence seeks a protective order preventing the Secretary from conducting depositions in advance of the September 2, 2009 preliminary injunction hearing. A protective order is not warranted or necessary and all of the depositions noticed by Plaintiff should be allowed to proceed.

### a. The Court has indicated that the depositions may proceed.

Following receipt of Counsel for the Secretary's letter request for a status conference, Judge Jones' assistant advised Counsel for the Secretary that Judge Jones indicated the depositions could proceed. Counsel for the Secretary promptly communicated this information to all other counsel. See August 13, 2009 Letter, attached hereto as Exhibit 2. Under these circumstances, there are no procedural or other irregularities associated with the taking of these depositions and the Court should continue to allow them to proceed.

### b. The depositions are necessary and limited in scope to issues that will be before the Court at the Preliminary Injunction Hearing.

The depositions will be limited to the subject matters referenced in the deposition notices to PPT and Penn-Mont. The subject matters referenced in the PPT deposition

3

notice are set forth in Attachment A to that notice. See Defendants' Motion, Exh. 2.[3] All of these subjects relate directly to the corporate structure, management and control of PPT and its financial accounts, and the role played by Defendant Koresko with the corporation and in these matters. The deposition examination on these subjects will address, among other things, whether PPT, which currently operates using the same address as Defendants Penn-Mont and Koresko and his law firm, is controlled by Defendant Koresko. These issues will be before the Court at the preliminary injunction hearing as Defendants Penn-Mont and Koresko have directed Defendant F & M Trust to immediately transfer all assets of the Single Employer Welfare Benefit Plan and Trust, which include the assets of ERISA covered plans, to PPT. Counsel for the Defendants' cross-examined Plaintiff's witness Robin Murray at the July 17, 2009 hearing regarding her direct testimony that Defendant Koresko was affiliated with PPT, placing Mr. Koresko's role with PPT into further controversy. See Tr. of July 17, 2009 Hearing at 42-43 (attached to Defendants' Motion as Exh. 1).

The deposition subject matters referenced in the Penn-Mont deposition notice are contained in Attachment A to that notice. See Defendants' Motion, Exh. 2.[4] All of these

---

[3] These topics are: PPT's corporate structure, status and recordkeeping; the identity of PPT's owners, principals, officers, directors, managers and employees; the nature of PPT's business activities and identity of its clients or customers; the office(s) from which PPT conducts its business and any leases or agreements related thereto; the identity of the person(s) responsible for conducting PPT's business activities; PPT's federal and state tax returns and financial statements for the period 2006 to present; PPT's assets, liabilities and financial holdings; bank or other financial accounts maintained by or in the name of PPT for the period January 1, 2006 to present and deposits and withdraws to and from same; persons with authority over these accounts; and the current roles of Walter McGrath and Defendant Koresko with PPT.

[4] These topics are: the type of legal services benefits offered by the SEWBP or REAL VEBA plan[s] ("the Plan[s]"); the procedure for adopting a legal services benefit by employers; oral or written communications with employers involved with the Plan[s] referencing or relating to a legal service benefit, including, without limitation, communications regarding a plan amendment related to a legal service benefit; the amount of legal service benefits available to plan participants; the amount of premiums or contributions payable by employers for the provision of a legal service benefit; the methods for applying for legal service benefits through the Plan[s] and the procedures for adjudicating entitlement to legal service benefits; the identity of the participants in the Plan[s] who have received legal services benefits, including each

4

subjects relate directly to an amendment to the plan documents at issue in this case to provide for a purported legal services benefit and to alleged benefits thereunder. Defendants have placed this amendment and the alleged legal service benefits in issue by raising them as an apparent defense to their sought after transfers of plan assets from the SEWBPT to multiple law firms. At the time of the July 17, 2009 hearing, neither Plaintiff nor F & M Trust had ever seen a signed copy of this alleged amendment, and Plaintiff has seen no indicia of its adoption by any of the employers whose plans are referenced in Attachment A to the Complaint. See Tr. of July 17, 2009 Hearing at 47-48.

### III. The Moving Defendants failed to comply with the requirements of Rule 26(c)(1) and their Request for a Protective Order should be denied for this additional reason.

Defendants' Motion does not include a Certification required by Rule 26(c)(1) stating that the Moving Defendants made a good faith attempt to confer with Plaintiff in an effort to resolve this discovery dispute without court action. Indeed, no attempt at same was ever made by the Moving Defendants. For this additional reason, their request for a protective order should be denied.

### IV. Sanctions.

The Moving Defendants' request for Sanctions under Rule 11 and 28 U.S.C. § 1927 is procedurally and substantively defective and should be denied.

---

participant's name, address, employer, amount of benefits received, date or dates benefits were received, nature of the legal services provided and the provider of the legal services; contracts or arrangements between the Plan[s] and the providers of legal services related to the provision of legal service benefits; and the legal services provided by the Koresko Law Firm, Gilbert, Harrell, Sumerford, & Martin, P.C and Caplin & Drysdale for which Penn-Mont and its agents requested payment from the SEWBP Trust.

## V. Conclusion.

For all of the foregoing reasons, Defendants' Motion should be denied it its entirety.

Respectfully submitted,

Post Office Address:

Carol A. De Deo
Deputy Solicitor for National Operations

Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA   19106-3306
(215) 861-5126

Catherine Oliver Murphy
Regional Solicitor

*/s/ Joanne Jarquin*
Joan M. Roller
Linda M. Henry
Joanne Jarquin
Attorneys for Plaintiff

U.S. DEPARTMENT OF LABOR