# In the United States District Court
# For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor,<br>United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN J. KORESKO, V, et al.,<br><br>  Defendants | Civil Action No. 2:09-cv-00988 |

## DEFENDANTS' JOHN J. KORESKO V AND JEANNE BONNEY MOTION TO QUASH SUBPOENAE

Defendants John J. Koresko, V and Jeanne Bonney move this Honorable Court to quash the subpoenae issued by the Department of Labor, copies of which are attached. Defendants incorporate by reference their attached Memorandum of Law.

Respectfully submitted,

_____
John J. Koresko, V

August 31, 2009

<div style="text-align:center">

**In the United States District Court**

**For the Eastern District of Pennsylvania**

</div>

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor, <br><br>Plaintiff, <br><br>v. <br><br>JOHN J. KORESKO, V, et al., <br><br>Defendants | Civil Action No. 2:09-cv-00988 |

<div style="text-align:center">

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' JOHN J. KORESKO, V AND JEANNE BONNEY**

**MOTION TO QUASH SUBPOENAE**

</div>

## TABLE OF CONTENTS

I.   PROCEDUREAL BACKGROUND................................................................1

II.  SUMMARY OF THE ARGUMENT..........................................................3

III. SUMMARY OF THE LAW.......................................................................4

IV.  ARGUMENT.............................................................................................7

    A.   Incorporation of Proceedings........................................................7

    B.   Service was improper and should not be judicially enforced.........7

    C.   The Subpoenae are Patently Defective and thus Void....................7

    D.   The subpoenae were issued in bad faith and for an improper purpose, a classic case of "overdiscovery" in violation of the Federal and Local Rules of Civil Procedure which makes them inappropriate...................8

    E.   This Court Specifically Ordered that Discovery be Necessary and Not Harassing........................................................................10

V.   CONCLUSION........................................................................................10

## I. PROCEDURAL BACKGROUND

On March 6, 2009, Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("DOL"), filed suit against various Defendants claiming violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants John J. Koresko, V, Jeanne Bonney, PennMont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.C., Penn Public Trust, Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust and Single Employer Welfare Benefit Plan Trust ("the Koresko Parties") on March 12, 2009 filed an Emergency Motion to Place Case under Seal and for other Equitable Relief as well as an Emergency Motion for Temporary Restraining Order and Other Preliminary and Permanent Injunctive Relief. After hearing on March 12, 2009, and further briefings, the Court denied both motions on March 31, 2009. After rejection of their Motion for Reconsideration the Koresko Parties timely appealed to the Third Circuit Court of Appeals on April 21, 2009, at 09-2192.

In a related matter, the Koresko Parties have on Appeal in the Third Circuit the DOL subpoena enforcement Orders of Judge McLaughlin, at 09-1142 and 09-2191. The enforcement action is against Penn Public Trust ("PPT") and PennMont Benefit Services, Inc. ("PennMont"), among other entities and individuals, and includes DOL's request for PPT financial information and PennMont client identification. The Koresko Parties also appealed Judge McLaughlin's denial of their motion to find DOL in contempt for bringing the instant action against them.

On July 6, 2009, PennMont, by its attorney John Koresko, removed as Trustee of the Single Employer Welfare Benefit Plan Trust ("SEWBPT) the Defendant Farmers and Merchants Trust Company of Chambersburg ("F&M") (successor by merger to Community Trust Company

("CTC")). DOL then applied for a Temporary Restraining Order and Preliminary Injunction to maintain F&M as Trustee, enjoin payment of certain Trust expenses, and compel production of documents. In support of its application DOL submitted thirteen (13) exhibits consisting of 200 pages, including an affidavit of its investigator Jocelyn Diaz-Sweeting ("Sweeting Affidavit'). In response the Koresko Parties submitted the affidavit of Jeanne Bonney, Esquire, consisting of forty (40) exhibits and over six hundred seventy five (675) pages ("Bonney Affidavit"). A hearing was held on July 17, 2009 and the application for a temporary restraining order was denied at the close of DOL's case without evidence or argument from the Koresko Parties. The Court ordered that a preliminary injunction hearing be held prior to the expiration of ninety (90) days from the date F&M was terminated as Trustee. This hearing is scheduled for September 2, 2009.

A Motion to Dismiss for Lack of Jurisdiction was filed by the Koresko Parties on July 17, 2009, and is still pending before this Court. The Koresko Parties on July 16, 2009, filed a Complaint and Petition for Injunctive Relief against DOL and numerous individuals, at 09-cv-3152.

