# In the United States District Court
# For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor, <br><br>Plaintiff, <br><br>v. <br><br>JOHN J. KORESKO, V, et al., <br><br>Defendants | Civil Action No. 2:09-cv-00988 |

## Defendants' PennMont Benefit Services, Inc. and Penn Public Trust

## MOTION FOR PROTECTIVE ORDER

Defendants file this Motion for Protective Order seeking consideration on an expedited basis, and for compelling reasons ask this Honorable Court to bar DOL from compelling a second deposition of Penn Public Trust and PennMont Benefit Services, or seeking sanctions for failure to appear, prior to the hearing for Preliminary Injunction scheduled for September 2, 2009.

Respectfully submitted,

_____

John J. Koresko, V

August 31, 2009

1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hilda L. Solis, Secretary : | |
| United States Department of Labor : | CIVIL ACTION |
| : | NO. |
| : | 09-cv-00988 |
| : | |
| v. : | |
| : | |
| John J. Koresko, et al. : | |

**Defendants' PennMont Benefit Services, Inc. and Penn Public Trust**

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

# I. PROCEDURAL BACKGROUND

On March 6, 2009, Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("DOL"), filed suit against various Defendants claiming violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants John J. Koresko, V, Jeanne Bonney, PennMont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.C., Penn Public Trust, Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust and Single Employer Welfare Benefit Plan Trust ("the Koresko Parties") on March 12, 2009 filed an Emergency Motion to Place Case under Seal and for other Equitable Relief as well as an Emergency Motion for Temporary Restraining Order and Other Preliminary and Permanent Injunctive Relief. After hearing on March 12, 2009, and further briefings, the Court denied both motions on March 31, 2009. After rejection of their Motion for Reconsideration the Koresko Parties timely appealed to the Third Circuit Court of Appeals on April 21, 2009, at 09-2192.

In a related matter, the Koresko Parties have on Appeal in the Third Circuit the DOL subpoena enforcement Orders of Judge McLaughlin, at 09-1142 and 09-2191. The enforcement action is against Penn Public Trust ("PPT") and PennMont Benefit Services, Inc. ("PennMont"), among other entities and individuals, and includes DOL's request for PPT financial information and PennMont client identification. The Koresko Parties also appealed Judge McLaughlin's denial of their motion to find DOL in contempt for bringing the instant action against them.

On July 6, 2009, PennMont, by its attorney John Koresko, removed as Trustee of the Single Employer Welfare Benefit Plan Trust ("SEWBPT) the Defendant Farmers and Merchants Trust Company of Chambersburg ("F&M") (successor by merger to Community Trust Company ("CTC")). DOL then applied for a Temporary Restraining Order and Preliminary Injunction to maintain F&M as Trustee, enjoin payment of certain Trust expenses, and compel production of documents. In support of its application DOL submitted thirteen (13) exhibits consisting of 200 pages, including an affidavit of its investigator Jocelyn Diaz-Sweeting ("Sweeting Affidavit'). In response the Koresko Parties submitted the affidavit of Jeanne Bonney, Esquire, consisting of forty (40) exhibits and over six hundred seventy five (675) pages ("Bonney Affidavit"). A hearing was held on July 17, 2009 and the application for a temporary restraining order was denied at the close of DOL's case without evidence or argument from the Koresko Parties. The Court ordered that a preliminary injunction hearing be held prior to the expiration of ninety (90) days from the date F&M was terminated as Trustee. This hearing is scheduled for September 2, 2009.

A Motion to Dismiss for Lack of Jurisdiction was filed by the Koresko Parties on July 17, 2009, and is still pending before this Court. The Koresko Parties on July 16, 2009, filed a Complaint and Petition for Injunctive Relief against DOL and numerous individuals, at 09-cv-3152.

On or about August 5, 2009 DOL sent four (4) Notices of Deposition directed to PPT, PennMont, John J. Koresko, V and Jeanne Bonney, the first two being Depositions *Duces Tecum* pursuant to Fed.R. Civ. Proc. 30(b)(6), the latter Oral Examinations. PPT was asked to produce financial, tax, customer and contractual data dating back to 2006. PennMont was asked to produce legal services and plan related documents, including participant names and addresses, without limitation of time. On August 6, 2009, DOL filed a Motion to Expedite Plaintiff's Motion for Order Setting Shorter Deadline for Defendants' Responses to Plaintiff's Document Requests. This Court denied the Motion to Expedite on August 10, 2009. On August 14, 2009, the Koresko Parties moved for a Protective Order as to the Notices of Deposition and request for documents issued by DOL.

