IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA L. SOLIS, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

JOHN J. KORESKO, V, et al.,

    Defendants.

CIVIL ACTION No.
2:09-cv-00988

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOHN J. KORESKO V AND JEANNE BONNEY MOTION TO QUASH SUBPOENAE

Plaintiff, Secretary of Labor, U.S. Department of Labor, through her undersigned counsel, hereby opposes "Defendants' John J. Koresko V and Jeanne Bonney Motion to Quash Subpoenae," filed on August 31, 2009. Defendants' legal arguments, which are addressed herein, are without merit. Accordingly, defendants' motion should be denied.

### I. Facts

On August 26, 2009, defendant Jeanne Bonney was personally served a subpoena commanding her appearance and testimony at the September 2, 2009 hearing before this Court. On August 25, 2009, defendant John J. Koresko, V, was personally served a subpoena commanding his appearance at the same hearing at the conclusion of his deposition by plaintiff's counsel in Philadelphia. [See Exhibits 1 and 2 to defendants' motion; Affidavits of Service filed by plaintiff on September 1, 2009 (Docket Nos. 103 and 104).]

### II. Argument

A.    <u>The Subpoena Naming John Koresko was Properly Served.</u>

Defendants contend that the service of the subpoena on John Koresko at the conclusion of

his August 25, 2009 deposition was improper. The sole basis for defendants' claim of improper service is that Mr. Koresko's counsel was unable "to advise and discuss the action before the subpoenae was simply handed to Mr. Koresko."[1] [Memorandum of Law in Support of Defendants' John J. Koresko V and Jeanne Bonney Motion to Quash Subpoenae ("Def. Mem.") at 7.] Defendants cite one case in support of their claim, Homenexus, Inc. v. Directweb, Inc., No. 99-CV-2316, 1999 Westlaw 959823 (E.D. Pa. Oct. 14, 1999). In Homenexus, the court denied the plaintiff's motion to dismiss a defendant's counterclaim that alleged that the plaintiff tortiously interfered with the defendant's business relations. The defendant claimed, in part, that plaintiff's service of subpoenas on the defendant soon after filing suit "made it impossible for the defendant to 'advise and discuss the action with its investors in advance of their receiving subpoenas.'" Id. at *7. The court did not find service of the subpoenas to be improper in any way. Homenexus provides no support for defendants' claim of improper service.

Rather, service under Fed. R. Civ. P. 45(b)(1) and (2) is proper if a person who is at least 18 years old and is not a party delivers a copy of the subpoena to the named person within the district of the issuing court. Mr. Koresko was served in accordance with this rule and service, therefore, was proper.

B.   The Subpoenas Comply With Fed. R. Civ. P. 45(a)(1)(A)

Defendants further contend that the subpoenas served on Mr. Koresko and Ms. Bonney are defective because the caption on the first pages of the subpoenas does not indicate the court issuing the subpoenas. [Def. Mem. at 7-8.] Defendants misinterpret Federal Rule 45(a)(1)(A)'s requirements, which are, in pertinent part, that a subpoena must "state the court from which it issued" and "state the title of the action, the court in which it is pending, and its civil-action

---

[1] This statement, using the Latin plural of "subpoena," implies that Mr. Koresko was served with more than one subpoena at his deposition. In fact, he was served only with the subpoena addressed to him.

2

number." Plaintiff obtained the subpoenas that were served on defendants directly from this Court. While defendants are correct that the subpoenas' captions inadvertently do not refer to the "Eastern District of Pennsylvania," there is no requirement that the <u>caption</u> state the court from which the subpoena is issued. Indeed, the subpoenas served on defendants Koresko and Bonney were signed by the Clerk of this Court, Michael Kunz, and bear the seal reflecting and stating the name of this Court. Defendants' argument that the subpoenas are defective, therefore, is itself flawed because the subpoenas do state the court from which they issued, a fact well-known to defendants Koresko and Bonney.

The seven cases that defendants appear to cite in support of their assertion that the subpoenas are defective (Def. Mem. at 5-6) all address Federal Rule 45(a)(2)(A) and (C)'s requirement that a subpoena be issued from the court where the hearing is to be held or for the district where the document production is to be made. Defendants do not dispute that both the subpoenas here were issued by this Court commanding defendants' appearance at the September 2nd hearing before this Court. As such, these cases are inapposite.

Because the subpoenas served on defendants Koresko and Bonney state the court where this action is pending and were issued by this Court, the subpoenas fully comply with the requirements of Federal Rule 45(a)(1)(A). Defendants' arguments to the contrary are without merit.

C. <u>The Subpoenas Were Not Issued in Furtherance of Discovery.</u>

Defendants contend that the subpoenas are part of plaintiff's purportedly repetitive and unnecessary discovery, in violation of Federal Rule 26. [Def. Mem. at 8-10.] Defendants, again, are incorrect. The subpoenas were issued and served to command defendants' appearance at the upcoming preliminary injunction hearing, not in furtherance of discovery under Federal Rule 26.

3

## III. Conclusion

For all the foregoing reasons, plaintiff respectfully requests that the Court deny Defendants' John J. Koresko V and Jeanne Bonney Motion to Quash Subpoenae.

Respectfully submitted,

Post Office Address:

Carol A. De Deo
Deputy Solicitor for National Operations

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5134
(215) 861-5162 (fax)

Catherine Oliver Murphy
Regional Solicitor

/s/ *Linda M. Henry*
Joan M. Roller
Linda M. Henry
Joanne Jarquin

Attorneys for Plaintiff
U.S. DEPARTMENT OF LABOR