## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA L. SOLIS, SECRETARY OF LABOR,    :
UNITED STATES DEPARTMENT OF LABOR,    :
                                       :    Civil Action
    Plaintiff,                         :
                                       :    No. 09-988
    v.                                 :
                                       :
JOHN J. KORESKO, V, JEANNE BONNEY,     :
PENN-MONT BENEFIT SERVICES, INC.,      :
KORESKO & ASSOCIATES, P.C., KORESKO    :
LAW FIRM, P.C., COMMUNITY TRUST        :
COMPANY, PENN PUBLIC TRUST,            :
REGIONAL EMPLOYERS ASSURANCE           :
LEAGUES VOLUNTARY EMPLOYEES'           :
BENEFICIARY ASSOCIATION TRUST, and     :
SINGLE EMPLOYER WELFARE BENEFIT        :
PLAN TRUST,                            :
                                       :
    Defendants.                        :

## <u>ORDER</u>

AND NOW, this 30th day of September, 2009, it is hereby ORDERED as follows:

1.     The Koresko Defendants' Motion for a Directed Judgment, made orally on the record on September 9, 2009, is DENIED.

2.     The hearing on Plaintiff's Application for a Preliminary Injunction shall resume on Tuesday, <u>October 6, 2009,</u> at <u>10:00 a.m.</u> in Courtroom 17A, commencing with the Koresko Defendants' presentation of evidence. The hearing shall continue at 10:00 a.m. each day thereafter, as necessary.

3.     PennMont's discharge of F&M as Trustee to the REAL VEBA and SEWBP Trusts is STAYED until this Court issues its ruling on Plaintiff's

Application for a Preliminary Injunction. Therefore, F&M Trust shall continue its duties as Trustee for the REAL VEBA Trust and the SEWBP Trust and shall not transfer Trust assets to Penn Public Trust absent further Order of this Court. This Stay Order does not imply that the Court is poised to rule a certain way on Plaintiff's Preliminary Injunction Motion. Rather, the Stay Order is intended to preserve the status quo while the Court considers all the evidence relevant to the Preliminary Injunction Motion.

4.    No later than Monday, October 5, 2009, at 12:00 p.m., the Parties shall file Proposed Findings of Fact and Conclusions of Law relevant to the issues raised during the preliminary injunction proceedings. These issues include the following:

a.    The validity of the March 1, 2007, REAL VEBA Plan and Trust Amendment ("Legal Services Amendment"). (See Koresko Defs.' Ex. 12.)

b.    Whether a legal services amendment was necessary to include a legal services benefit in the REAL VEBA Plan.

c.    Whether the Single Employer Welfare Benefit Plan ("SEWBP") and/or the associated Trust ("SEWBP Trust") were amended to provide a legal services benefit.

d.    The status of and relationship between the REAL VEBA Trust and the SEWBP Trust.

e.    The validity of the July 29, 2009, Amendment of Trust and Incorporated Plan Documents ("July 2009 Amendment"). (See

F&M's Ex. 3.)[1]

f.      Whether any non-owner employees ("NOEs") are current participants in the benefit plans at issue in this case ("the Subject Plans").[2]  (See, Compl., Ex. A.)

g.      Whether the Subject Plans are covered by ERISA.

h.      Whether the REAL VEBA Plan is covered by ERISA.

i.      Whether the REAL VEBA Trust is covered by ERISA, in whole or in part.

j.      Whether the SEWBP Plan is covered by ERISA.

k.      Whether the SEWBP Trust is covered by ERISA, in whole or in part.

l.      In which Trust were Subject Plan contributions deposited.

m.      Whether the Subject Plans have assets.

n.      In which Trust are Subject Plan assets or contributions currently located.

o.      Whether any NOE has a present interest in any Subject Plan assets or contributions.[3]

p.      Whether any NOE has a vested interest in Subject Plan benefits.

q.      Any prohibited transaction(s) related to the Subject Plans, the REAL VEBA Plan or Trust, and the SEWBP Plan or Trust.

r.      Any breach(es) of fiduciary duty related to the Subject Plans, the REAL VEBA Plan or Trust, and the SEWBP Plan or Trust.

s.      The authority of this Court to enjoin the PennMont's choice of Trustee for the REAL VEBA Trust and/or the SEWBP Trust.

---

[1] The July 2009 Amendment purports to amend both the REAL VEBA Trust and the SEWBP Trust.

[2] If necessary, the Parties shall address this issue in light of the July 2009 Amendment.

[3] If necessary, the Parties shall address this issue in light of the July 2009 Amendment.

All proposed conclusions of law shall include case citations.  All proposed findings of fact shall include specific references (*e.g.*, transcript date and page, exhibit number and relevant page/section, etc.) to evidence presented in this matter.

5.    At the commencement of the proceedings on October 6, 2009, each Party shall submit to the Court an electronic courtesy copy of its Proposed Findings of Fact and Conclusions of Law on computer diskette or cd-rom in Corel WordPerfect or Microsoft Word format.

BY THE COURT:

S/ C. Darnell Jones II
_____
                                     J.