UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　-v.-<br><br>JOHN J. KORESKO, V, *et al.*<br><br>　　　　　　　　　Defendants. | Civil Action No.: 2:09-cv-00988(CDJ) |

_____

**MEMORANDUM OF LAW IN OPPOSITION TO KORESKO DEFENDANTS' MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST TD BANK, N.A., AND TO SEAL VOLUME TWO OF THE EXHIBITS**
_____

## PRELIMINARY STATEMENT

Defendant John J. Koresko V ("Koresko") and/or entities controlled by him (the "Koresko Entities" and, with Koresko, the "Koresko Defendants") administer employee benefit trusts entitled Single Employer Welfare Benefit Plan Trust ("SEWBP Trust") and Regional Employers Assurance Leagues Voluntary Employees' Benefit Association Health and Welfare Benefit Plan ("REAL VEBA" and, with SDEWBP Trust, the "Trusts"). Defendant Farmers & Merchants Trust Company of Chambersburg, successor by merger to Community Trust Company ("Farmers & Merchants") is Trustee of the Trusts.

Koresko has purported to terminate Farmers & Merchants as Trustee, to be replaced by one of the Koresko Entities, Penn Public Trust ("PPT"). However, the United States Department of Labor has filed this action, seeking to disqualify the Koresko Defendants from acting in any role as ERISA fiduciaries for the Trusts or otherwise, based upon alleged self-dealing and other grounds. By subsequent Order of this Court, Koresko's termination of Farmers & Merchants was suspended and the transfer of assets of the Trusts to PPT was enjoined and prohibited.

TD Bank, N.A. ("TD Bank") has filed a Motion (the "Intervention Motion") seeking to intervene in this action, so as to interplead funds (the "Interpleaded Funds") which are property of the Trusts, which had been on deposit at TD Bank, and which Koresko attempted to wire transfer to accounts in his own name at ING Direct.

The Koresko Defendants have now filed an Emergency Motion for denial of the Interpleader Motion, and for entry of an Order directing the immediate turnover of the Interpleaded Funds to them. However, the Koresko Defendants' own papers demonstrate that the interpleader relief sought by TD Bank is necessary and proper. Accordingly, the Koresko Defendants' motion should be denied, and the Intervention Motion should be granted.

## STATEMENT OF FACTS

### The Action Commenced by the Department of Labor

This action concerns the Single Employer Welfare Benefit Plan Trust ("SEWBP Trust") and the Regional Employers Assurance Leagues Voluntary Employees' Benefit Association Health and Welfare Benefit Plan ("REAL VEBA" and, with the SDEWBP Trust, the "Trusts"). The Trusts are employee benefit trusts administered by Koresko and/or the Koresko Entities.

The Secretary of Labor, United States Department of Labor ("DOL") commenced this action by filing a Complaint [DE 1] ("DOL Complaint") on or about March 6, 2009. The DOL alleges that the Koresko Defendants have engaged in self-dealing with respect to assets of the Trusts. DOL Complaint, ¶¶ 7-39. As set forth in the DOL Complaint, the wrongful conduct by the Koresko Defendants includes self-dealing in connection with life insurance policies purchased by the Trusts on the lives of individual participants, for the purpose of funding those participants' death benefits under the plans. Id. at ¶¶ 25-32. Among other things, the DOL alleges that the Koresko Defendants have diverted interest on funds advanced to the Trusts on behalf of participants in order to pay the insurance premiums, and have diverted death benefits paid on the insurance policies. Id. The DOL demands judgment, *inter alia,* removing the Koresko Defendants as fiduciaries of the Trusts, and disqualifying them from serving as fiduciaries of any ERISA trust hereafter. Id. at pp. 19-21.

### Koresko's Attempt to Terminate the Trustee of the Trusts

Defendant Farmers & Merchants has served as Trustee of the Trusts, pursuant to instruments executed in relation thereto. By notice dated July 6, 2009 and effective as of the close of business on October 5, 2009, Koresko purported to terminate Farmers & Merchants as

2

Trustee of the Trusts, to be replaced by defendant PPT. See Stipulation of Parties filed July 21, 2009 [DE 73]. Farmers & Merchants nevertheless continues to serve as Trustee of the Trusts, pursuant to an Order of this Court entered in this action on September 30, 2009 [DE 133], which suspended Koresko's termination notice and further enjoined the transfer of Trust assets to PPT.

