# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : Civil Action : |
| Plaintiff, | : : No. 09-988 |
| v. | : : |
| JOHN J. KORESKO, V, JEANNE BONNEY, PENN-MONT BENEFIT SERVICES, INC., KORESKO & ASSOCIATES, P.C., KORESKO LAW FIRM, P.C., COMMUNITY TRUST COMPANY, PENN PUBLIC TRUST, REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST, and SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST, | : : : : : : : : : : : |
| Defendants. | : |

## **ORDER**

The Court has reviewed (a) the Koresko Defendants' Motion to Exclude Wachovia Bank Evidence (Docket No. 121) and response thereto; (b) the Motion for Leave to Intervene filed by the Penn Mutual Life Insurance Company (Docket No. 143) and responses thereto; (c) the Motion for Leave to Intervene in strict interpleader filed by TD Bank, N.A. (Docket No. 146) and responses thereto; (d) the Motion to Strike Penn Mutual Insurance Company's Motion for Leave to Intervene (Docket No. 147) filed by the Koresko Defendants and responses thereto; (e) the Motion for a Temporary Restraining Order and Preliminary Objection Against TD Bank, N.A., and to Seal Volume Two of the Exhibits filed by the Koresko Defendants (Docket No. 150) and responses thereto; (f) the Motion for Temporary Restraining

Order and Preliminary Injunction Mandating F&M Trust Payments filed by the Koresko Defendants (Docket No. 153) and responses thereto; and (g) the Motion for Clarification filed by F&M Trust (Docket No. 163). The Court held oral argument on November 12, 2009. The Court will dispose of these Motions in full or part as follows.

AND NOW, this 16th day of November, 2009, it is hereby ORDERED as follows:

1. The Koresko Defendants' Motion to Exclude Wachovia Bank Evidence (Docket No. 121) is DENIED. Government Exhibit 35 is admitted into evidence.

2. Under Federal Rule of Civil Procedure 24(b)(1)(B), the court may "permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." The motion to intervene must be timely, and, in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Id. The Court finds that Penn Mutual's claims overlap with (*i.e.*, implicate questions of law and fact that are common to) the claims asserted by the Department of Labor in this action – not only do they raise the same general question of the Koresko Defendants' conduct in connection with life insurance policies sold to health and welfare plans and administered by the Koresko Defendants, they involve the same specific questions of who has authority to act on behalf of the plans' Trustee, whether the Koresko Defendants have authority to obtain the loans they have requested from Penn Mutual, and whether the Koresko Defendants seek to obtain those loans as part of the same alleged course of self-dealing and breach of fiduciary duty that is at the core this lawsuit. In addition, the Court finds, in its

discretion, that intervention is timely and would not prejudice the existing parties to this action. Accordingly, the Motion for Leave to Intervene filed by the Penn Mutual (Docket No. 143) is GRANTED, and the Motion to Strike Penn Mutual Insurance Company's Motion for Leave to Intervene (Docket No. 147) filed by the Koresko Defendants is DENIED. Penn Mutual SHALL file its Complaint in Intervention no later than November 20, 2009. The Koresko Defendants SHALL file a responsive pleading no later than December 4, 2009.

3. For substantially the reasons stated on the record during the November 12, 2009, hearing, the Motion for Leave to Intervene in strict interpleader filed by TD Bank, N.A. (Docket No. 146) is GRANTED IN PART. TD Bank, N.A., SHALL file its Intervenor Complaint no later than November 20, 2009. The Koresko Defendants SHALL file a responsive pleading no later than December 4, 2009. Until such time as the Court orders otherwise, TD Bank, N.A., is DIRECTED to abide by the Court's clarified standstill Order, *infra*, as related to the funds at issue and not entertain any direction from any party as to their disposition.

4. The Motion for a Temporary Restraining Order and Preliminary Objection Against TD Bank, N.A., and to Seal Volume Two of the Exhibits filed by the Koresko Defendants (Docket No. 150) is GRANTED IN PART and DENIED IN PART. The Motion is DENIED as to the request for a temporary restraining order. Until such time as the Court orders otherwise, the parties are DIRECTED to abide by the Court's clarified standstill Order, *infra*. The Motion is GRANTED as to the request to seal Volume Two of the Exhibits and such

Volume is SEALED.

