# In the United States District Court
## For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor,<br>United States Department of Labor,<br>Plaintiff,<br><br>v.<br><br>John J. Koresko, V, et al.,<br>Defendants | Civil Action No. 2:09-cv-00988 |

**Emergency Motion for Temporary Restraining Order and Preliminary Injunction against F&M Trust Mandating Reversal of Change of Ownership and Address of Record On Trust Insurance Policies**

By and through their attorney, Defendants Koresko Law Firm, P.C.; John J. Koresko, V; Jeanne Bonney; Koresko & Associates, P.C.; PennMont Benefit Services, Inc.; the Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust; the Single Employer Welfare Benefit Plan Trust; and Penn Public Trust [the "Koresko Parties"] move this Court on an emergency basis for a temporary restraining order and preliminary injunction against F&M Trust Co. mandating **reversal of change of ownership and change of address of record on Trust Insurance Policies** as directed by PennMont Benefit Services, Inc., Plan Administrator, and in support thereof submits and incorporates by reference their Memorandum of Law and all other filings and evidentiary proceedings to date. This request is made on an emergency basis as the actions taken by F&M effectively remove PennMont as administrator, the affected policies are not now administered in accordance with Trust documents, and there has been an apparent violation of this Court's orders and federal law.

Respectfully submitted,

[signature]

John J. Koresko, V

# In the United States District Court
# For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor, Plaintiff, v. John J. Koresko, V, et al., Defendants | Civil Action No. 2:09-cv-00988 |

**ORDER**

AND NOW this _____ day of November, 2009, having considered the Motion of the Koresko Defendants seeking a temporary restraining order mandating F&M Trust reverse the changes in ownership and addresses of record on Trust insurance contracts, and the supporting documents and any response thereto,

IT IS HEREBY ORDERED that F&M Trust Company shall immediately reverse such changes in ownership and addresses of record, file with the Court a certificate of compliance, and produce to Koresko Defendants all documents relating to the communications with the affected insurance contracts and such reversals, and notify each insurance company of this order.

IT IS FURTHER ORDERED, that F&M Trust Co. shall disclose to the Court all persons responsible for the actions aforesaid, including lawyers, and show cause why sanctions and an order of contempt should not be issued against the responsible parties, within five (5) days of this date.

_____, J.

# In the United States District Court
## For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor, <br><br>Plaintiff, <br><br>v. <br><br>John J. Koresko, V, et al., <br><br>Defendants | Civil Action No. 2:09-cv-00988 |

### Defendants' Memorandum of Law
### in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction against F&M Trust Mandating Reversal of Change of Ownership and Address of Record on Trust Insurance Policies

## I.     Introduction

Defendants Koresko Law Firm, P.C.; John J. Koresko, V; Jeanne Bonney; Koresko & Associates, P.C.; PennMont Benefit Services, Inc. (PennMont); the Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association (REAL VEBA) Trust; the Single Employer Welfare Benefit Plan (SEWBP) Trust; and Penn Public Trust (PPT) (collectively, the "Koresko Parties") have petitioned this Court seeking emergency temporary and preliminary injunctions in the form of an Order mandating F&M Trust to reverse change of ownership and change of address on Trust insurance policies as directed by PennMont, Plan Administrator, and in support thereof submit the following Memorandum of Law.  The Koresko Parties incorporate their pleadings to date, specifically and as though set out at length their *Memorandum in Support of Motion for Reconsideration of Order dated 16 November 2009* (Dkt. 168) and their *Memorandum of*

*Law in Support of a Temporary Restraining Order and Preliminary Injunction requiring F&M make premium payments be made as directed by PennMont.* (Dkt.153). The instant request is made on an emergency basis as the actions taken by F&M effectively remove PennMont as administrator and the policies are not being administered, causing immediate and irreparable harm to Plan participants and beneficiaries and the Trust's ability to honor benefit claims. The situation is untenable.

II. **Argument**

   A. **This Court and F&M are bound by the Plan and Trust Documents which state that PennMont is the Plan Administrator.**

The Koresko Parties have repeatedly briefed this Court on the sections of the Trust documents, and the Master Plan document and Participation Agreements referred to therein (the "documents") which govern the arrangement, and which disallow what F&M has accomplished by changing ownership and the address of record on the policies. We will not repeat them here as F&M's action speaks for itself. The documents control, and this Court and F&M are bound to them. *See Kennedy vs. Plan Administrator For DuPont Savings And Investment Plan*, 129 S.Ct. 865 (2009). F&M was fired and no one had the right to interfere with that decision reserved to the exclusive discretion of PennMont.

Furthermore, as F&M was fired before October 30, 2009, when it purported to issue a notice of termination of the governing Custodial Agreement, F&M apparently misrepresented to the insurance companies its authority. If ERISA applies to the policies, there has been an abstraction from an employee benefit plan, 18 U.S.C. § 664, which is a RICO predicate. *See* 18 U.S.C. § 1951. It defies logic how the clearest exhibition of ERISA violations, contradictions of the documents, do not even merit a whimper from

the DOL. Furthermore if F&M is an agent, not a true trustee, as demonstrated by the Koresko Parties in their Motion for Reconsideration, it had no rights to exercise the privileges of ownership in contradiction to the instructions of its principal, PennMont. Property has been misappropriated – again, because DOL asked this court to illegally compel PennMont to remain in the destructive relationship with F&M.

