## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | NO. 2:09-CV-00988-CDJ |
| Plaintiff, | HONORABLE C. DARNELL JONES, II |
| v. | |
| JOHN J. KORESKO, V; et al, | ELECTRONICALLY FILED |
| Defendants. | |

## FARMERS AND MERCHANTS TRUST COMPANY OF CHAMBERSBURG'S, SUCCESSOR BY MERGER TO COMMUNITY TRUST COMPANY, RESPONSE TO THE KORESKO DEFENDANTS' MOTION FOR RECONSIDERATION OF "STAND-STILL" ORDER DATED 16 NOVEMBER 2009

In their Motion for Reconsideration, the Koresko Defendants explain why they believe that Farmers and Merchants Trust Company of Chambersburg, successor by merger to Community Trust Company ("F&M Trust") should be removed as Trustee of the REAL VEBA and SEWBP Trusts (the "Trusts"). The parties have extensively briefed and argued their positions in this regard and F&M Trust will not further belabor these points, but wants to clarify that until this Court determines that F&M Trust is dismissed as Trustee, F&M Trust will continue to exercise its fiduciary duties and, if circumstances dictate, will continue to question the directions it receives from the Koresko Defendants.

No matter how the parties couch their arguments, the central issues currently before the Court remain: (i) despite the provisions of the various plan documents that give the Koresko Defendants the ability to terminate F&M Trust as Trustee, should such termination be enjoined; and (ii) so long as F&M Trust serves as Trustee, is F&M Trust required to follow the Koresko Defendants' directions without question and without the supporting documentation and

information it has requested as necessary to fulfill its fiduciary duty. If the Court determines that the Koresko Defendants should not be enjoined from removing F&M Trust as Trustee, issues concerning the scope of F&M Trust's duties and its need for information disappear. If, however, the Court determines that F&M Trust must remain as Trustee, then this Court must decide whether a directed trustee, such as F&M Trust, must follow directions without question or has a fiduciary duty to assure that the directions it is given would not require it to violate the terms of the Trust and Plan or applicable law, and to safeguard the assets of the Trusts. But until this Court determines that F&M Trust must follow directions without question, F&M Trust must act as if it has a fiduciary duty to safeguard Trust assets and to act upon directions that are in accordance with the terms of the Trust, Plans and applicable law.

F&M Trust will perform its duties as directed by this Court.

Respectfully submitted,

RHOADS & SINON LLP

Date: November 24, 2009

By: /s/Timothy J. Nieman
Timothy J. Nieman
Attorney I.D. No. 66024
Stephen Moniak
Attorney I.D. No. 80035
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
tnieman@rhoads-sinon.com
smoniak@rhoads-sinon.com

Attorneys for Defendant Farmers and Merchants Trust Company of Chambersburg, successor by merger to Community Trust Company

2

762406.2

## CERTIFICATE OF SERVICE

It is hereby certified that on November 24, 2009, the foregoing document was transmitted electronically to the Court for filing and for electronic service, upon the following:

Joan M. Roller, Esquire
Linda M. Henry, Esquire
Joanne Jarquin, Esquire
U.S. Department of Labor
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall, West
Philadelphia, PA 19106-3306

John J. Koresko, V, Esquire
Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, PA 19405

Elizabeth Hoop Fay, Esquire
A. Lauren Carpenter, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

H. Marc Tepper, Esquire
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102

/s/ Timothy J. Nieman
Timothy J. Nieman

762406.2