In the United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>John J. Koresko, V, et al.,<br><br>Defendants | Civil Action No. 2:09-cv-00988 |
| THE PENN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff in Intervention,<br><br>v.<br><br>JOHN J. KORESKO, V and COMMUNITY TRUST COMPANY<br><br>Defendants | |

**Motion of Defendant John Koresko, V, to
Dismiss Pursuant To Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)**

Defendant John Koresko, V, moves pursuant to F.R.Civ. Pro. 12 (b)(1) and 12 (b)(6) and respectfully requests that the Court dismiss Penn Mutual Life Insurance Company's Complaint in Intervenor and in support thereof incorporates the attached Memoranda. **As there is no federal question in this case, and no complete diversity of citizenship between Plaintiff and Defendants, this Court does not have jurisdiction.**

Respectfully submitted,

_[signature]_

John J. Koresko, V, Esq.
Pro se and on behalf of the Defendant
200 West Fourth Street
Bridgeport, Pa. 19405
610-992-2200

In the United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>John J. Koresko, V, et al.,<br><br>　　　　　Defendants | Civil Action No. 2:09-cv-00988 |
| THE PENN MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff in Intervention,<br><br>　　　　　v.<br><br>JOHN J. KORESKO, V and COMMUNITY TRUST COMPANY<br><br>　　　　　Defendants | |

**Memorandum in Support of the Motion of Defendant John Koresko, V, to Dismiss Pursuant To Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)**

I.　　**Introduction**

Penn Mutual Life Insurance Company (PMLIC) filed its Intervenor Complaint for Interpleader against Defendant on November 20, 2009, given leave to do so by the Court's order of November 16, 2009.[1] Concurrent therewith, TD Bank, N.A., filed a similar Complaint in

---

1. The Koresko Parties have pending a Motion for Reconsideration of the Order of November 16, 2009, alleging, *inter alia*, that the order unlawfully compels PennMont and F&M do business together.

3

Intervention, to which Defendant Koresko replied with a Motion to Dismiss, the Memorandum of which is attached hereto and incorporated as though set forth in full.

## II. Incorporation of Koresko's Memorandum in Support of Motion to Dismiss TD Bank's Complaint in Intervenor

The facts and arguments given in the attached Memorandum in response to TD Bank's Complaint apply here. Similar to TD Bank, PMLIC lacks standing to bring suit, there is a complete failure of subject matter jurisdiction and a failure to state a claim. In addition, there is failure of complete diversity.

## III. Summary of the Argument

PMLIC lacks standing based on the Complaint and the Record. Even if PMLIC's allegations are taken as true, PMLIC was in privity with John Koresko when the insurance policies were purchased at his direction. John Koresko's authority as Power of Attorney for each insured; Secretary of the Plan Committee for each employer; and as Signatory for the Trustee (as granted by CTC and binding upon F&M Trust) is set forth at length in the attached. The Custodial Agreement clearly spells out the right of Koresko to authorize insurance policy loans. The governing documents and John Koresko's intent as settlor, through PennMont, put PMLIC out of court.

There is no ERISA jurisdiction present. Even if ERISA applied, it provides that a person is a fiduciary only to the extent that it has authority or exercised discretionary control over an aspect of the plan. Section 3(21)(A) of ERISA, 29 U.S.C. §1002 (21)(A); *see Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 471-72 (7th Cir. 2007). PMLIC has no authority under the governing documents. It cannot be a fiduciary. PMLIC therefore has no standing to sue under ERISA § 502 because it is neither a fiduciary, participant, beneficiary, nor sponsor of the arrangement.

Even if ERISA applied, it would not give PMLIC authority over the internal governance of an entrepreneurial venture or the right to put the settlor/administrator out of business. PMLIC cannot show injury in fact sufficient to support standing or which involves a federal question.

PMLIC has failed to state a claim as it is based on incorrect characterization of "wrongful acts" and a misstatement of the law of fiduciaries.

Further, PMLIC fails to state a claim because they cannot credibly allege any present interest of possible beneficiaries whose identities are unknown and may not in the future be subject to ERISA protection. Recent decisions set forth in the attached demonstrate that PMLIC has failed to state a claim for breach of fiduciary duty.

However, in addition to the reasons given for dismissal of TD Bank's Complaint, PMLIC's Complaint should also be dismissed for failure of complete diversity. PMLIC admits that it is an insurance company incorporated under the laws of Pennsylvania with its principal place of business in Horsham, Pennsylvania. *See* Complaint ¶3. There is no dispute that Defendant John Koresko, V, is a resident of Pennsylvania, or that Community Trust Company of Camp Hill, Pennsylvania was succeeded by F&M Trust Company, which is headquartered in Chambersburg, Pennsylvania.

As set forth in the attached, this is not an ERISA case so there cannot be subject matter jurisdiction. This Court therefore cannot be used as a vehicle to decide a "dispute" among real parties in interest who have no diversity of citizenship.

## IV. Conclusion

John Koresko, V, respectfully submits that for the foregoing reasons, PMLIC's Complaint must be dismissed. PMLIC does not have standing to sue on its own behalf, because Koresko owes PMLIC no duty at law. Subject matter jurisdiction does not exist because there is

no federal question. The Trusts were not ERISA Plans, and no action taken by Defendant Koresko deviated from the exclusive discretion allocated to him by the governing documents. Even assuming for the sake of argument, that subject matter jurisdiction exists, PMLIC has failed to state a cognizable claim. The plain language of the trust documents and Custodial Agreements gave Koresko the legal authority to act as he did, with complete discretion. The mere fact that PMLIC chose to insert itself beyond that dictated by the governing documents cannot metamorphose into an acceptance by Koresko of legal duties to PMLIC.

F&M's Complaint against the Koresko Parties is chock full of state-law matters, but given the lack of diversity jurisdiction among Plaintiff and Defendants, there is nothing in the Complaint appropriate for disposition in this court.

Respectfully submitted,

John J. Koresko, V, Esq.
Pro se and on behalf of the Defendants
200 West Fourth Street
Bridgeport, Pa. 19405
610-992-2200

## **VERIFICATION**

The undersigned hereby deposes and states he is a Defendant herein, and that the statements contained in the foregoing papers are true and correct to the best of his knowledge, information and belief.

The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 and federal law relating to unsworn falsification to authorities.

_____
John J. Koresko

December 4, 2009

## CERTIFICATE OF SERVICE

I hereby certify that at my direction a true and correct copy of the foregoing Motion and Memorandum were served this date, via ECF upon the following:

**CHRISTOPHER A. WEALS**
**ANN LAUREN CARPENTER**
**ELIZABETH FAY**
**JONATHAN SPELLS KRAUSE**
Morgan Lewis & Bockius
1701 Market St
Phila PA 19103

**TIMOTHY J. NIEMAN, ESQ.**
**STEPHEN MONIAK, ESQ.**
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA 17101

John J. Koresko, V, Esq.

December 4, 2009