UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA SOLIS, Secretary, U.S. Department of Labor, : : : Plaintiff, : : v. : : John J. Koresko, V, et al., : : Defendants. : | Civil Action<br><br>No. 09-0988 |

## **ORDER**

The Court has represented to the parties that it is working diligently to consider and rule upon Plaintiff's Motion for a Preliminary Injunction in this matter – a ruling that is a fundamental predicate for resolving all other disputed issues.[1] The Court has issued several "stand-still" orders to maintain the *status quo* until it may rule upon that motion. Those Orders took no position on how the Court would rule on the Plaintiff's Motion for a Preliminary Injunction. The subsequent motion practice of the Defendant Koresko Parties has directly resulted in many delays. Defendants have now filed three additional motions. As a result, the Court has been again distracted from its main task to deal with this motion practice, which will be addressed and discussed *infra*. Following this ruling, the Court shall endeavor to rule on Plaintiff's Motion for a Preliminary Injunction by December 22, 2009.

Currently before the Court are (1) Defendants' Motion for Reconsideration of

---

[1] At the last hearing on this matter, the parties and the Court agreed that such ruling was of paramount importance.

"Stand-Still" Order Dated 16 November 2009 (Docket No. 168), and responses thereto; (2) Defendants' Motion Objecting to Specific F&M Trust Company Conditions Precedent to Payment of Benefit Premiums and to Limit Data Provided to F&M Trust Company in Order to Perform its Fiduciary Duties (Docket No. 172), and responses thereto; and (3) Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction Against F&M Trust Mandating Reversal of Change of Ownership and Address of Record on Trust Insurance Policies (Docket No. 174), and responses thereto.

Defendants' Motion for Reconsideration of "Stand-Still" Order Dated 16 November 2009 (Docket No. 168), is a curious pleading. The majority of Defendants' Motion (which contains bold text, italicized text, and exclamation points – all presumably for show) is a rambling recitation of the application of ERISA, refutations of the positions of the U.S. Department of Labor, discussions of Congressional intent, and belabored expositions of the laws of trusts – most of which have previously been extensively briefed and none of which is particularly relevant to the propriety of the Court's November 16, 2009, Order (the "Nov. 16 Order"). While it is difficult to divine, Defendants appear to be making several arguments. First, Defendants appear to argue that new law dictates the Nov. 16 Order is improper. Second, Defendants appear to argue that the Nov. 16 Order is not "appropriate equitable relief." Third, Defendants appear to argue that this Court has apparently (and improperly) compelled PennMont to cede its discretionary powers to F&M. Following on those assertions, Defendants request that the Court vacate the Nov. 16 Order, order that F&M Trust Company is no longer a trustee, and that F&M should immediately surrender any assets under its control and take direction from the Administrator according to applicable trust documents. None of Defendants' arguments

mandates granting the Motion.  Once again, as highlighted in F&M's response to Defendants' Motion, the condition precedent to consideration of most - if not all - of these arguments, is resolution of issues involved in the underlying Plaintiff's Motion for a Preliminary Injunction. Nevertheless, the Court will clarify the "stand-still" Order as set forth below.

Defendants' Motion Objecting to Specific F&M Trust Company Conditions Precedent to Payment of Benefit Premiums and to Limit Data Provided to F&M Trust Company in Order to Perform its Fiduciary Duties (Docket No. 172) is, again, a re-hash of many of Defendants' arguments concerning issues involved with the underlying Plaintiff's Motion for a Preliminary Injunction, including whether F&M is colluding with the U.S. Department of Labor, whether the Plan was properly and effectively amended on July 29, 2009, and the application of ERISA regarding whether the Court is bound to follow plan documents and interpretations of them that are not arbitrary and capricious as advanced by the Koresko Parties.  It also contains a detailed (and somewhat unnecessary) discussion of various privacy principles.  In response, F&M provides specific explanations as to why it – as a directed Trustee (per the Court's "stand-still" Order) of the REAL VEBA and SEWBP Trusts – needs access to certain categories of information to fulfill its fiduciary duties.  The Court has considered the arguments, and upon further consideration finds that access to particular information should be limited to only that which is absolutely necessary for the performance of fiduciary duties related to payment of specific benefits between the date of this Order and the resolution of Plaintiff's Motion for a Preliminary Injunction – *i.e.*, requests 1 and 2 in F&M's November 18, 2009, letter to Defendants.  The Court will so Order below.

Defendants' Emergency Motion for Temporary Restraining Order and Preliminary

Injunction Against F&M Trust Mandating Reversal of Change of Ownership and Address of Record on Trust Insurance Policies (Docket No. 174), asks for F&M to revise ownership and address of record on life insurance policies administered by PennMont so as to reflect ownership and addresses designated as of the issuance of the Nov. 16 Order, and to maintain those designations until the Court rules on Plaintiff's Motion for a Preliminary Injunction. The Court recognizes this issue to be a complication created by its Nov. 16 Order. The Court also notes that in this Motion, Defendants once again repeatedly accuse F&M of conspiring with the U.S. Department of Labor, seeking to obtain a windfall from the Trust assets, and making sanctionable misrepresentations to the Court. F&M effectively refutes these contentions. The Court wishes to be clear that it grows weary of these endlessly repeated accusations. While the Court will order actions in response to this Motion, the Court does <u>not</u> find that F&M has acted in a manner contrary to the Nov. 16 Order. To the contrary, the Court finds that there is no evidence that F&M was acting in anything other than good faith when it took the actions that are the subject of this Motion. The actions ordered *infra* are taken merely to clarify the complication created by the Nov. 16 Order.[2]

---

[2]Where, as here, the defendant has received notice of the motion for a temporary restraining order ("TRO") and has had the opportunity to be heard, "a motion for a TRO is properly treated as one for a preliminary injunction." *Mertz ex rel. Mertz v. Houstoun*, 155 F. Supp. 2d 415, 425 n.12 (E.D. Pa. 2001) (citing MOORE'S FED. PRACTICE, § 65.31 (3d Ed. 2000)). Indeed, here Defendants themselves fashion their motion as one for a TRO but also for a preliminary injunction.

