IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. KORESKO, V; JEANNE BONNEY; PENN-MONT BENEFIT SERVICES, INC.; KORESKO & ASSOCIATES, P.C.; KORESKO LAW FIRM, P.C.; COMMUNITY TRUST COMPANY; PENN PUBLIC TRUST; REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST and SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST<br><br>Defendants. | **CIVIL ACTION NO. 09-988**<br><br>**HONORABLE C. DARNELL JONES, II**<br><br>**ELECTRONICALLY FILED** |
| THE PENN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff in Intervention,<br><br>v.<br><br>JOHN J. KORESKO V and COMMUNITY TRUST COMPANY,<br><br>Defendants. | |

**THE PENN MUTUAL LIFE INSURANCE COMPANY'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The Penn Mutual Life Insurance Company ("PMLIC") opposes the Motion of Defendant John Koresko, V ("Koresko"), to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**INTRODUCTION**

The motion to dismiss should be denied for the following reasons:

(1) It does not comply with Local Rule 7.1(c) because it does not provide any authority for most of its arguments, but purports to rely on a memorandum of law directed to <u>another</u> party's (TD Bank's) claims. Neither PMLIC nor the Court should have to guess which authorities Koresko may intend to invoke in support of the motion to dismiss.

(2) In seeking dismissal of PMLIC's complaint in intervention, Koresko relies on the same arguments he previously raised in his unsuccessful motion to strike PMLIC's motion to intervene (Dkt. No. 147-3). Under the law-of-the-case doctrine, this Court's rejection of Koresko's motion to strike bars him from relitigating those same issues now in the guise of a motion to dismiss.

(3) Koresko is mistaken about the grounds PMLIC invokes for federal subject matter jurisdiction. PMLIC does not invoke diversity or federal question jurisdiction, but instead asserts supplemental jurisdiction under 28 U.S.C. §1367, the applicability of which Koresko does not challenge.

(4) Koresko is mistaken in claiming that PMLIC must allege injury in fact to plead a declaratory judgment claim. PMLIC may state such a claim by pleading an actual controversy, which it has done.

(5) Koresko's Rule 12(b)(6) motion improperly relies on matters outside the pleadings, and provides no basis in any event to conclude that PMLIC has not stated a viable claim for declaratory relief.

# DISCUSSION

## I. THE MOTION TO DISMISS DOES NOT COMPLY WITH LOCAL RULE 7.1(C)

Local Rule 7.1(c) provides, in pertinent part, that "[e]very motion … shall be accompanied by a brief containing a concise statement of the legal contentions and <u>authorities relied upon in support of the motion</u>." (Emphasis added.) Koresko's motion to dismiss falls far short of this requirement. Although the motion is accompanied by a four-page, so-called "memorandum of law" that identifies a number of different arguments, the memorandum cites only one statute and one case, and does so in support of only one of its arguments (namely, the assertion that a person is an ERISA fiduciary "only to the extent that it has authority or exercised discretionary control over an aspect of the plan"). *See* Memorandum in Support of the Motion of Defendant John Koresko, V, to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 180) ("Mem. to Dismiss PMLIC") at 4. As legal support for his motion against PMLIC, Koresko appears to rely instead on the 44-page memorandum of law he and the other defendants in the underlying action filed in support of their motion to dismiss the complaint filed by TD Bank, N.A. ("TD Bank"). *See id.* (incorporating and attaching defendants' memorandum of law to dismiss TD Bank's complaint in intervention). The memorandum that attacks TD Bank's claims does not even mention PMLIC or the claims PMLIC has asserted against the defendants. *See* Dkt. No. 180-2.

Courts in this district have recognized that motions that are not accompanied by "citations to legal authority or adequate explanations of the bases for the party's arguments are legally deficient under Local Rule 7.1(c), which can warrant denial of the motion." *Griffin-El v. Beard*, Civil Action No. 06-2719, 2009 WL 678700, at *3 (E.D. Pa. Mar. 16, 2009); *Rapine v. Harrah's Atlantic City*, No. CIV. A. 204CV00590LDD, 2006 WL 724548, at *4 (E.D. Pa. Mar. 21, 2006) (motion may be denied for noncompliance with Local Rule 7.1(c)). As the Court

explained in *Alvares v. Montell USA, Inc.*, No. Civ. A. 00-4762, 2001 WL 10787, at *2 (E.D. Pa. Jan. 4, 2001), the rule "protects opposing parties from the severe disadvantage that would result if courts were to consider motions that lacked the requisite briefing; courts cannot expect parties to divine the movant's contentions, research the basis of those contentions, and then perform the research necessary to present a persuasive contrary position."

