UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA SOLIS, Secretary, U.S. Department of Labor, : : : Plaintiff, : : v. : : John J. Koresko, V, et al., : : Defendants. : | Civil Action<br><br>No. 09-0988 |

## ORDER

The Court shall modify its schedule and rule on Plaintiff's Motion for a Preliminary Injunction by January 15, 2009.

In the interim, the Court's December 5, 2009 Order remains in place in all respects, and decisions on all motions filed subsequent to that Order are stayed, except the following. In its December 5, 2009, Order, the Court stated that:

> If the Koresko Defendants conclude that it is necessary to transfer monies or borrow against existing insurance policies for specific reasons, they may move the Court for permission to do so. *Any such motion must be specific to a particular transfer or loan and provide all necessary details for the Court to expeditiously rule on such; the motion shall not, under potential penalty of sanctions, be another generalized request for actions which remain subject to this Order.*

On December 15, 2009, the Koresko Defendants filed a Motion for Leave to File Motion for an Order Directing TD Bank, N.A. and PennMont Benefit Services, Inc. to Repay Trust Policy Loans (Docket No. 185). Unfortunately, in the proposed underlying motion, the Koresko

Defendants provided *no specifics* as to particular repayment transactions they claim necessary – nor did the Koresko Defendants even specify what amounts of money they wish to have transferred to repay the unidentified loans. In short, the Koresko Defendants merely requested, once again, the transfer (albeit a subset) of funds, the control of which are at direct issue in this case. This is <u>unacceptable</u> given the clear language of the Court's December 5, 2009 Order. While the Court may be inclined to grant such a motion in the best interests of the trusts should it be properly informed, the Court will not do so without *any* specific information as to *any* of the transactions contemplated by the Koresko Defendants. Where the propriety of the Koresko Defendants' transactions has been at direct issue for months, they should, quite frankly, know better than to move for what is in essence a 'blank check.'

AND NOW, this 21st day of December, 2009, IT IS ORDERED THAT: Defendant's Motion (Docket No. 185) is DENIED. Defendants may file another motion containing the specific information which the Court previously stated would be necessary – including, at the very least, requested repayment amounts, payees, and repayment due dates. Any motion that does not meet the Court's required criteria will be subject to sanctions. The Court will consider any proper motions with all deliberate speed.

IT IS SO ORDERED.

BY THE COURT:

/s/ C. Darnell Jones II

C. Darnell Jones II,      J.