In the United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. KORESKO, V, et al.,<br><br>Defendants | Civil Action No. 2:09-cv-00988 |

## Defendants' Reply to Plaintiffs' Response
## To Defendants' Second Motion For An Order Directing TD Bank
## And PennMont Benefit Services, Inc To Repay Trust Policy Loans

Defendants, John Koresko, Jeanne Bonney, PennMont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.C., Penn Public Trust, Regional Employers Assurance Leagues Voluntary Employees Beneficiary Association Trust and Single Employer Welfare Benefit Plan and Trust (Koresko Defendants) reply as follows to the response filed by the Secretary in opposition to the Second Motion requesting an Order directing repayment of Trust Policy Loans.

1. Paragraph 1 of Plaintiffs' response is denied as stated. The Order speaks for itself.

2. Paragraph 2 of the Plaintiffs' Response is denied. By way of further answer, it appears Plaintiffs misapprehend the contents of Exhibit B to the Koresko Defendants December 24, 2009 Motion. The information and material contained in Exhibit B has previously been placed under seal by this Court. The Court placed the information under seal on November 16, 2009. Plaintiffs were given ample opportunity to voice their objection to the seal placed by the Court. The circumstances necessitating seal

have not changed. Defendants submit that the seal placed by this court should not be disturbed. Contrary to Plaintiffs assertion that the Koresko Defendants have failed to comply with Local Rule 5.1.5, the exact opposite is true. Pursuant to local rule, documents placed under seal remain sealed until further order of the court. The Koresko Defendants have complied with the seal as ordered by the court. Plaintiffs have not moved to remove the seal and present no compelling factual or legal support to remove the protection of the seal placed by this Court.

3. Paragraph 3 of Plaintiffs' response is denied in part and admitted in part. Plaintiffs' responsive paragraph 3 again demonstrates Plaintiffs' apparent misunderstanding that the material submitted is already under seal. It is admitted that the Court's December 21, 2009 Order does not make a specific mention of whether information can be filed under seal. However, the omission noted by Plaintiffs is not germane to material already under seal in this Court. The only issue is if the amounts are correct which is what Exhibit B demonstrates. Moreover, Plaintiffs are not even named parties in the TD Bank's interpleader complaint. The proposed disposition of the loan proceeds resolves the TD Bank Complaint   The parties thereto: Koresko, TD Bank and F&M are all in agreement as to notice, opportunity to object and procedure concerning the loan repayment process. The Secretary's Response to the Motion fails to consider this and, in effect, the demand for disclosure delays the resolution of TD Bank's interpleader and causes an increase in interest charges.

4. Paragraph 4 of Plaintiffs' Response is admitted in part and denied in part. It is admitted that the Court denied the request by Defendant John Koresko as reflected in the transcript of hearing attached to Plaintiffs' Response as Exhibit A. It is denied that

the Court's prior ruling has any bearing on the matter now before the Court. By way of further answer the information submitted to the Court in Exhibit B of Defendants' Motion contains personal financial and policy identification information. Whether or not the Secretary is entitled to this information in the absence of the seal now in place is still and open question. As the Court is aware this issue is pending before the Third Circuit Court of Appeals at Nos. 09-1142, 09-2191.

5. Denied. By way of further answer it is submitted that DOL does not need the specific information contained in Defendants' Exhibit B to determine if it will oppose a return of loan proceeds to return the subject Trust to pre-litigation status. Plaintiffs' concern as to the disposition of interest earned and wire transfer fees can be addressed without the necessity of turning over the currently sealed information.

6. Paragraph 6 of Plaintiffs' Response is denied. The proposed order is appropriate under the circumstances. The Court requested that the Bank parties and Koresko Defendants submit an agreed proposed form of order   The proposed order reflects that agreement. By way of further response, time is of the essence. Interest charges accrue on a daily basis.

Respectfully submitted,

John J. Koresko, V
Pro se and as counsel
for the Koresko Parties
Pa. I.D. 42795
Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, Pa. 19405
610-992-2200

# CERTIFICATE OF SERVICE

I hereby certify that at my direction a true and correct copy of the Defendants' Reply was served this date, via electronic means and regular mail, as follows:

Joan Roller, Esq.
Linda Henry, Esq.
Department of Labor
The Curtis Center, Suite 630 E
Philadelphia, Pa. 19106

Timothy J, Nieman, Esq.
Rhoads & Sinon
One South Market Square
Dauphin Bank Bldg., 12th Floor
Harrisburg, Pa. 17108

Jonathan S. Krause, Esq.
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, Pa. 19103

H. Marc Tepper, Esq.
Buchanan Ingersoll
Two Liberty Place
Suite 3200
Philadelphia, Pa. 19102

_____
John J. Koresko, V, Esq.

Date: December 30, 2009