UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA SOLIS, Secretary, U.S. Department of Labor, : : : Plaintiff, : : v. : : John J. Koresko, V, et al., : : Defendants. : | Civil Action No. 09-0988 |

**ORDER**

On March 6, 2009, the Department of Labor ("DOL") filed a Complaint which alleges that the Koresko Defendants violated the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"), by breaching their duties to over 100 prototype plans known as the Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association Health and Welfare Benefit Plans ("REAL VEBA") and/or the Single Employer Welfare Benefit Plans ("SEWBP") (hereinafter the "the Plans"). The Koresko Defendants are John J. Koresko, V ("Koresko"); Jean Bonney ("Bonney"); Penn-Mont Benefit Services ("Penn-Mont"); Koresko & Associates, P.C. ("KAPC"); Koresko Law Firm, P.C. ("KLF"); Penn Public Trust ("PPT"); Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association Trust ("REAL VEBA Trust"); and Single Employer Welfare Benefit Plan Trust ("SEWBPT Trust"). In the Complaint, the DOL alleges, *inter alia*, that the Koresko Defendants violated Sections 404 and 406 of ERISA by directing the Trustee of the Plans to pay the Koresko Defendants and other entities not entitled to receive Plan assets over one million dollars of Plan assets. The DOL further alleges that, since the filing of the Complaint, the Koresko Defendants, through e-mails

sent by Ms. Jean Bonney and other persons acting on behalf of Penn-Mont and/or KLF, have unlawfully directed the Trustee to pay additional fees using the Trust assets to other law firms that appear to be defending various Plan Sponsors involved in separate litigation with the Internal Revenue Service. In sum, the DOL alleges that, rather than acting with the loyalty demanded by ERISA, the Koresko Defendants have taken at least $1,700,000.00 out of the Trust for their own benefit, including interest payments, insurance proceeds, purported "legal fees," and additional "administrative fees," and that they have diverted other Plan assets to Penn-Mont, KLF, and KAPC.

The detailed history of this highly contentious matter has been discussed at great length in prior orders and briefing, and the Court will not recite it in particular depth here. The Court has held, and carefully considered the results of, numerous evidentiary hearings, and the Court has reviewed many hundreds of pages of exhibits and written submissions from the parties.

Currently at issue are a number of motions, including the DOL's initial Motion for a Preliminary Injunction. These motions will be decided as follows. The Court reminds the parties that these rulings in no way presage the final outcome of this case – they are rulings that must be made at the inception of this dispute and do not reflect the Court's view as to any particular final outcome.

**AND NOW**, this 15th day of January, 2010, **IT IS ORDERED** as follows:

1. Because the DOL has not made the significantly high required showing to succeed in securing injunctive relief at this stage,[1] the DOL's Motion for a Preliminary Injunction (Docket

---

[1] Section 502(a)(5) of ERISA specifically authorizes the Secretary to seek injunctive relief to prevent violations of the Act. 29 U.S.C. § 1132(a)(5). In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a

No. 63, amended by Docket No. 65) is **DENIED WITHOUT PREJUDICE**.

2. The portion of the Court's December 5, 2009, Order labeled as the "stand-still" is **VACATED**.

3. The Motion docketed at No. 153 is now **GRANTED IN PART**. Within fourteen (14) business days of the date of this Order, Farmers & Merchants Trust Company of Chambersburg ("F&M")[2] shall **TRANSFER** any remaining funds of the REAL VEBA and SEWBPT Trusts to PPT as the new Trustee, as designated by the Koresko Defendants as Administrators. As of the date of that transfer, F&M shall be **DISCHARGED** as directed Trustee. The Court finds that F&M has fulfilled its fiduciary duties as directed Trustee and is entitled to payment for its services through the date of the funds transfer, and may withhold monies equivalent to such prior to the transfer of funds to PPT.[3]

4. Upon transfer of the corpus of the Trust(s) by F&M, PPT shall **BECOME** sole

---

reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Kos Pharmaceutical, Inc. v Andrx Corp.,369 F3d 700 (3rd Cir. 2004); American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). In cases with a United States government plaintiff, where that plaintiff seeks injunctive relief pursuant to statute, irreparable harm may be presumed as the passage of the statute itself supports a finding that violations will harm the public. See Miller for and on behalf of NLRB v. California Pacific Med., 19 F. 3d 449, 459 (9th Cir. 1994).

[2]  F&M is the successor by merger to Community Trust Company.

[3]  In addition, Court finds that the confession of judgment clause the Koresko Defendants claim to have imposed on F&M is likely invalid. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994) (noting that a confession of judgment clause may be ineffective unless the party against whom it is asserted voluntarily, intelligently and knowingly waived its rights to notice and hearing). F&M has not waived such rights; to the contrary, it ardently disputes the imposition of such clause.

Trustee, with all attendant powers and fiduciary responsibilities.  This development does not preclude the DOL from making a future motion for injunctive relief.

    5.  In final resolution of the issues raised via the motion docketed at No. 150, within fourteen (14) business days of the date of this Order, TD Bank, N.A., shall **TRANSFER** all relevant funds as directed by the Koresko Defendants and "un-freeze" all accounts maintained by the Koresko Defendants.  The Court finds that TD Bank, N.A., has fulfilled its fiduciary duties by interpleading the funds at issue in this case and seeking guidance from the Court.

    6. Due to the ruling at number 5, *supra*, the Koresko Defendants' Motion to Dismiss docketed at No. 179 is **DENIED AS MOOT**.

    7.  For substantially the reasons stated in (a) the Court's prior Orders, and (b) Penn Mutual Life Insurance Company's Opposition to the Koresko's Defendants' Motion to Dismiss the Complaint in Intervenor, the Koresko Defendants' Motion to Dismiss docketed at No. 180 is **DENIED**.

    8.  The Court believes this Order resolves all outstanding issues raised to date.  If any party disagrees, they **MAY** file a motion to that effect within seven (7) business days of the date of this Order.

    9.  This matter shall now **PROCEED** along a standard case track.  A Fed. R. Civ. P. 16 conference shall be **HELD** on <u>April 19, 2010</u>, at <u>10:00 a.m.</u>, in person.  Parties shall call Chambers the day before to ascertain the assigned courtroom.  In conjunction with this event:

    A.    The parties shall first make the required initial disclosures pursuant to Fed. R. Civ. P. 26(a) within 14 days of the date of this Order.

    B.    The parties shall commence discovery immediately and shall have

        conducted substantial discovery before the Rule 16 conference.  <u>The parties are warned that they are required to work *in good faith* to resolve discovery disputes; the Court discourages excessive motion practice related to discovery issues that could and should be resolved by the parties without judicial intervention</u>.  Please refer to the Federal Rules, Local Rules, and Chambers' Procedures, for required practices regarding discovery and the resolution of discovery disputes.  <u>Unnecessary obstruction of, or dilatory participation in, the discovery process will be dealt with swiftly, and will carry the potential of significant sanctions</u>.

C.    After consultation with counsel for all parties, counsel shall complete the required **Report of Rule 26(f) Meeting** and file the same with the Clerk of Court at least five (5) business days prior to the Rule 16 conference. Counsel shall incorporate all the information described in Judge Jones's form report, which can be found at www.paed.uscourts.gov.

D.    Further scheduling shall be determined subsequent to the Rule 16 conference.

        BY THE COURT:

        /s/ C. Darnell Jones II
        _____
        C. Darnell Jones II,      J.