UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, : | |
| UNITED STATES DEPARTMENT OF LABOR, : | |
| : | CIVIL ACTION No. |
| Plaintiff,            : | 2:09-cv-00988 MAM |
| : | |
| v.                : | |
| : | |
| JOHN J. KORESKO, V, <u>et al</u>.,     : | |
| : | |
| Defendants.        : | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

**I. Introduction**

Plaintiff, Hilda L. Solis, Secretary of Labor, ("Secretary") United States Department of Labor has moved, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, to file a Supplemental Complaint in the above captioned case. This memorandum is submitted in support of that motion.

Plaintiff seeks to add allegations to her Complaint that Defendants John J. Koresko, V, and Penn Public Trust ("PPT") applied for and obtained loans from insurance policies owned by the Trust holding assets of ERISA-covered employee welfare benefit plans, and that Mr. Koresko and PPT deposited those loan proceeds into a bank account that was not the Plans' trust account, but instead an account in the sole name of Mr. Koresko. Further, to obtain these loans, Mr.

1

Koresko and PPT made representations to the insurance companies issuing the policies that PPT was the Plans' trustee, when, in fact, PPT was not the trustee and not authorized to request the loans.  This conduct constitutes additional violations of Sections 404 and 406 of ERISA by Mr. Koresko and PPT, supplementing the violations under these statutory sections already alleged in the original Complaint.  Furthermore, Mr. Koresko, PPT, and Defendants Penn-Mont Benefit Services, Inc. ("Penn-Mont") and Koresko Law Firm ("KLF") are liable for these additional violations as co-fiduciaries under Section 405 of ERISA, also alleged in the original Complaint.

Plaintiff so moves for the reasons set forth below.

## II.  Statement of Facts

Plaintiff's original Complaint, filed on March 6, 2009, alleged that certain Defendants, including Mr. Koresko and PPT, violated Sections 404 and 406 of ERISA by, *inter alia*, removing Plan assets from a trust account maintained by Defendant Community Trust Company ("CTC") and its successor Farmers & Merchants Trust ("F&M"), and depositing those assets in accounts under the control of Mr. Koresko. The Secretary has recently obtained evidence from third-party discovery, including discovery served on insurance companies and on TD Bank, showing that Mr. Koresko and PPT committed additional violations of ERISA after the Secretary filed her Complaint.  These documents show that Mr. Koresko and PPT applied for and obtained loans on the cash value insurance policies held by REAL VEBA Trust or the Single Employee Welfare Benefit Plan ("SEWBP") Trust. These loans took place during the relevant period including after July, 2009, when Mr. Koresko, Penn-Mont and PPT, without complying with the Plan documents, tried to replace then-Trustee F&M with PPT as Trustee.  These subject insurance policies and loan proceeds were Plan assets.   In response to Mr. Koresko and PPT's

2

loan applications, the insurance companies issued checks in the name of the SEWBP Trust and affiliated REAL VEBA Trust and in some instances the name of the employer Plans. Although the checks were not made out to Mr. Koresko, the checks were then deposited in an account held only in the name of Mr. Koresko.

These loans out of the Plan's insurance policies total in the millions of dollars. Not only did the policies owned by the Trust lose the value of those loans, but, according to the Plan documents, the benefits payable to the Plans' participants and beneficiaries will be reduced by the amount taken out in loans.

By attempting to replace F&M as Trustee, and by removing these Plan assets from the Trust and transferring those assets to accounts in the sole name and control of Mr. Koresko, PPT and Mr. Koresko have further violated ERISA Sections 404(a)(1)(A) (duty of loyalty), 404(a)(1)(B) (duty of prudence), and 404(a)(1)(D) (duty to follow plan documents), and have committed additional prohibited transactions in violation of ERISA Section 406(a)(1)(D) and 406(b)(1). Because these violations took place after the Secretary filed her Complaint on March 6, 2009, the Secretary has filed the accompanying motion for leave to file a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d).

## III. Argument

### A. Plaintiff's Motion to File a Supplement Complaint should be granted.

Rule 15(d) of the Federal Rules of Civil Procedure states:

**Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Rule 15(d) promotes judicial economy, avoids multiplicity of litigation, and promotes as complete and adjudication of the parties' dispute as possible. *CMR D.N. Corp. v. City of Philadelphia,* Civ. Act. No. 07-1045, 2011 WL 857294 (E.D. Pa. March 11, 2011). "[C]ourts in the Third Circuit generally apply the Rule 15(a) standard to Rule 15(d) motions and liberally grant leave to supplement." *Hankin Family Partnership v. Upper Merion Twp.,* Civ. Act. No. 01-1622, 2012 WL 43599 *9 (E.D.Pa. Jan 6, 2012) and cases cited therein.[1] A district court has broad discretion to grant or deny a supplemental pleading and, should apply the Rule in a manner securing the just, speedy and inexpensive determination of every action. *Medeva Pharma Ltd. v. Am. Home Prods. Corp,* 201 F.R.D. 103, 104 (D. Del. 2001).

The filing of the attached Supplemental Complaint serves judicial economy, avoids multiple filings against these defendants and promotes a complete adjudication of the parties' dispute. The extent of Mr. Koresko's misrepresentations in his applications for loans, the nature of the checks issued from insurance companies in response to those requests, and the use of those plan assets by Mr. Koresko, was not known until the Secretary received documents from the relevant insurance companies and TD Bank. Therefore, the extent of additional facts supporting violations of ERISA was not known until Department of Labor had reviewed these documents.

---

[1] The "liberal pleading philosophy of the federal rules . . . [l]imits the District Court's discretion to deny leave to amend. The District Court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing parties." *Adams v. Gould*, 736 F.2d 858, 864 (3d Cir. 1984) (*citing Foman v. Davis,* 371 U.S. 178, 182 (1962)). Delay alone is an insufficient ground to deny an amendment. *Cornell & Company v. Occupational Safety and Health Review Comm.,* 573 F.2d 820, 823 (3d Cir. 1978); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984).

Once this information was confirmed, the Secretary promptly sought leave to file the Supplemental Complaint.

Furthermore, there is no evidence in the record that the Secretary was motivated by bad faith in filing the Supplemental Complaint or delayed unduly in seeking to file the Supplemental Complaint. The Supplemental Complaint adds additional recently revealed facts in support of the additional violations of ERISA that occurred after the Complaint was filed herein. Given the serious nature of these new claims, and the extent of the violative activity, justice will be served by allowing the filing of the Supplemental Complaint.

Granting leave to the Secretary to file the Supplemental Complaint will not delay these proceedings or the ultimate resolution of this matter, or cause any injustice or prejudice to the affected Defendants. As the Court is aware from recent court filings by the Koresko Defendants, they are seeking an agreement from the Secretary to request an extension of the November 13, 2012 discovery deadline to allow additional time for them to respond to the Secretary's discovery requests, the majority of which have been pending unanswered since 2010.

Thus, in the interest of adjudicating these claims and securing complete relief for the violations of ERISA on the merits, the Secretary respectfully requests that Plaintiff's Motion to File a Supplemental Complaint be granted.

Respectfully submitted,

Post Office Address:

Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA   19106-3306
(215) 861-5134

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Joanne Roskey
Counsel for ERISA


*/s/ Linda M. Henry*
Linda M. Henry
Ashton S. Phillips


Attorneys for Plaintiff
U.S. DEPARTMENT OF LABOR