## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) |
| Plaintiffs, | ) ) ) Case No. 09-988 |
| v. | ) ) |
| JOHN J. KORESKO, V, et al. | ) ) |
| Defendants. | |

### **ORDER**

AND NOW, upon consideration of the Department of Labor's Motion for Leave to File Supplemental Complaint ("Motion for Leave"), and the Koresko Defendants' response thereto, it is:

**ORDERED** that the DOL's Motion for Leave is **DENIED.**

Date: _____                         _____
                                                McLaughlin, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN J. KORESKO, V, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 09-988 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
THE DOL'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

The Koresko Defendants respectfully submit this memorandum of law in opposition to the Department of Labor's Motion for Leave to File Supplemental Complaint ("Motion") (Doc. No. 338). The Koresko Defendants request that the Court deny the Motion because: (1) the supplemental claims are futile, and (2) the DOL has unduly delayed filing these claims because it has known about these loans for nearly three years, and permitting the claims after such delay will cause prejudice to the Koresko Defendants. As such, the DOL's Motion should be denied.

**STATEMENT OF FACTS**

The DOL filed its Complaint on March 6, 2009 alleging that the Koresko Defendants violated ERISA. (Doc. No. 1.)

Thereafter, in the ensuing litigation and during the period from July 2009 through January 2010, the DOL, Koresko Defendants, and third parties filed extensive pleadings regarding the same loans made against the same insurance policies that are at issue with regard to this Motion. *See* TD Bank's Motion to Intervene and related filings (Doc. Nos. 146, 161, and 162); the Koresko Defendants' Motion for a TRO to order TD Bank to repay loans and related filings (Doc. Nos. 150, 155, 157, 159); DOL's Motion to Compel TD Bank to appear and

produce documents and related filings (Doc. Nos. 94, 105, 113); and the Koresko Defendants' Motion to Order TD Bank to repay loans and related filings (Doc. Nos. 185, 188, 189, 190, 192, 194, 195).

On July 14, 2009, the DOL filed a Memorandum in Support of Application for Temporary Restraining Order and Preliminary Injunction in which it stated that PennMont fired F&M in July 2009. (Doc. No. 63-1 at ¶ 1.)

On December 15, 2009, the Koresko Defendants filed a Motion for an Order Directing TD Bank, N.A. and PennMont Benefit Services, Inc. to Repay Trust Policy Loans ("Motion for an Order"). (Doc. No. 185). In this Motion, the Koresko Defendants specifically requested the Court to order TD Bank to "repay policy loans taken, collateralized by Trust insurance policies, the proceeds of which are 'frozen' by TD Bank." (Doc. No. 185 at ¶ 1.)

On January 14, 2010, Judge Jones granted the Koresko Defendants' Motion for an Order. (Doc. No. 195.)

On October 18, 2012, after almost three years of inactivity relating to the loans, the DOL filed the pending Motion for Leave to Supplement the Complaint (Doc. No. 338), the subject of this response. Plaintiff claims, and seeks to add allegations in support of the claims, that Defendants John Koresko and Penn Public Trust ("PPT") breached their fiduciary duties by taking out loans against insurance policies held by the Trust for the benefit of the Plans. (Suppl. Compl. ¶ 43-48.) The DOL purports to support its claims regarding the loans with various allegations, including broad and, for the most part, conclusory statements, such as "Koresko and PPT misrepresented to insurance companies that PPT was the Trustee and that Koresko and PPT were authorized to request loans on policies held by the Trustee, when in fact F&M remained the sole Trustee of the REAL VEBA Trust and the SEP." (Suppl. Compl. ¶ 44); "Koresko and PPT

submitted applications for insurance policy loans" (Suppl. Compl. ¶ 45); that the checks were "deposited into a TD Bank account in the name of John Koresko, Esquire" and that the "loans are outstanding and have not been repaid." (Suppl. Compl. ¶¶ 46-47.) The DOL states that the "amounts payable under these insurance policies in the event of a claim were, and continue to be, reduced as a result of loans taken by Koresko and PPT." (Suppl. Compl. ¶ 48.) Moreover, the DOL concludes that "the amount of the death benefits payable to beneficiaries is reduced as a result of the loans." (*Id.*)

The conclusory allegations and assumptions offered by the DOL fly in the face of the Plan Documents at issue, which explicitly provide that *all plan assets* are available to satisfy any beneficiary's claim.  *See* Doc. 268-17 at ¶ 27 (REAL VEBA Plan Document § 5.04 captioned Source of Benefits.)  Specifically, the Plan documents do not restrict payment to a beneficiary of an arrangement to the amount in the corresponding insurance policy.  Section 5.04 clearly provides that death benefits may be paid out of insurance proceeds or from any other funds held by the Trustee for the payment of benefits under the Plan, in the discretion of the Trustee. The Complaint makes no effort to explain which documents, which transaction, or which occurrence or event "discovered" by the DOL in the intervening three years prompted the filing of the within Motion, other than the fact, known to everyone involved, that loans were made against the insurance policies.

