## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION No. |
| | : | 2:09-cv-00988 |
| v. | : | |
| JOHN J. KORESKO, V, et al., | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF KORESKO DEFENDANTS
## TO SUPPLEMENTAL COMPLAINT

The Koresko Defendants, by their counsel, Jeanne L. Bakker, Esquire and Montgomery, McCracken, Walker & Rhoads, L.L.P., hereby file their Supplemental Answer and Affirmative Defenses to the alleged "new factual averments and violations" set forth in Paragraphs 43-48 and 55 of the Supplemental Complaint filed by Plaintiff.  The Koresko Defendants hereby incorporate by reference as if fully set forth herein their responses to each paragraph of the original complaint that are realleged in the Supplemental Complaint.  (The Koresko Defendants' Answer to the Complaint and Affirmative Defenses is attached hereto as Exhibit A.)

43.     The Koresko Defendants are without knowledge or information sufficient to form a belief as to the phrase "attempted to dismiss."  It is specifically denied that any actions or inactions by Koresko or PennMont with respect to F&M did not comply with the Plan documents.  By way of further response, the Plan documents are written documents that speak for themselves, and all characterizations of the documents in paragraph 43 of the Supplemental Complaint are denied.  The Koresko Defendants are also without knowledge or information

sufficient to form a belief as to the phrase "attempted to amend." By way of further response, the "amendment" referred to in paragraph 43 of the Supplemental Complaint is a written document that speaks for itself, and all characterizations of the document in paragraph 43 of the Supplemental Complaint are denied. It is specifically denied that "the Trustee" was required to consent to the "amendment." The Koresko Defendants deny the remaining allegations contained in paragraph 43 of the Supplemental Complaint.

44. The Koresko Defendants are without knowledge or information sufficient to form a belief as to the phrase "during the relevant period." It is admitted only that Koresko, under the authority granted him under the Plan documents, communicated with insurance companies regarding insurance policies owned by REAL VEBA's Trustee. It is specifically denied that any communications by Koresko with insurance companies did not comply with the Plan documents. By way of further response, the Plan documents are written documents that speak for themselves, and all characterizations of the Plan documents in paragraph 44 of the Supplemental Complaint are denied. It is specifically denied that F&M remained the sole Trustee of the REAL VEBA Trust and SEP. By way of further response, the allegation that "F&M remained the sole Trustee of the REAL VEBA Trust and SEP" is a conclusion of law to which no responsive pleading is required. The Koresko Defendants deny the remaining allegations contained in paragraph 44 of the Supplemental Complaint.

45. It is admitted only that PennMont submitted applications for insurance policy loans to insurance companies, including American General Life Insurance. It is specifically denied that Koresko and PPT submitted applications for insurance policy loans. The Koresko Defendants deny the remaining allegations contained in paragraph 45 of the Supplemental Complaint.

46.     The Koresko Defendants are without sufficient knowledge or information to form a belief as to the phrase "insurance companies issued loan checks in the name of the Trusts . . . as well as in some instances the name of the individual employer plans."  It is admitted only that the loan proceeds were deposited in a bank account at TD Bank.  By way of further response, it is specifically denied that the loan proceeds were deposited in a bank account at TD Bank in the name of "John Koresko, Esquire."  The Koresko Defendants deny the remaining allegations contained in paragraph 46 of the Supplemental Complaint.

47.     It is admitted only that PennMont submitted applications for insurance policy loans to insurance companies.  It is specifically denied that Koresko and PPT submitted applications for insurance policy loans.  The Koresko Defendants are without sufficient knowledge or information to form a belief as to the phrase "outstanding and have not been repaid."  The Koresko Defendants deny the remaining allegations contained in paragraph 47 of the Supplemental Complaint.

48.     The Plan documents are written documents that speak for themselves, and all characterizations of the documents in paragraph 48 of the Supplemental Complaint are denied. The insurance policies are written documents that speak for themselves, and all characterizations of the documents in paragraph 48 of the Supplemental Complaint are denied.  It is specifically denied that loans on insurance policies necessarily reduce the death benefits payable under the REAL VEBA Plan.  It is also specifically denied that insurance company fees related to policy loans necessarily reduce the amounts payable under the insurance policies.  The Koresko Defendants deny the remaining allegations contained in paragraph 48 of the Supplemental Complaint.

*     *     *

-3-

55.     Paragraphs 55(a) through 55(f) state conclusions of law to which no response is required. To the extent that Paragraph 55 may be deemed to aver facts, the same are denied.

WHEREFORE, Defendants John J. Koresko, Jeanne Bonney, PennMont Benefit Services, Koresko & Associates, Koresko Law Firm, P.C., Penn Public Trust, Regional Employers Assurance Leagues Voluntary Employees Beneficiary Association Trust, and Single Employer Welfare Benefit Plan Trust demand:

A.)  Dismissal of all counts of Complaint;

B.)  Entry of Judgment in favor of the Koresko Defendants and against the Plaintiffs on all claims;

C.)  Denial of all declarations sought by Plaintiff;

D.)  An award to the Koresko Defendants of counsel fees and costs;

E.)  Any other such action or relief as deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims fail to state a claim upon which relief can be granted, in whole or in part.

### Second Affirmative Defense

Plaintiff has failed to join all necessary and indispensable parties.

### Third Affirmative Defense

Without waiving the defense that ERISA does not apply, the relief sought by the Secretary is not appropriate equitable relief under Section 502 of ERISA.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the various applicable statutes of limitations.

**Fifth Affirmative Defense**

Plaintiff's claims are barred because the Koresko Defendants' actions or inactions with respect to insurance policy loans were not the proximate, legal or substantial cause of any damages, injury or loss suffered by any Participant in the Plan, the existence of which is denied.

**Sixth Affirmative Defense**

Plaintiff's claims are barred as moot to the extent that the insurance policy loans have been repaid.

**Seventh Affirmative Defense**

Plaintiff's claims are barred because the Koresko Defendants acted in good faith at all times.

Respectfully submitted,

   /s/ *Jeanne L. Bakker*
Jeanne L. Bakker (I.D. No. 79122)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7521 – fax 215-772-7620
jbakker@mmwr.com

Dated:  November 28, 2012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION No. |
| | : | 2:09-cv-00988 |
| v. | : | |
| JOHN J. KORESKO, V, et al., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing Answer to Supplemental Complaint was

sent by electronic filing to the following:

> Hilda A. Solis, Secretary of Labor
> Office of the Solicitor
> U.S. Department of Labor
> Suite 630E, The Curtis Center
> 170 S. Independence Mall West
> Philadelphia, PA 19106-3306
>
> Timothy J. Nieman, Esquire
> Stephen Moniak, Esquire
> Rhoads & Sinon LLP
> One South Market Square, 12th Floor
> P.O. Box 1146
> Harrisburg, PA  17108-1146

> ___/s/ Jeanne L. Bakker___
> Jeanne L. Bakker (I.D. No. 79122)
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 South Broad Street
> Philadelphia, PA 19109
> 215-772-7521 – fax 215-772-7620
> jbakker@mmwr.com

Dated:  November 28, 2012