IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA SOLIS, SECRETARY OF  : CIVIL ACTION
LABOR, UNITED STATES       :
DEPARTMENT OF LABOR        :
                           :
    v.                      :
                           :
JOHN J. KORESKO, V, et al. : No. 09-988

ORDER

AND NOW, this 26th day of June, 2013, IT IS HEREBY ORDERED that the Clerk of Court is directed to unseal all pleadings in the above-captioned matter, including those which have been filed under seal pursuant to the Court's Order of June 18, 2013, with the exception that Defendants' Emergency Motion to Place the Secretary's Motion for Temporary Restraining Order and Preliminary Injunction Under Seal (Docket No. 373) shall remain under seal because it contained a letter prepared by the Secretary for settlement purposes.  All other filings shall be unsealed.

    The Defendants filed an Emergency Motion to Seal the Secretary of Labor's anticipated Motion for Temporary Restraining Order and Preliminary Injunction on June 17, 2013.  The Court granted that motion on a temporary basis on June 18, 2013.

    The Secretary filed the Application for Temporary Restraining Order and Preliminary Injunction under seal on June 18, 2013.  The Defendants filed a memorandum in support of having

the Secretary's Temporary Restraining Order and Preliminary Injunction petition remain under seal on June 25, 2013.  The Secretary filed an opposition to the motion remaining under seal on June 26, 2013.

Upon consideration of the defendants' initial motion to seal, the Secretary's Application for Temporary Restraining Order and Preliminary Injunction, and the supplemental memorandum from both parties regarding whether the Secretary's Application should remain under seal, the Court finds that the defendants have not met the standard to have the Secretary's Application remain under seal.

The common law establishes a presumption of public access to court proceedings and records.  <u>Littlejohn v. BIC Corp.</u>, 852 F.2d 673, 678 (3d Cir. 1988).  In addition, the "public's interest is particularly legitimate and important where . . . at least one of the parties to the action is a public entity or official."  <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d. Cir. 1994).

The party seeking to seal judicial records bears a heavy burden of justifying such a seal.  The moving party must show that "the material is the kind of information that the courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."  <u>In re Cendant Corp.</u>, 260 F.3d 183, 194 (3d. Cir. 2001).  "In

delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." Id. (internal citation omitted).

Here, the defendants argue that the allegations made in the Secretary's Application would cause the defendants serious and irreversible embarrassment, reputational harm, and damage to defendants' businesses if publicly disclosed.

However, the defendants have failed to make a showing of the particularized harm that would warrant keeping the Secretary's Application under seal. Although the defendants seek to protect the business reputation of Mr. Koresko and his related entities, their situation is not sufficiently distinguishable from other lawsuits alleging breaches of fiduciary duties where the records are routinely open to the public.

Indeed, earlier in this very case, Judge Jones denied a motion to seal after the Koresko defendants made similar arguments that the Secretary's allegations would harm their business reputations. Docket No. 15.

The defendants also argued that the Secretary's Application should remain under seal because the filings contain information regarding plan participants and beneficiaries. However, this situation is not distinguishable from other ERISA lawsuits and such information was placed in the public record as

part of the Secretary's previous motion for summary judgment.

Therefore, the defendants have not met their burden with respect to the seal and the Clerk of Court is directed to unseal all pleadings in the above-captioned matter with the exception that Defendants' Emergency Motion to Place the Secretary's Motion for Temporary Restraining Order and Preliminary Injunction Under Seal (Docket No. 373) shall remain under seal. No future pleadings shall be filed under seal without first obtaining leave from the Court.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.