On or about August 5, 2009 DOL sent four (4) Notices of Deposition directed to PPT, PennMont, John J. Koresko, V and Jeanne Bonney, the first two being Depositions *Duces Tecum* pursuant to Fed.R. Civ. Proc. 30(b)(6), the latter Oral Examinations. PPT was asked to produce financial, tax, customer and contractual data dating back to 2006. PennMont was asked to produce legal services and plan related documents, including participant names and addresses, without limitation of time. On August 6, 2009, DOL filed a Motion to Expedite Plaintiff's Motion for Order Setting Shorter Deadline for Defendants' Responses to Plaintiff's Document Requests. This Court denied the Motion to Expedite on August 10, 2009. On August 14, 2009,

2

the Koresko Parties moved for a Protective Order as to the Notices of Deposition and request for documents issued by DOL.

On August 18, 2009, the Court ordered the depositions to go forward with document production. The Depositions of PPT, PennMont and John Koresko have taken place. DOL indefinitely continued its deposition of Ms. Bonney

By letter dated August 24, 2009, DOL submitted to Defendants three binders of nonpublic financial information about REAL VEBA and the Single Employer Welfare Benefit Plan Trusts' transactions which includes the names of Plan Participants. Defendants have moved to exclude the introduction of such evidence at the hearing for Preliminary Injunction scheduled for September 2, 2009, as highly prejudicial to Defendants and of little probative value.

On August 26, 2009 DOL served a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action upon Jeanne Bonney. *See* Exh. 1 (Bonney Subpoena). On August 26, 2009, Mr. Koresko appeared at the United States Department of Justice, 615 Chestnut Street, Philadelphia, Pennsylvania pursuant to the Notice of Deposition issued by DOL and as required by this Court's order of August 18, 2009. At the conclusion of Mr. Koresko's deposition, counsel for DOL, Joanne Jarquin, handed Mr. Koresko a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action. *See* Exh. 2 (Koresko Subpoena). By letter dated August 26, 2009, DOL then demanded a SECOND DEPOSITION of PPT and PennMont. The Koresko Parties responded by letter to DOL. John Koresko and Jeanne Bonney ask this Court to quash the subpoenae compelling their testimony on September 2, 2009.

## II. SUMMARY OF THE ARGUMENT

The subpoenae upon John Koresko and Jeanne Bonney were improperly served; are void for patent defects; and enforcement of them would be inappropriate given the massive

3

"overdiscovery" of repetitive depositions, document production and interviews already granted by Movants. Under the Federal and Local Rules of Civil Procedure, as well as the EBSA Manual, this Court should quash the subpoenae issued on John J. Koresko, V and Jeanne Bonney.

### III.  SUMMARY OF THE LAW

A party issuing a subpoena must specify the issuing court. Failure to do so renders the subpoena defective under Federal Rules of Civil Procedure 45(a)(1)(A) and 45(a)(2)(A)[1]

---

[1] Rule 45. Subpoena

(a) In General.

(1) Form and Contents.

(A) *Requirements — In General.* Every subpoena must:

(i) **state the court from which it issued**;

(ii) state the title of the action, the court in which it is pending, and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(c) and (d).

(B) *Command to Attend a Deposition — Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate

4

Courts have found that listing the incorrect name of the issuing court on a subpoena is not a simple clerical error that may be disregarded and have held that such a subpoena is void or invalid on its face under Rule 45. *See, e.g., Monsanto Co. v. Victory Wholesale Grocers*, 2008 WL 2066449, *4 (E.D.N.Y.2008) (subpoena facially invalid); *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D.D.C.2006) (holding that the Court was unable to issue a subpoena that would require a party to produce documents in another district); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C.2002) (subpoena quashed as improper); *Echostar Commc'ns Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 397 (D.Colo.1998) (invalid); *Kremen v. Cohen*, 2007 WL 1119396 (N. Cal.2007) (holding that subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); *Products Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226,

---

subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.

(2) Issued from Which Court.

A subpoena must issue as follows:

(A) for attendance at a hearing or trial, **from the court for the district where the hearing or trial is to be held**;

(B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and

(C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

229 (D. Puerto Rico 1992) (subpoena void on its face); *Insinga v. Daimler-Chrysler Corp.*, 2008 WL 202701 (N.D.N.Y.2008) (finding a violation of Rule 45(a)(2)(C).