On August 18, 2009, the Court ordered the depositions to go forward with document production. The Depositions of PPT, PennMont and John Koresko have taken place. DOL indefinitely continued its deposition of Ms. Bonney

By letter dated August 24, 2009, DOL submitted to Defendants three binders of nonpublic financial information about REAL VEBA and the Single Employer Welfare Benefit Plan Trusts' transactions which includes the names of Plan Participants. Defendants moved to exclude the introduction of such evidence at the hearing for Preliminary Injunction scheduled for September 2, 2009, as highly prejudicial to

Defendants and of little probative value. On August 31, 2009, the motion was granted in part and denied in part, resulting in DOL being required to redact all personal identifying information of plan participants.

On August 26, 2009 DOL served a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action upon John Koresko and Jeanne Bonney. John Koresko and Jeanne Bonney have asked this Court to quash these subpoenae.

By letter dated August 26, 2009, DOL then demanded a SECOND DEPOSITION of PPT and PennMont for August 31, 2009. The Koresko Parties responded by letter to DOL and here seek a Protection Order should DOL move to compel or seek sanctions against them.

## II. SUMMARY OF THE ARGUMENT

The request to re-depose Penn Public Trust and PennMont on the eve of hearing is simply an effort to burden the Koresko Parties' Counsel. DOL had its opportunity to ask questions relevant to the Preliminary Injunction when PPT and PennMont were first deposed. Instead, DOL asked more questions about PPT's bank accounts and certain checks than any other topic, a complete waste of time. Enforcement of DOL's deposition request would be inappropriate given the massive "overdiscovery" already conducted by DOL, including document production requests and interviews already granted by Movants. Under the Federal and Local Rules of Civil Procedure, as well as the EBSA Manual, this Court should bar any further deposition testimony by Penn Public Trust or PennMont until the jurisdictional predicate to this matter, including the Motion to Dismiss, is resolved.

## III.  STATEMENT OF THE CASE

The issues of DOL's investigational jurisdiction under ERISA §504 and standing to bring suit under ERISA §502 have not been resolved and are the subject of a pending Motion to Dismiss and three related Third Circuit appeals.  DOL seeks depositions not absolutely necessary for the September 2, 2009 preliminary injunction hearing.  What is at issue is not whether the Koresko Parties have more deposition testimony or documents to produce – but whether DOL has the right to question what the Plan and Trust documents already say – legal services are permitted. When this Court flatly denied DOL's Emergency Motion for a Temporary Restraining Order and ordered further hearing on DOL's request for a Permanent Injunction it expressly stated its purpose was to "give everyone a full opportunity to present the evidence to the Court for the Court to make a decision." *See* Exh 1 (7/17/09 Tr., p. 122 L 3-6).  The Court qualified the nature of any discovery, stating it "**could allow for any discovery that's absolutely necessary – not of harassment nature, because the filings here are already voluminous**." *Id*. at L 1-3.  DOL's post-defeat discovery request is in direct conflict with this Court's directive.  This request for re-deposition should be rejected not only because it is completely unnecessary to the Secretary's preliminary injunction motion, but because it constitutes obvious harassment.  **DOL already has all that is needed – the Plan and Trust documents.**  DOL's request further fails as it does not comport with Fed.R.Civ.Proc. at Rules 26 and 30.   As a result, a Protective Order should issue.

## IV. STANDARD FOR PROTECTIVE ORDER

The Third Circuit recently cited factors to consider in the determination of whether to grant a protective order. *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir.2005). These factors include:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.

## V. ARGUMENT

### A. Incorporation of Proceedings

In support of this Motion for Protection Order, Defendants incorporate by reference their prior Motion for Protective Order, their Motion to Dismiss and supporting memoranda, the Affidavit of Jeanne D. Bonney and exhibits thereto, and the record of proceedings to date. In support of its argument that DOL should be barred from compelling deposition or seeking sanctions for failure to appear, Defendants also incorporate by reference their Response to Motion for Injunction.

DOL's request for re-deposition is attached hereto as Exh 1. Mr. Koresko's reply is attached at Exh 2. Third, at Exh 3 Movants provide the questions asked of PPT at the deposition taken on August 19, 2009. Mores questions were asked about PPT's bank accounts and particular checks than any other topic.