**TD Bank's Interpleader Claims**

The funds that TD Bank seeks to interplead (the "Interpleaded Funds") are property of the Trusts, the lawful and proper disposition of which is rendered unclear by virtue of the allegations of the Secretary in the DOL Complaint, Koresko's disputed termination of Farmers & Merchants as Trustee of the Trusts, and the Order of this Court staying such termination.

The Interpleaded Funds consist of (i) the proceeds of checks drawn in favor of the Trusts, thereafter endorsed by Koresko and deposited by him into an account in the name of "John Koresko Esquire" at TD Bank (the "Esquire Account"), which Koresko thereafter attempted to disburse by means of ACH transfers (the "Transfers") totaling $25 million (the "Total Sum Transferred"), which sum has been placed by TD Bank in escrow; and (ii) the sum of $8,987,407.10 as of October 15, 2009 (the "Frozen Sum"), comprising the remaining balance of the Esquire Account following the Transfers, which sum remains "frozen" in the Esquire Account. Declaration of Patrick J. Owens, III dated October 28, 2009 [DE 146-4] ("Owens Dec."), ¶¶ 17-18, 24-25.

**Koresko's State Court Action**

On October 28, 2009, defendants John J. Koresko, V, PennMont Benefit Services, Inc., Koresko & Associates, PC, and PPT (collectively, the "Koresko Plaintiffs") filed a separate "Petition for Declaratory Judgment, Turnover of Fiduciary Property, and Other Legal and

3

Equitable Relief" in the Pennsylvania Court of Common Pleas, Montgomery County (the "State Court Action"). The Koresko Plaintiffs concurrently filed with the state court their "Petition for Emergency Special and Preliminary Injunctions" and "Petition for Ex Parte Special Mandatory Injunction for Limited Discovery Against ING Bank, FSB in Support of Petitions for Emergency Special and Preliminary Injunctions" (collectively, the "State Court Motions"). Declaration of Tod S. Chasin, Esq. in Opposition to Koresko Defendants' Motion for Emergency Temporary Restraining Order and Preliminary Injunction Against TD Bank, N.A., and to Seal Volume Two of the Exhibits, dated November 10, 2009 (submitted herewith) ("Chasin Dec."), ¶ 3. By their State Court Actions and State Court Motions, the Koresko Plaintiffs demanded *inter alia* the immediate turnover of the Interpleaded Funds, just as they demand here. Id., ¶ 7.

At 2:30 p.m. on October 28, 2009, the Court of Common Pleas (Hon. Maurino J. Rossanese, J.) conducted an emergent hearing on the State Court Motions filed by the Koresko Plaintiffs. At the close of the hearing, the court denied the State Court Motions in their entirety. Chasin Dec., ¶ 4.

On November 3, 2009 TD Bank filed a Notice of Removal in this Court, effecting the removal of the State Court Action pursuant to 28 U.S.C. § 1441. The removed State Court Action was docketed in this Court at Civ. Act. No. 09cv5054, and assigned to the Hon. C. Darnell Jones, II, U.S.D.J. On November 4, 2009, TD Bank filed in the Court of Common Pleas, Montgomery County, a Praecipe for Removal to District Court, thereby completing the removal of the State Court Action in accordance with 28 U.S.C. § 1446(d).   Chasin Dec., ¶¶ 9, 10.