5. The Motion for Temporary Restraining Order and Preliminary Injunction Mandating F&M Trust Payments filed by the Koresko Defendants (Docket No. 153) is DENIED IN PART. The Motion is DENIED as to the request for a temporary restraining order. The Court will reserve action as to the request for a preliminary injunction until it rules on the Department of Labor's pending Motion for a Preliminary Injunction. Until that time, the Koresko Defendants shall abide by the Court's clarified standstill order, *infra*.

6. The Motion for Clarification filed by F&M Trust (Docket No. 163) is GRANTED. The Court appreciates the need to provide guidance to the parties as to their current relationships and allowable actions during the pendency of this litigation; however, the Court also needs time to consider the extremely voluminous pleadings and evidentiary submissions, and extensive legal arguments involved in this matter. Accordingly, the Court MAINTAINS a complete standstill Order as to all parties subject to the Court's decision (to be completed with all deliberate speed) on the Department of Labor's pending Motion for a Preliminary Injunction. PennMont's discharge of F&M as Trustee to the REAL VEBA and SEWBP Trusts remains STAYED. <u>No party shall take any action regarding any funds at issue in this action, aside from the receipt of contributions by the Koresko Defendants in the normal course of business – all of which shall be immediately transferred for deposit to F&M as Trustee.</u> More specifically, F&M Trust SHALL continue its fiduciary duties as Trustee for the REAL VEBA

Trust and the SEWBP Trust and SHALL NOT transfer Trust assets to Penn Public Trust absent further Order of this Court.[1]  Furthermore, the purported appointment of Penn Public Trust as "co-trustee" is likewise STAYED.  Penn Mutual SHALL NOT take any directions from the Koresko Defendants.  TD Bank, N.A., SHALL maintain the *status quo* as to any interpleaded funds, and SHALL NOT transfer any such funds to any party subject to further Order of this Court.  If the Koresko Defendants conclude that it is necessary to transfer monies or borrow against existing insurance policies to pay <u>specific</u> benefits that are due and payable, they may move the Court for permission to do so.  Any such motion must be specific to a particular benefit and provide all necessary details for the Court to expeditiously rule on such; the motion shall not, under potential penalty of sanctions, be another generalized request for actions which remain subject to this standstill Order.  Once again, this standstill Order does not imply that the Court is poised to rule a certain way on the Department of Labor's Preliminary Injunction

---

[1] F&M Trust has represented on the record that the Koresko Defendants have denied F&M Trust access to certain documents and information necessary for performance of F&M Trust's duties as a fiduciary.  As stated above, F&M Trust remains Trustee while this standstill Order remains in effect, and the Court finds F&M Trust is entitled to access to such information it reasonably asserts is necessary to fulfill its duties as fiduciary.  Accordingly, F&M Trust SHALL, no later than <u>5:00 p.m</u>. on <u>November 18, 2009</u>, communicate to the Koresko Defendants the specific information it <u>reasonably</u> requires to do so.  The Koresko Defendants SHALL promptly comply with all reasonable requests made by F&M Trust.  The Koresko Defendants MAY, however, subject to the potential penalty of sanctions for objection to objectively reasonable requests, object to <u>specific</u> information requests by motion.  If they desire to make such a motion, the Koresko Defendants are to consolidate all specific objections into one motion not to exceed eight double-spaced pages in length, and shall file such motion no later than <u>12:00 p.m</u>. on <u>November 20, 2009</u>.  F&M Trust may respond to such a motion by filing a response not to exceed five double-spaced pages, no later than <u>5:00 p.m</u>. on <u>November 23, 2009</u>.  The Court will resolve any reasonable dispute post haste.

Motion. Rather, this Order is intended to preserve the *status quo* while the Court considers its decision regarding same.

7. During the November 12, 2009, oral argument, the Koresko Defendants made reference to the fact – for what the Court believes to be the first time – that Penn Public Trust had been appointed "co-trustee" alongside F&M Trust. F&M Trust stated that it had not been apprised of such development, and the Department of Labor communicated its ongoing concern to the Court. The Court shall provide the parties with an opportunity to opine as to whether this purported appointment is permitted/appropriate, and how (if at all) such purported appointment would be relevant to the Department of Labor's pending Motion for a Preliminary Objection. Accordingly, the parties MAY file briefs and proposed findings of fact and conclusions of law related to this issue. Such filings, if any, may be no longer than eight double-spaced pages, and must be filed <u>simultaneously</u> at <u>12:00 p.m</u>. on <u>November 20, 2009</u>. No responsive briefing shall be permitted, even upon motion for such.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ C. Darnell Jones II

_____
C. Darnell Jones II,            J.