### B.   F&M Actions Violate the Court's Order of November 16, 2009

A standstill Order has been in place in this matter since November 6, 2009, and was affirmed by Order dated November 16, 2009:

> No party shall take any action regarding any funds at issue in this action, aside from the receipt of contributions by the Koresko Defendants in the normal course of business- all of which shall be immediately transferred for deposit to F&M as Trustee.

Order of November 16, 2009, page 4 of 6.

Changing owner and address of record on the policies moves the funds at issue out of the control of PennMont in violation of the standstill order. PennMont has not been fired by anyone, and its discretion to name the owner of policies still exists.

Moreover, this Court specifically granted PennMont leave to file a motion if any loan request is needed to keep benefits in force.

> If the Koresko Defendants conclude that it is necessary to transfer monies or borrow against existing insurance policies to pay <u>specific</u> benefits that are due and payable, they may move the Court to do so.

Id. page 5 of 6.

This Court has been **very careful** in its orders not to permit a standstill order to be taken as *indicia* of the outcome of the Department of Labor's motion for a preliminary injunction. F&M's actions remove PennMont by *fait accompli*.

### C. The Custodial Agreement giving to PennMont any F&M power to act is still in force.

The Custodial Agreement which gives to PennMont the Trustee's powers to act regarding changes to life insurance policies is still in effect.[1] Nevertheless, F&M has begun changing the ownership and address of record on life insurance policies administered by PennMont. The change of address of record effectively removes PennMont as administrator. PennMont is unable to act or perform any customer service functions in the normal course.

### D. PennMont is immobilized, and effectively removed, resulting in Unattended Benefit Contracts and Harm to Plan Participants and Beneficiaries

The carriers no longer communicate with PennMont – no premium notices, no policy valuation statements, no processing of routine administrative requests, no answers to questions in writing or by telephone, no amendments to features – and no death benefit information. There are hundreds of policies going without administration. The Gramm Leach Bliley Act compels the carriers now not to speak to PennMont.

Of great concern to PennMont is the irreparable harm being visited upon participants and their beneficiaries. As the policies are no longer being administered, they may lapse. F&M has demonstrated no competence in the highly specialized

---

[1] Whereas F&M purportedly gave thirty days notice of termination of the Custodial Agreement on October 29, 2009, that time has not tolled.

administration necessary for this type of business trust. At a minimum, PennMont cannot provide any customer services to participants that it would do in the normal course – which is to integrate plan amendments with changes in face amount, no lapse guarantee, riders, etc. Worse, those non-owner employees (NOEs) who elected to take their policies into ownership following the July 29, 2009 Plan and Trust Amendment removing NOE benefits are now in limbo.

PennMont is also concerned about what happens in the event of a death of a participant – particularly if the policy has lapsed. It seems somewhere along the way this Court has to put the Participants in a no harm situation. Completely blocking PennMont from Plan Administration does not benefit anyone – except possibly F&M, whose plan to take over the trust, do what DOL says, and then tap the trust estate for a fee, is no longer a speculation. Unfortunately, our concerns that F&M was acting more like a competitor than an unwilling Trustee have turned out to be true. F&M has deviated so far from PennMont's contracts with Community Trust Company as to defy logic. CTC was not hired to put PennMont out of business, and it cannot be assumed that F&M could have a privilege at law to effectively do so.

E. **F&M's representations to this Court on November 16, 2009, about "resigning but for this Court's order" and "not having any policy information" were disingenuous at best.**

At the hearing on November 12, 2009, F&M represented that they "knew nothing" about the policies and when they asked for information were told to "get lost." *See* Tr. 11.16.09 42: 24-25; 43:1-16. On the basis of those factual representations this Court determined that F&M should have certain information and the parties briefed the

Court on November 20, 2009. Apparently that representation was not true – as attached at Exhibit A are twelve (12) notices of change of owner and address of record perfected by the carrier on November 13, 2009. Apparently F&M has sufficient information and the Court should deny them any additional information.

F&M also represented at the hearing on November 12, 2009, that the only reason they had not resigned was the Court's order staying their removal. *Id.* Again, that appears not to be the case.

On the basis of the foregoing, we believe the actions of F&M are contemptuous, as misrepresentations were made to the Court upon which the Court relied when crafting its order of November 16, 2009, and F&M has acted in violation of the November 6 and November 12, 2009 standstill orders.

### III. Conclusion

Based on the foregoing, this Court should Order F&M Trust Co. to reverse the change in ownership and change in address of record which it has put into process and other relief as is just and equitable. In accordance with its orders, this Court should assess sanctions and issue a rule to show cause on F&M why those responsible should not be held in contempt.

Respectfully submitted,

John J. Koresko, V

# CERTIFICATE OF SERVICE

I hereby certify that at my direction a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction against F&M Trust and Memorandum of Law in Support thereof were served via ECF upon the following:

**JOAN ROLLER, ESQ.**
**LINDA HENRY, ESQ.**
**JOANNE JARQUIN, ESQ.**
The Curtis Center, Suite 630 East
170 S. Independence Mall West
Philadelphia, PA 19106-3317

**TIMOTHY J. NIEMAN, ESQ.**
**STEPHEN MONIAK, ESQ.**
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA 17101

**CHRISTOPHER A. WEALS**
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004

**ELIZABETH H. FAY**
Morgan Lewis Bockius LLP
1701 Market Street
Philadelphia, PA 19103

**H. MARC TEPPER**
Buchanan Ingersoll, P.C.
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102

and via first class U.S. mail upon the following:

**TOD S. CHASIN**
Buchanan Ingersoll, P.C.
650 College Road East
Princeton, NJ 08540

_____
John J. Koresko, V, Esq.

November 23, 2009