    In turn, when one or both parties support or oppose the preliminary injunction application on written evidence, if there is no conflict about the facts, the preliminary injunction will be granted or denied on the basis of the undisputed evidence without difficulty. *See* Fed. R. Civ. P. 78 ("The court may make provision by rule or order for the submission and determination of motions without oral hearing..."); *Williams v. Curtiss-Wright Corp.*, 681 F.2d 161, 163 (3d Cir. 1982) (citing Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2949 (1973 & Supp. 1982); *Elliott v. Kiesewetter*, 98 F.3d 47, 53 (3d Cir. 1996) (entry of order freezing assets of

**AND NOW, this 5th day of December, 2009, it is hereby ORDERED that:**

1. Defendants' Motion for Reconsideration of "Stand-Still" Order Dated 16 November 2009 (Docket No. 168) is DENIED. However the Court *sua sponte* VACATES the November 16, 2009, Order and ORDERS as follows. The parties shall stand still subject to the Court's impending decision on Plaintiff's Motion for a Preliminary Injunction. F&M shall continue as sole Trustee to the REAL VEBA and SEWBP Trust to the best of its ability, subject to limitations imposed by the Court.[3] No party shall take any action regarding any funds at issue in this action, aside from the receipt of contributions by the Koresko Defendants in the normal course of business – all of which shall be transferred to F&M as Trustee – and the directed payment of benefits in specific instances as required by existing insurance policies. F&M shall not transfer Trust assets to Penn Public Trust unless ordered by the Court. TD Bank, N.A., shall maintain the *status quo* as to any interpleaded funds, and shall not transfer any such funds to any party. If the Koresko Defendants conclude that it is necessary to transfer monies or borrow against existing insurance policies for specific reasons, they may move the Court for permission to do so. Any such motion must be specific to a particular transfer or loan and provide all

---

family asset manager and his wife, in connection with accounting and fraudulent conveyance actions by intended beneficiaries of assets, without holding evidentiary hearing was not abuse of discretion when factual issues that manager and wife claimed had to be resolved before order issued were either not in dispute, given facts in the record, or were not relevant to entry of order). Here the parties have fully briefed their respective legal arguments but agree that F&M has changed the ownership and addresses of record on life insurance policies administered by PennMont. Accordingly, the Court rules on Defendants' Motion on the basis of written pleadings.

[3] The appointment of PennMont as co-trustee is an issue that shall be addressed in or after the Court's ruling on Plaintiff's Motion for a Preliminary Injunction.

necessary details for the Court to expeditiously rule on such; the motion shall not, under potential penalty of sanctions, be another generalized request for actions which remain subject to this Order. The parties shall act in compliance with any other provisions contained in this Order.

2. Defendants' Motion Objecting to Specific F&M Trust Company Conditions Precedent to Payment of Benefit Premiums and to Limit Data Provided to F&M Trust Company in Order to Perform its Fiduciary Duties (Docket No. 172) is GRANTED IN PART, as follows. Between the date of this Order and the date of the ruling on Plaintiff's Motion for a Preliminary Injunction, Defendants are required to provide information requested by F&M in categories 1 and 2 as set forth in F&M's Nov. 18, 2009, letter, where requested by F&M at a specific time concerning the payment of a specific benefit. F&M's additional requests shall be held in abeyance pending the Court's ruling on its status as Trustee arising from the Court's decision concerning Plaintiff's Motion for a Preliminary Injunction.

3. Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction Against F&M Trust Mandating Reversal of Change of Ownership and Address of Record on Trust Insurance Policies (Docket No. 174) is GRANTED. F&M shall revise ownership and address of record of insurance policies so as to reflect ownership and addresses designated as of the Court's Nov. 16 Order. Further action regarding these issues will arise from the Court's ruling on Plaintiff's Motion for a Preliminary Injunction.

Once again, this standstill Order does not imply that the Court is poised to rule a

certain way on Plaintiff's Motion for a Preliminary Injunction Motion. The Koresko Parties may prevail on that motion and F&M may as a result be discharged as Trustee at their direction. The Court simply seeks to maintain the *status quo* for several weeks until it has an opportunity to rule on the pending Motion for a Preliminary Injunction. This revised "stand-still" Order is intended to accomplish that goal. As such, the Court seeks the cooperation of the parties for the next several weeks as it attempts to resolve many complicated predicate issues in dispute here. If, between now and December 22, 2009, a party feels compelled to engage in additional motion practice, the decision on Plaintiff's Motion for a Preliminary Injunction may again be delayed. The Court wishes to allow every party access to the Court to make motions it feels are necessary, however the Court's time is precious and all parties have stated on the record their desire to have Plaintiff's Motion for a Preliminary Injunction decided with all deliberate speed. Accordingly, unless allowed by this Order, *supra*, between now and December 22, 2009 no party shall file any motion without first seeking, in writing, specific leave of Court (no responsive pleading shall be necessary for such a request).

BY THE COURT:

/s/ C. Darnell Jones II
_____
C. Darnell Jones II,             J.