Similarly here, PMLIC cannot respond to Koresko's motion to dismiss because it does not provide adequate explanation or authority for the grounds on which it seeks dismissal of PMLIC's claims, but relies on authorities offered to support arguments to dismiss the distinct claims asserted by TD Bank. Neither PMLIC nor the Court should have to sift through a lengthy memorandum that is directed to TD Bank's claims to guess whether some of its authorities or arguments might conceivably be extrapolated to apply to PMLIC's claims.[1] Koresko's motion to dismiss should therefore be denied as procedurally deficient and in violation of local rules.

## II.    KORESKO'S MOTION SHOULD BE DENIED BECAUSE PMLIC'S RIGHT TO ASSERT ITS COMPLAINT HAS ALREADY BEEN DETERMINED AND IS THE LAW OF THE CASE

The motion to dismiss raises many of the same arguments that the Koresko defendants asserted unsuccessfully in their motion to strike PMLIC's motion to intervene. *See* Defendants' Memorandum of Law in Support of Their Motion to Strike the Motion to Intervene of Penn Mutual Life Insurance Co. (Dkt. No. 147-3) ("Mot. to Strike").[2] For instance, just as Koresko's current motion asserts that PMLIC has "no standing to sue under ERISA § 502 because it is neither a fiduciary, participant, beneficiary, nor sponsor of the arrangement," defendants' motion to strike made exactly the same argument: it challenged subject matter jurisdiction on the

---

[1] PMLIC notes, as merely one example, that defendants' memorandum to dismiss TD Bank's claims seeks dismissal of a claim for breach of fiduciary duty, but PMLIC has not asserted such a claim. *See* Dkt. No. 180-2 at 38-42.

[2] Due to the identity of the arguments in Koresko's current motion and in defendants' motion to strike, PMLIC incorporates herein by reference its opposition to defendants' motion to strike (Dkt. No. 160).

4

ground that PMLIC "is not a participant, beneficiary or fiduciary with standing under ERISA sec. 502." *Compare* Mem. to Dismiss PMLIC (Dkt. No. 180) at 4 *with* Mot. to Strike (Dkt. No. 147) at 10.[3]

In opposing the motion to strike, PMLIC laid out the reasons why defendants' arguments did not defeat PMLIC's right to bring its complaint in intervention. *See* Memorandum of Law of the Penn Mutual Life Insurance Co. in Opposition to Defendants' Motion to Strike the Motion to Intervene of Penn Mutual Life Insurance Company ("Opp. to Mot. to Strike") (Dkt. No. 160). This Court granted PMLIC's motion to intervene over the objections in defendants' motion to strike, thereby establishing that the arguments offered by defendants (including Koresko) did not prevent PMLIC from asserting its complaint. Because these rulings are the law of the case, Koresko is barred from raising the same challenges now in a motion to dismiss the same complaint. *See, e.g.*, *In re Pharmacy Benefit Managers Antitrust Litigation (MDL 1782)*, 582 F.3d 432, 439 (3d Cir. 2009) (law-of-the-case doctrine was "developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit'") (quoting *Casey v. Planned Parenthood of SE Pa.*, 14 F.3d 848, 856 (3d Cir. 1994)). Koresko's motion to dismiss should be denied on this ground.

### III. THE COURT HAS SUBJECT MATTER JURISDICTION OVER PMLIC'S COMPLAINT

There is no merit in Koresko's assertion that the Court lacks subject matter jurisdiction over PMLIC's complaint (even assuming Koresko could raise the argument again and had

---

[3] Examples of such recycled arguments abound. While Koresko's current motion argues that "PMLIC fails to state a claim because they [sic] cannot credibly allege any present interest of possible beneficiaries whose identities are unknown and may not in the future be subject to ERISA protection," defendants made the same argument in their motion to strike: that PMLIC "cannot credibly allege any present interest of insureds as possible beneficiaries, whose identities are unknown and may not in the future be subject to ERISA protection." Mem. to Dismiss PMLIC (Dkt. No. 180) at 5; Mot. to Strike (Dkt. No. 147) at 13. Defendants also argued in their motion to strike, as Koresko does now, that PMLIC's claims are not viable because Koresko's right to the policy loans is purportedly established by the language of the plan documents. Mem. to Dismiss (Dkt. No. 180) at 4; Mot. to Strike (Dkt. No. 147) at 2-7, 15-18, 21-23.

properly supported it). As in the motion to strike, Koresko claims that the Court lacks subject matter jurisdiction because PMLIC does not have standing to sue under ERISA and because complete diversity is absent. Mem. to Dismiss PMLIC (Dkt. No. 180) at 4-5. However, as PMLIC has repeatedly made clear, it does not invoke diversity or ERISA jurisdiction, but relies instead on <u>supplemental jurisdiction</u> under 28 U.S.C. § 1367(a). *See* PMLIC's Compl. in Intervention at ¶ 1 (Dkt. No. 166-01); Opp. to Mot. to Strike (Dkt. No. 160) at 4.