**ARGUMENT**

Rule 15(d) provides that: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Courts may deny motions to supplement a complaint if proposed supplement is futile, if the moving party acted with undue

delay, or if the defendant would be prejudiced.  *See Hankin Family P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 WL 43599, at *10 (E.D. Pa. Jan. 6, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1967)).

The DOL's Motion should be denied because: (1) the additional claims are futile and would not survive a motion to dismiss; and (2) the DOL has unduly delayed the assertion of these claims during a three year period.  In this instance, the belated attempt to supplement the Complaint is destined to cause prejudice to the Koresko Defendants as more fully explained herein.

### A. The New Claims Are Futile

To determine futility, "a court should look to see if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.  In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b) (6).'"  *Hankin*, 2012 WL 43599, at *10 (quoting *Zahl v. N.J. Dep't of Law & Pub. Safety Div. of Consumer Affairs,* Nos. 10–2022, 10–2516, 2011 WL 1880958 (3d Cir. May 18, 2011)).  *Accord*, *Travelers Indem. Co. v. Dammann & Co., Inc.,* 594 F.3d 238, 243 (3d Cir. 2010) (same).  In *Hankin*, the court denied the motion to supplement because the plaintiff's new claims were not legally sufficient or did not state sufficient facts to support a claim for relief.  2012 WL 43599, at *13-14.  *See also Macario v. Pratt & Whitney Canada, Inc., a Subsidiary of United Technologies*, No. 86-4951, 1989 WL 135360, at *1-2 (E.D. Pa. Nov. 7, 1989) (denying motion to supplement where plaintiff failed to state a claim as the new claims were legally insufficient).

As described above, Plaintiff seeks to add allegations that Defendants John Koresko and Penn Public Trust ("PPT") breached their fiduciary duties by taking out loans against insurance policies held by the Trust for the benefit of the Plans and not repaying the loans.  (*See* Suppl.

-4-

Compl. ¶¶ 43-48.)  Accepting these allegations as true, the DOL fails to state a legally cognizable claim because an individual claimant, including the DOL, may assert a breach of fiduciary duty cause of action involving a defined benefits plan such as this if, and only if, the alleged breach impairs the ability of the plan to pay benefits.  *See LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008).

In *LaRue*, the court clarified the distinction between *defined benefit* and *defined contribution* plans.  With regard to a defined benefit plan, which is at issue here, the court stated that the statute is "concerned with the possible misuse of plan assets, and with remedies that would protect the *entire plan*, *rather than with the rights of an individual beneficiary*."  *Id.* at 254 (quoting *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)) (emphasis added).  As such, "misconduct by the administrators of a defined benefit plan will not affect an individual's entitlement to a defined benefit *unless it creates or enhances the risk of default by the entire plan.*"  *Id.* at 255 (emphasis added).

The DOL in its Motion and supporting Memorandum has failed to allege that the Plan would be unable to pay a death benefit, nor could it.  Indeed, as indicated, the Plan Documents explicitly provide that *all plan assets* are available to satisfy any beneficiary's claim.  *See* Doc. 268-17 at 27 (REAL VEBA Plan Document § 5.04 entitled <u>Source of Benefits.</u> "The amount of Benefit shall to the extent thereof, be paid out of Contracts *and out of other funds held by the Trustee for the payment of benefits under the Plan*, in the discretion of the Trustee." (emphasis added).)  The Plan documents do not restrict a beneficiary to the amount in the corresponding insurance policy and, of course, this is not alleged.  Specifically, there are no allegations that the loans impair the value of plan assets in a participant's individual account.  Because all assets are available to pay all claims, and because the DOL has not asserted that the loans impair the ability

of the Plan to pay death benefits, the loans cannot be a basis for a breach of fiduciary duty claim. Finally, the DOL makes no attempt to link the claimed breaches of fiduciary duty set forth in ¶¶ 43-47 to an inability of the Plan to pay any individual's death benefit or to any failure on the part of the Koresko Defendants administering the various Plans to pay a single death benefit due to the Plan's lack of funds.

Therefore, the DOL's new allegations are futile because they fail to show the requisite connection or link between the loans at issue and any impairment of the Plan(s) as a result. As such, the DOL supplemental allegations could not survive a motion to dismiss. The Koresko Defendants respectfully request that the Court deny this Motion.

### B.     The DOL Has Unduly Delayed Raising These Claims, Which Will Cause Prejudice if Permitted

In *CMR D.N. Corp. v. City of Philadelphia*, No. 07-1045, 2011 WL 857294, at *6 (E.D. Pa. Mar. 11, 2011), the court denied the motion to supplement in part because the plaintiff was aware of the "new" facts for several years, and the delay would cause prejudice. That is precisely the issue here, and the DOL's motion should be similarly denied.