The Federal Rules of Civil Procedure's stated purpose is in "securing the just, speedy, and inexpensive determination of every action." *Rule 1, Federal Rules of Civil Procedure*. To that end, Rule 26(b)(1)(i) is designed to minimize redundancy in discovery and encourage attorneys to be sensitive to the comparative costs of different methods of securing information. *Cine Forty-Second Street Theatre v. Allied Artists,* 602 F.2d 1062, 1067 (2d Cir.1979). This theme is echoed in the Local Rules of the United States District Court for the Eastern District of Pennsylvania, particularly Rule 19(b) which reads:

> "(b) No attorney shall ... present to the court vexatious motions or vexatious opposition to motions or shall fail to prepare for presentation to the court ***or shall otherwise so multiply the proceedings in a case as to increase unreasonably and vexatiously the costs thereof.*** (emphasis added).

Where a subpoena is improperly served, otherwise void, based on erroneous information or inappropriate, DOL's own internal procedures disallow judicial enforcement. See EBSA Enforcement Manual, Chapter 33 §§11 (FEDPROC § 61:220). If there is noncompliance with an ERISA subpoena, the subpoena will be judicially enforced by the Regional or National Solicitor's Office unless one of the following circumstances can be established:

(1) the subpoena was improperly served;

(2) the subpoena was altered or in some other way voided;

(3) its approval and signature were based on erroneous information; or

(4) since the subpoena's approval, events have transpired or in some other way the circumstances have changed to a degree that now makes enforcement of the subpoena inappropriate.

## IV.   ARGUMENT

### A. *Incorporation of Proceedings*

In support of this Motion to Quash, Defendants incorporate by reference their Motion in Limine regarding certain evidentiary materials which DOL intends to produce on September 2, 2009, its Motion to Dismiss and supporting memoranda, the Affidavit of Jeanne D. Bonney and exhibits thereto, and the record of proceedings to date. In support of its argument that the subpoenae should be quashed, Defendants also incorporate by reference their Response to Motion for Injunction.

### B.   *Service was improper and should not be judicially enforced.*

The purported service of the subpoena upon Mr. Koresko at the conclusion of his deposition on August 26, 2009, was improper. No notice was provided to Mr. Koresko's counsel, Ellen Brotman, Esquire. With no advance warning to Counsel, DOL made it impossible for Mr. Koresko's counsel to advise and discuss the action before the subpoenae was simply handed to Mr. Koresko. *See Homenexus, Inc. v Directweb, Inc.* Not Reported in F. Supp. 2d 1999 WL 959823 (E.D.Pa. 1999). As famously stated during the Watergate proceedings, Ms. Brotman is not a potted plant. Mr. Koresko was deceived. He was compelled to attend the deposition by this Court's order dated August 18, 2009 but this did not permit the DOL to serve a subpoena upon him in order to compel his testimony on September 2, 2009.

### C.   *The Subpoenae are Patently Defective and thus Void*

The subpoenae issued by the DOL are patently defective. The caption on the first page of each subpoena is

<div style="border:1px solid black; padding:8px; display:inline-block;">

# United States District Court

for the

</div>

The Court from which the subpoena is issued is left blank. The Court should find that the subpoenae at issue in this case are facially invalid and that the court lacks jurisdiction to enforce them.

### D. *The subpoenae were issued in bad faith and for an improper purpose, a classic case of "overdiscovery" in violation of the Federal and Local Rules of Civil Procedure which makes them inappropriate.*

Finally, the subpoenae were issued in bad faith. In neither the deposition of John Koresko nor Jeanne Bonney did DOL raise the issue of PennMont's authority to fire F&M Trust. Rather, more than half the questions related to Penn Public Trust's bank account for a private, nonSEWBPT client (see Exh. 3 – Financial questions asked of Ms. Bonney also asked of Mr. Koresko.) DOL never raised the issue of authority to fire F&M Trust, which is the subject of the preliminary injunction hearing.

It is clear that by deposing both attorneys within a week of trial date, seeking extensive document production, attempting to compel a second deposition prior to hearing on September 2, 2009, and then attempting to compel testimony at trial, DOL is engaged in overkill. DOL's procedural manipulation here is designed to frustrate the Koresko Parties' ability to defend on the merits and has run rampant. This case is not one of complexity. The only real issues are whether or not PennMont has authority under the Plan and Trust documents to fire F&M and retain another, or no Trustee. Under ERISA this death benefit plan, which is fully insured, does

not require a trustee. ERISA § 403(a).[2] DOL has no authority to require one, and PennMont, as administrator, apparently has the discretion under the trust documents as to whether or not to appoint one. Notwithstanding the simplicity of this issue, plaintiff's counsel has completely ignored the rules that apply to them.