First, there is a significant "business" privacy interest that would affect the Koresko Parties if testimony concerning PPT's finances and PennMont's client names/addresses is required. *See Century Indem. Co. v. Certain Underwriters at Lloyds, London*, 592 F. Supp. 2d 825 (EDPA 2009)(businesses have a privacy interest) and *Ray Marshall, Secretary of Labor v. Barlow's, Inc.*, 436 U.S. 307, 98 S. Ct 1816 (U.S. Idaho 1978)(business privacy interest is protected under the Fourth Amendment and federal privacy laws). Second, as set forth below, the purpose for denying deposition testimony is legitimate. The information DOL seeks is not relevant to the preliminary injunction hearing. The Parties are embroiled in multiple lawsuits and appeals and this Court has before it a Motion to Dismiss. The Koresko Parties have already been attacked and embarrassed in other venues, including most recently a commercial arbitration in which DOL's publications were entered into evidence by the Koreskos' adversaries and used in an attempt to impeach John Koresko. As this Court has been apprised, further disclosure by the Koresko Parties is highly likely to end up on DOL's website, casting the Koresko Parties in an untrue light. Fourth, public health and safety issues are not implicated here. Fifth, there is NOTHING to be gained by DOL re-deposing PPT and PennMont for the purposes of the preliminary injunction hearing. Deposition at this juncture is unfair, unnecessary and certainly not efficient. The preliminary injunction hearing is itself an evidentiary hearing, such that the discovery sought is redundant. The fact that DOL is a

public entity weighs in favor of protecting the Koresko Parties. Finally, determination of DOL's jurisdiction and standing to sue prior to mandating discovery against the Koresko Parties will promote public confidence in the Court's prevention of undue governmental intervention in private citizen's business affairs and identities; a sound public policy objective.

There is no emergency stated by DOL. And there is no exigency for which the DOL should be permitted to call for another deposition prior to trial. It is impossible for DOL to make any showing that any deposition at this point would lead to evidence relevant to an ERISA violation, because DOL cannot make a threshold showing that ERISA could apply to this matter – now, in the past, or in the future.

DOL employee Sweeting admitted on the witness stand that she began her investigation in March 2006. Under ERISA, the applicable statute of limitations is three years. Since DOL appears to have blown the statute of limitations, it could not survive a motion for judgment on the pleadings. The Court can take judicial notice of the records of the last 4 years. It is a little late in the day for DOL to come to court, whether on a statutory theory or under the equitable doctrine of laches.

In sum, there are no grounds for further deposition.

## VI. CONCLUSION

For the above reasons, the Koresko Parties believe that a Protective Order should issue barring re-deposition of PPT or PennMont or the imposition of any sanctions for failure to appeal related thereto.

Respectfully submitted,

_____

John J. Koresko, V

CERTIFICATE OF SERVICE

I hereby certify that at my direction a true and correct copy of the DEFENDANTS' PENN PUBLIC TRUST AND PENNMONT BENEFIT SERVICES, INC. MOTION FOR PROTECTIVE ORDER was served this date, via ECF, as follows:

JOAN ROLLER, ESQ.
LINDA HENRY, ESQ.
JOANNE JARQUIN, ESQ.
The Curtis Center, Suite 630 East
170 S. Independence Mall West
Philadelphia, PA 19106-3317

TIMOTHY J. NIEMAN
STEPHEN MONIAK
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA 17101

John J. Koresko, V, Esq.

August 31, 2009

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Hilda L. Solis, Secretary | : | |
| United States Department of Labor | : | CIVIL ACTION |
| | : | NO. |
| | : | 09-cv-00988 |
| | : | |
| v. | : | |
| | : | |
| John J. Koresko, et al. | : | |

## ORDER

AND NOW, this _____ day of August, 2009, after having reviewed and considered Defendants' Penn Public Trust and PennMont Benefit Services, Inc. Motion for Protective Order, and any response thereto, it is hereby ORDERED that said Motion is GRANTED. Defendants' Penn Public Trust and PennMont Benefit Services, Inc. are not required to appear for Deposition prior to the Preliminary Injunction Hearing scheduled for September 2, 2009; and further

ORDERED that the Defendants' Penn Public Trust and PennMont Benefit Services, Inc. shall transmit this Order to the Department of Labor by facsimile within one hour of receipt.

BY THE COURT:

_____
**C. Darnell Jones II**