**The Good Faith Actions of TD Bank in the Face of Conflicting Claims**

TD Bank has acted in good faith, in the face of conflicting claims to the Interpleaded Funds. By letter dated October 30, 2009, Farmers & Merchants demanded that TD Bank turn

over the Interpleaded Funds.  Chasin Dec., ¶ 5.  As outlined supra, the Koresko Defendants have made repeated demands for the Interpleaded Funds, conflicting with that made by Farmers & Merchants.  Meanwhile, the DOL has alleged that that the Koresko Defendants have engaged in varied and repeated acts of self-dealing with respect to assets of the Trusts.  DOL Complaint, ¶¶ 7-39.  After having been placed on notice of those allegations, TD Bank learned that Koresko had wire-transferred $25 million in Trust funds from an account at TD Bank to accounts established in Koresko's own name at ING Direct.  Owens Dec., ¶ 18.  By letter dated October 20, 2009, TD Bank informed Koresko that ING Direct had arranged to return those transferred funds, and that TD Bank had "frozen" all of the funds passing through the account at TD Bank in question.  Id. at ¶ 25.  TD Bank requested that Koresko provide information necessary to establish the propriety of these transfers; Koresko failed and refused to comply.  Id. at ¶¶ 25-26.  When Koresko instead commenced his State Court Action, TD Bank immediately filed its Intervention Motion, that same day.  In declining to disburse the Interpleaded Funds, and in seeking interpleader relief in this Court, TD Bank has acted diligently and in good faith.

* * *

TD Bank itself asserts no claim or interest in the Interpleaded Funds.  Rather, TD Bank seeks to transfer the Interpleaded Funds to Farmers & Merchants as the present Trustee of the Trusts in accordance with the Order of this Court, or to such other entity as may be directed by the Court.  In view of the conflicting demands to the Interpleaded Funds, the relief sought by TD Bank is necessary and proper.   The Koresko Defendants' Injunction Motion should therefore be denied.

# I.

## THE INTERPLEADER RELIEF SOUGHT BY TD BANK IS NECESSARY AND PROPER, AND THEREFORE THE KORESKO DEFENDANTS' INJUNCTION MOTION SHOULD BE DENIED

The primacy of the interpleader remedy in cases of conflicting claims to a common fund is well settled. The explanation of one leading commentator merits quotation at length:

> Interpleader flourished as an equitable remedy to protect a stakeholder from having to defend against multiple suits and from the risk of multiple liability or inconsistent obligations when several claimants assert rights to a single stake. Thus, a many-sided dispute can be resolved economically and expeditiously in a single proceeding, and the stakeholder can be relieved from the obligation of determining who has the rightful claim to the money or property. In addition, the stakeholder avoids possible multiple liability resulting from inconsistent judgments for different claimants in different suits. Even if multiple liability is unlikely, both the stakeholder and the judicial system avoid the expense and delay of multiple litigation. Conflicting claimants to the stake also may benefit from interpleader, since all conflicting claims are resolved in a single action and a limited fund can be distributed equitably. Furthermore, interpleader frequently eliminates the need to find and execute on the debtor's assets. The contested stake generally will be on deposit with the court.
>
> Most claimants to a stake would prefer to sue alone, without joining other claimants. Such a litigation structure would guaranty the individual claimant 'center stage' in the litigation, permitting a claimant to present its case free from those of conflicting claimants. But this type of structure is inefficient; it wastes increasingly scarce judicial resources by ensuring serial litigation by different claimants to one stake. It also subjects the stakeholder to the expense of multiple litigation and, more seriously, threat of inconsistent adjudications regarding ownership of the stake. As a general matter, the adversary system honors plaintiff autonomy in structuring litigation; there is a sense that plaintiffs should be able to decide when, where, and whom to sue. Reflecting this value, the permissive party joinder rule, Rule 20(a), allows the plaintiff to join as many, or as few, proper parties as plaintiff seeks fit. The plaintiff's choice may be overridden in certain instances to promote values such as efficiency and avoidance of duplicative litigation; **by utilizing interpleader, however, the stakeholder is empowered by the Rules to dictate**

6

> **the litigation structure of the action by forcing all claimants into a single proceeding.** This structure avoids multiple litigation, ensures uniformity by binding all interested persons to a single judgment, and avoids burdening the stakeholder with multiple suits and uncertainty, thus promoting efficiency and fairness. **Interpleader expressly elevates systemic interest in efficiency and consistency and the interest in avoiding harm to the stakeholder over the traditional interest of plaintiff autonomy.**