Section 1367(a) provides, in pertinent part, that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have <u>supplemental jurisdiction</u> over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. Such supplemental jurisdiction shall include claims that involve the joinder or <u>intervention</u> of additional parties." (Emphasis added.) Although in the past a permissive intervenor was required to establish an independent basis for federal jurisdiction over its claim, the enactment of § 1367(a) in 1990 did away with this requirement for a party who intervenes in a case over which the court has federal question jurisdiction. As Moore's Federal Practice explains:

> Before the enactment of [§ 1367], jurisdiction requirements typically depended on whether jurisdiction was sought under Rule 24(a) or (b) [mandatory or permissive intervention]. An independent basis of federal jurisdiction was not generally required for intervention as of right under Rule 24(a) but was required for permissive intervention under Rule 24(b). Under the statute, courts may now exercise jurisdiction over an intervenor's claims, <u>without regard to whether the intervention is permissive or of right</u>, provided the claims are sufficiently related to the main claim over which the court has federal question jurisdiction.

6 <u>Moore's Federal Practice</u> § 24.22[2] at 24-96 (2009) (emphasis added). *See also Chambers Medical Foundation v. Chambers*, 236 F.R.D. 299, 302 (W.D. La. Apr. 4, 2006) (since the enactment of § 1367 in 1990, "[i]n cases where original jurisdiction is grounded upon a federal question, 28 U.S.C. § 1331, supplemental jurisdiction ordinarily attaches to the intervention

6

without further ado"). This Court may exercise supplemental federal jurisdiction over PMLIC's intervention claims under § 1367(a) because, as PMLIC has shown, they "are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution." *See* PMLIC's Compl. in Intervention at ¶ 1 (Dkt. No. 166-01).

Koresko does not dispute PMLIC's right to invoke supplemental jurisdiction under § 1367(a), nor does he deny the statute's applicability to PMLIC's claims. His challenge to this Court's subject matter jurisdiction over PMLIC's claims should therefore be rejected. To the extent Koresko is arguing that this Court does not have original jurisdiction over the underlying action, that issue has been fully addressed by other parties, and there is no need for PMLIC to add to that discussion.

## IV. PMLIC HAS STATED AN ACTIONABLE CLAIM FOR DECLARATORY RELIEF

### A. PMLIC Need Not Allege Injury in Fact to State a Claim for Declaratory Relief

Koresko mistakenly asserts that PMLIC has failed to state an actionable claim because it "cannot show injury in fact." Mem. to Dismiss PMLIC (Dkt. No. 180) at 5. Here again, as PMLIC explained in its opposition to defendants' motion to strike, because PMLIC seeks a declaratory judgment, it need not establish "injury in fact," but may state a claim by alleging an "actual controversy." Opp. to Mot. to Strike (Dkt. No. 160) at 7-8. *See also* 28 U.S.C. § 2201(a); *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) ("declaratory judgments are, of necessity, rendered before an 'accomplished' injury has been suffered'"); *Disabled in Action of Pa. v. S.E. Pa. Trans. Auth.*, 539 F.3d 199, 215 (3d Cir. 2008) ("[d]eclaratory relief is available 'to settle actual controversies before they ripen into violations of a law or a breach of duty'").

Koresko does not deny that PMLIC has sufficiently alleged an actual controversy, and it plainly has. As PMLIC has shown, it faces conflicting instructions and potential liabilities to different parties regardless of how it acts on defendants' requests for policy loans. *See* PMLIC's Compl. in Intervention (Dkt. No. 166-01) at ¶¶ 9-14, 17-20, 22-40; Opp. to Mot. to Strike (Dkt. No. 160) at 7-11. PMLIC has pled an actionable claim for declaratory judgment, and Koresko's motion to dismiss should be denied.

### B. Koresko's Arguments About the Meaning of the Plan Language Cannot Justify Dismissal

Once more rehashing arguments made in the motion to strike PMLIC's motion to intervene, Koresko contends that PMLIC has not stated a viable claim for declaratory judgment with respect to its obligation to make policy loans because the language of the benefit plans and some version of a custodial agreement establish Koresko's authority to obtain the loans. Mem. to Dismiss PMLIC (Dkt. No. 180) at 4 (asserting that John Koresko's authority "is set forth at length" in the plans, and that "[t]he Custodial Agreement clearly spells out the right of Koresko to authorize insurance policy loans"). The argument should be rejected for three, independently-dispositive reasons.