The DOL was clearly aware of the subject loans and could have filed this Supplemental Complaint three years ago. Additionally, in its Memorandum in Support of the Motion to Supplement, the DOL does not as much as attempt to link the "new" allegations to any information or documents obtained within that three year period; preferring, instead, to speak in broad and conclusory generalizations. Nor is there anything in the Supplemental Complaint that reveals why the DOL delayed three years before filing this Motion. If the Court permits the DOL to file the Supplemental Complaint, it is reasonably anticipated that the DOL may wish to engage in additional discovery causing an unanticipated expense and burden upon the Koresko Defendants and their attorneys. This prejudice will necessarily impact and stress the ability of

the Koresko Defendants to meet the deadlines imposed by the newly modified discovery schedule and may delay the prompt resolution of this matter.

Certainly there can be no dispute that the DOL had become cognizant of the loans referenced in the Supplemental Complaint three years ago.  As discussed, TD Bank was the subject of numerous pleadings between August 2009 and January 2010.  Namely, on December 15, 2009, the Koresko Defendants filed a Motion for an Order Directing TD Bank, N.A. and PennMont Benefit Services, Inc. to Repay Trust Policy Loans ("Motion for an Order") and specifically requested the Court to order TD Bank to "repay policy loans taken, collateralized by Trust insurance policies, the proceeds of which are 'frozen' by TD Bank." (Doc. No. 185 at ¶ 1.) As such, there is no reason for, and no mention of, why the DOL delayed three years to file the Motion to Supplement.

The DOL's contention that they are only filing now because they recently received discovery from the insurance companies and TD Bank falls flat.  The DOL's Memorandum does not identify any of those documents but, instead, merely refers to "documents" generally.  The Supplemental Complaint similarly provides little detail as to how these new allegations relate to the new documents.  Instead, the DOL alleges, without factual support or adequate reference, only what was already known to everyone involved for over three years, i.e. that Koresko and PPT applied for and obtained loans on the insurance policies held by REAL VEBA or the Single Employee Welfare Benefit Plan.  (Supp. Compl. ¶ 45.)  In fact, the DOL was aware of that fact as late as the December 15, 2009 Motion for an Order.  The DOL also contends that Koresko and PennMont misrepresented to insurance companies that PPT was the Trustee for the benefit of the Plans, not F&M.  (*Id.* ¶¶ 43-44.)  Likewise, with regard to the claimed "misrepresentations," the DOL knew that PennMont fired F&M in July 2009 as it stated in its Memorandum in Support of

Application for Temporary Restraining Order. (Doc. No. 63-1 at ¶ 1.) The DOL's allegation that Koresko and PPT submitted applications for insurance policy loans, whether based on misrepresentations or not, was known to the DOL for an extended period of time and, without more, is not relevant without allegations demonstrating some degree of linkage between the loans and the failure of a Plan to have funds to pay death benefits. (Suppl. Compl. ¶ 45)

The DOL's remaining allegations, that the proceeds of the loans were deposited into a TD Bank account in the name of John Koresko, Esquire and have not been repaid (Suppl. Compl. ¶¶ 46-47), add nothing. Moreover, and again, without any attempt to demonstrate or even allege a connection between those facts and the financial ability of the Plans to pay death benefits, the facts are not legally sufficient to withstand judicial scrutiny. Certainly the DOL knew or should have known that insurance companies charge withdrawal fees and interest. (*Id.* at ¶ 48.) This is not new; this is standard practice.

As argued, if the DOL is permitted on this Motion to litigate the bald and conclusory claims of the proposed supplemental complaint, the Koresko Defendants will be prejudiced. In determining prejudice, courts consider whether defendants will be required to "expend significant additional resources to conduct discovery and prepare for trial," whether it will "significantly delay resolution of the dispute." *Fancaster, Inc. v. Comcast Corp.*, No. 08-2922 GEB E, 2010 WL 4320422, at *4 (D.N.J. Oct. 26, 2010).

## **CONCLUSION**

For the reasons above, the Koresko Defendants respectfully request the Court deny the DOL's Motion for Leave to File Supplemental Complaint.

Date: November 1, 2012                              Respectfully submitted,

*/s/ Jeanne L. Bakker*
Jeanne L. Bakker
PA I.D. #79122
Montgomery, McCracken, Walker & Rhoads, LLP
Attorney for Defendants
123 S. Broad Street
Philadelphia, PA 19109
jbakker@mmwr.com
215/772-7521

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response in Opposition to the DOL's Motion for Leave to File Supplemental Complaint were filed electronically and made available for viewing and downloading on the Court's ECF system:

>Linda M. Henry, Esquire
>Joanne Roskey, Esquire
>Ashton S. Phillips, Esquire
>U.S. Dept. of Labor Office of the Solicitor
>170 S. Independence Mall West
>Suite 630 The Curtis Center
>Philadelphia, PA 19106
>
>Timothy J. Nieman, Esquire
>Stephen Moniak, Esquire
>Rhoads & Sinon, LLP
>One South Market Square, 12th Floor
>P.O. Box 1146
>Harrisburg, PA 17108-1146

November 1, 2012      /s/ Jeanne L. Bakker
                     Jeanne L. Bakker

3316425v2