The reasons to quash the subpoenae are legitimate and plentiful. DOL has already deposed John Koresko and Jeanne Bonney. Moreover, Jeanne Bonney has been questioned at length over the last five years on several occasions in DOL's offices, and a transcript provided. In violation of Fed.R.Civ. Proc. 26(b)(1)(i), DOL has totally failed to reduce repetitiveness and think through their discovery activities in advance so that full utilization could be made of each document request, deposition or interview of Attorney Bonney. They have in short, used discovery to wage a war of attrition as a device to coerce the Defendants. This Court should not indulge the "deliberate tactical intransigence ... responsible for the interminable delays and costs that plague ... law suits ... the detriment of both opponent and non-opponent litigants." *Cine Forty-Second Street Theatre v. Allied Artists,* 602 F.2d 1062, 1067 (2d Cir.1979). DOL's overdiscovery is obvious and should not be permitted to continue. *See Roberts v. Lyons,* 131 F.R.D. (E.D.Pa. 1990).

---

[2] 29 USC Sec. 1103....(a)...   Except as provided in subsection (b) of this section, all assets of an employee benefit plan shall be held in trust by one or more trustees. Such trustee or trustees shall be either named in the trust instrument or in the plan instrument described in section 1102(a) of this title or appointed by a person who is a named fiduciary, and upon acceptance of being named or appointed, the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan, ...

(b)...   The requirements of subsection (a) of this section shall not apply--

   (1) to any assets of a plan which consist of insurance contracts or policies issued by an insurance company qualified to do business in a State;

   (2) to any assets of such an insurance company or any assets of a plan which are held by such an insurance company; ...

9

### E. *This Court Specifically Ordered that Discovery be Necessary and Not Harassing*

The extent of discovery was expressly limited by this Court. When this Court flatly denied DOL's Emergency Motion for a Temporary Restraining Order and ordered further hearing on DOL's request for a Permanent Injunction it expressly stated its purpose was to "give everyone a full opportunity to present the evidence to the Court for the Court to make a decision." See Transcript 7/17/09 p. 122 L 3-6. The Court qualified the nature of any discovery, stating it "**could allow for any discovery that's absolutely necessary – not of harassment nature, because the filings here are already voluminous.**" *Id.* at L 1-3. DOL's multitudinous discovery requests make these subpoenae in direct conflict with this Court's directive.

### V. Conclusion

Based upon the foregoing the subpoenae upon John J. Koresko, V and Jeanne Bonney were improperly served; are void for patent defects; and enforcement of them would be inappropriate given the massive "overdiscovery" of repetitive depositions, document production and interviews already granted by Movants. Under the Federal and Local Rules of Civil Procedure, as well as the EBSA Manual, this Court should quash the subpoenae issued on John J. Koresko, V and Jeanne Bonney.

Respectfully submitted,

_____
John J. Koresko, V

August 31, 2009

# In the United States District Court
# For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. KORESKO, V, et al.,<br><br>Defendants | Civil Action No. 2:09-cv-00988 |

## ORDER GRANTING MOTION TO QUASH

AND NOW, this _____ day of _____ 2009, in consideration of the Motion to Quash Subpoenae of Defendants John Koresko and Jeanne Bonney, and after considering any response thereto, and it appearing that due cause exists for the relief requested, it is

ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED; and

ORDERED that the Department of Labor may not seek to enforce its subpoena issued on John Koresko and Jeanne Bonney to appear and testify at the hearing scheduled for September 2, 2009; and

ORDERED that this Order shall be served by the aforesaid Defendants upon the Department of Labor's Counsel by facsimile within 24 hours of receipt.

BY THE COURT

_____
C. Darnell Jones, USDJ

## CERTIFICATE OF SERVICE

I hereby certify that at my direction a true and correct copy of Defendants' Motion to Quash Subpoenae was served this date, via ECF, upon the following:

JOAN ROLLER, ESQ.
LINDA HENRY, ESQ.
JOANNE JARQUIN, ESQ.
The Curtis Center, Suite 630 East
170 S. Independence Mall West
Philadelphia, PA  19106-3317

TIMOTHY J. NIEMAN, ESQ.
STEPHEN MONIAK, ESQ.
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA  17101

John J. Koresko, V, Esq.

August 31, 2009