4 Moore's Federal Practice, § 22.02[1] (Matthew Bender 3d ed.) [emphases supplied; footnotes and citations omitted].

By their Injunction Motion, the Koresko Defendants make no attempt to address the overwhelming authorities supporting the intervention and interpleader remedies sought by TD Bank. Indeed, the conflicting claims to the Interpleaded Funds as asserted by Farmers & Merchants as Trustee and by the Koresko Defendants, is repeatedly confirmed in the Koresko Defendants' own papers. Based upon the foregoing authorities, and those cited in TD Bank's Memorandum of Law in support of its Intervention Motion [DE 146-2], the relief sought by TD bank is necessary and proper in this case.

Rather than addressing the merits of the relief sought by TD Bank, by their Injunction Motion the Koresko Defendants instead raise meritless objections to the jurisdiction of this Court. Specifically, the Koresko Defendants instead

> incorporate by reference their recently filed Memoranda of Law in support of their Motion to Strike the Motion to Intervene of Penn Mutual Life Insurance Company and their contemporaneously filed Motion for Emergency Temporary Restraining Order and Preliminary Injunction to Compel F&M Trust Company (F&M) to make premium payments as directed by PennMont.

Koresko Defendants' Memorandum of Law dated November 6, 2009 ("Db"), p. 2. The Memoranda cited set forth the Koresko Defendants' oft-repeated objections to the ERISA jurisdiction of this Court. However, whatever the merits of those objections -- objections which

have been repeatedly rejected by this Court -- they have no bearing upon the independent bases of subject matter jurisdiction in this Court over the claims asserted by TD Bank, in both interpleader and diversity. 28 U.S.C. §§ 1332, 1335.

Finally, the Koresko Defendants erroneously assert that their "Petition for Declaratory relief, Turnover of Fiduciary Property, and other legal and equitable relief is before a State Court Judge, where it belongs." Db 4. In support of this assertion, the Koresko Defendants cite to 28 U.S.C § 1446(c)(4, 5) for the propositions that "[t]his Court may issue summary remand or after hearing make disposition of the prosecution. In either event, permission of this Court and notification to the State Court is required for removal to be effectuated and lower proceedings stayed." Db 4, fn. 2. Of course, the statute cited by the Koresko Defendants pertains to removal of criminal proceedings, and not to the case at bar. The State Court Action filed by the Koresko Defendants was properly and completely removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(d). See Chasin Dec., ¶ 9. To borrow the Koresko Defendants' own phrasing, and based upon the undisputed authorities concerning intervention and interpleader cited by TD Bank, this Court is **precisely** where these actions "belong."

**II.**

**THE EXHIBITS FILED BY THE KORESKO DEFENDANTS "UNDER SEAL" SHOULD BE MADE AVAILABLE TO THE PARTIES IN THESE RELATED ACTIONS**

Accompanying their Injunction Motion, the Koresko Defendants filed certain Exhibits (numbered 13, 14, 15, and 18) purportedly "under seal."  Db 2; see E.D.Pa. L.Civ.R. 5.1.5(a)(2). Whatever the merits of the Koresko Defendants' request, neither the Local Rule nor any other authority permits them to seek relief based on documents filed with this Court, while failing to serve those documents upon adverse parties as the Koresko Defendants have done. The Koresko Defendants should be directed to rectify their failure to serve the documents in question, or alternatively those documents should be stricken from the record of these proceedings.

## CONCLUSION

For the foregoing reasons, TD Bank respectfully requests that the Court deny the Injunction Motion filed by the Koresko Defendants.

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ H. Marc Tepper
H. Marc Tepper (PA Id. No. 49084)
marc.tepper@bipc.com
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA 19102-2555
Phone: 215-665-3864
*Attorneys for TD BANK, N.A., Plaintiff in Intervention,*

Of Counsel:
Tod S. Chasin, Esquire
tod.chasin@bipc.com
Nola R. Bencze, Esquire
nola.bencze@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
700 Alexander Park, Ste 300
Princeton, NJ  08540-6347

Dated:  November 9, 2009