First, Koresko's assertion that PMLIC lacks authority to make the policy loans is entirely unsupported. The memorandum filed with Koresko's motion to dismiss PMLIC's complaint fails to identify, much less quote, the documents on which he purports to rely for this argument. This omission alone requires rejection of the motion to dismiss.

Second, to the extent Koresko's arguments can be discerned from the memorandum in support of the motion to dismiss TD Bank's claims, they rely in large part on documents that are outside the pleadings and are not properly considered on a motion under Rule 12(b)(6). *See Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Silica Builders & Const.*

8

*Mgmt., LLC*, Civil Action No. 09-587, 2009 WL 3199591, at *1 n.3 (E.D. Pa. Oct. 6, 2009) ("A court deciding a 12(b)(6) motion generally may not consider material extraneous to the complaint….") (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Those extraneous materials include "the VEBA Trust Documents," a custodial agreement that is different from the one referenced in PMLIC's complaint,[4] as well as oral testimony from hearings in this action. *See* Mem. to Dismiss TD Bank (Dkt. No. 180-2) at 5-11. The Court cannot properly consider such matters on a motion to dismiss under Rule 12(b)(6).

Finally, Koresko's arguments about the language of the REAL VEBA and SEWBP documents are, at bottom, not relevant to the sufficiency of PMLIC's pleading. Regardless of which documents govern the plans and how "clear" Koresko believes them to be, PMLIC has stated a viable claim for declaratory relief because it has shown that it may face conflicting claims from other parties if it makes the policy loans to defendants. *See* Opp'n to Mot. to Strike (Dkt. No. 160) at 10-11. Koresko points to nothing that suggests that PMLIC could not be held liable to plan participants or others for disbursing funds to someone who lacks authority to act for the trustee, or for knowingly participating in, or aiding and abetting, a breach of fiduciary duty. Nor do defendants point to any provision in any document that would purport to indemnify PMLIC for its legal expenses in such litigation, much less from any adverse judgment in such an action.

In short, because PMLIC has sufficiently alleged that it faces potential exposure in connection with the conflicting positions of others with respect to defendants' requests for policy

---

[4] The custodial agreement to which defendants refer in their memorandum to dismiss TD Bank's complaint, and which they claim authorizes them to act for the trustee, is plainly not the same custodial agreement they previously told PMLIC gave them authority to act for the trust. *See* PMLIC's Compl. in Intervention (Dkt. No. 166-01) at ¶ 30 and Exhibit C; *see* Mem. to Dismiss TD Bank (Dkt. No. 180-2) at 7-8 (referring to a "Custodial Agreement" that contains a paragraph 13, whereas the custodial agreement that is attached to PMLIC's complaint has only 12 paragraphs).

loans, it has stated an actionable claim for declaratory relief. Koresko's motion to dismiss should therefore be denied.

## CONCLUSION

For the foregoing reasons, PMLIC respectfully requests that the Court deny in all respects the Motion of Defendant John Koresko, V, to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: December 14, 2009

/s/ Elizabeth Hoop Fay
Elizabeth Hoop Fay
Attorney No. 32955
A. Lauren Carpenter
Attorney No. 205410
Jonathan S. Krause
Attorney No. 93817
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000

Christopher A. Weals
Admitted Pro Hac Vice
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
202.739.3000

Attorneys for Plaintiff in Intervention
THE PENN MUTUAL LIFE INSURANCE COMPANY

# CERTIFICATE OF SERVICE

I, A. Lauren Carpenter, do hereby certify that on December 14, 2009, the foregoing Memorandum of Law of the Penn Mutual Life Insurance Company in Opposition to the Motion of Defendants John Koresko, V, to Dismiss Pursuant to Federal rules of Civil Procedure 12(b)(1) and 12(b)(6) was served upon the following by ECF.

Linda M. Henry
Joan M. Roller
Joanne Biletta Jarquin
U.S. DEPARTMENT OF LABOR, REGION III
Office of the Solicitor
170 S. Independence Mall West
Suite 630 East, The Curtis Center
Philadelphia, PA 19106-3306

John J. Koresko, V
KORESKO LAW FIRM
200 West Fourth Street
Bridgeport, PA 19405

Lowell R. Gates
GATES HALBRUNER & HATCH PC
1013 Mumma Road, Suite 100
Lemoyne, PA 17043-1144

Stephen Moniak
Timothy J. Nieman
RHOADS & SINON LLP
One South Market Sq. 12th Fl.
P.O. Box 1146
Harrisburg, PA 17108-1146

H. Marc Tepper
Christopher M. Hapka
BUCHANAN INGERSOLL & ROONEY P.C.
Two Liberty Place
50 S. 16th St., Ste. 3200
Philadelphia, PA 19102-2555

/s/A. Lauren Carpenter
A. Lauren Carpenter