**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : | |
| v. | : | No. 09-988 |
| JOHN J. KORESKO, V, et al. | : : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST | : : : : | |
| v. | : | No. 03-6903 |
| GRETCHEN CASTELLANO | : : | |
| v. | : : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST BY PENMONT BENEFIT SERVICES, INC., PLAN ADMINISTRATOR, et al. | : : : : : : | |
| HARRY R. LARKIN, et al. | : : | |
| v. | : | No. 11-7421 |
| PENN PUBLIC TRUST, et al. | : : | |
| GREGORY A. OSWOOD et al. | : : | |
| v. | : | No. 13-0666 |
| PENN PUBLIC TRUST, et al. | : : | |

## **CONSENT ORDER**

NOW, this _____ day of July, 2013, upon Motion of the Koresko Parties For Emergency Relief from the Interim Order entered by the Court on June 28, 2013, and without objection from the Secretary on behalf of all the Parties herein, it is hereby ORDERED that the Motion is GRANTED as follows:

1.The Interim Order shall remain in place in all respects, except as provided in paragraphs 2 and 3.

2.With respect to Continental Bank Account xxxxx1476 ("Penn Public Trust, Inc. 412 Account"), the freeze shall remain in place up to the amount of $259,382.86. The remaining balance in this account shall be transferred on July 5, 2012 to Continental Bank Account xxxxx 1484 ("Penn Public Trust, Inc. 412 Account").

3.With respect to Continental Bank Account xxxxx 1484 ("Penn Public Trust, Inc. 412 Account"), the following amounts may be negotiated by wire transfer executed on July 5, 2012:

(a)A transfer in the amount of $124,609.10 to Lafayette Life Insurance Company for payment of premiums due on four insured defined benefit plans; and

(b)A transfer in the amount of $29,483.28 in a trustee to trustee transfer of funds for an employer's defined benefit pension plan.

BY THE COURT,

_____
MARY McLAUGHLIN,  J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : | |
| v. | : | No. 09-988 |
| JOHN J. KORESKO, V, et al. | : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST | : | |
| v. | : | No. 03-6903 |
| GRETCHEN CASTELLANO | : | |
| v. | : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST BY PENMONT BENEFIT SERVICES, INC., PLAN ADMINISTRATOR, et al. | : | |
| HARRY R. LARKIN, et al. | : | |
| v. | : | No. 11-7421 |
| PENN PUBLIC TRUST, et al. | : | |
| GREGORY A. OSWOOD et al. | : | |
| v. | : | No. 13-0666 |
| PENN PUBLIC TRUST, et al. | : | |

**MOTION FOR EMERGENCY RELIEF
FROM INTERIM ORDER DATED JUNE 28, 2013**

The Koresko Parties, by and through their counsel, and without objection by the Secretary on behalf of all Parties, hereby move for emergency relief from the Interim Order entered by the Court on June 28, 2013 as follows:

1. Penn Public Trust is the Trustee of funds held in an account titled "412 Escrow Account" at Continental Bank for the purpose funding certain insured defined benefit pension plans. The last four numbers of this Continental Bank account are 1476 ("1476 Account"). *See* Declaration of Lawrence Koresko dated July 3, 2013 paragraphs 1, 2 (Exhibit A).

2. Penn Public Trust is the Trustee of funds held in an account titled "412 Escrow Account" at Continental Bank for the purpose funding certain insured defined benefit pension plans. The last four numbers of this Continental Bank account are 1484 ("1484 Account").

3. The 1476 Account and the 1484 Account are subject of the Court's Interim Order dated June 28, 2013 which imposed a temporary freeze on the funds held in these accounts.

4. The funds in the 1476 Account are completely unrelated to REAL VEBA and Single Employer Plan, and are not held in connection with any employer level arrangement associated with REAL VEBA or Single Employer Plan. Ex A, paragraph 4.

5. However, the Secretary maintains that $259,382.86 now held in the 1476 Account derive from assets held by the REAL VEBA Trust.

6. Prior to the issuance of the Interim Order dated June 28, 2013, Penn Public Trust issued four checks on the 1476 Account payable to Lafayette Life Insurance Company for payment of insurance premiums on four insured defined benefit pension plans. The four checks at issue are check numbers 1184, 1185, 1186 and 1187. Ex A, paragraph 5. The total amount of these checks is $124,609.10.

6.      If the insurance premiums covered by check numbers 1184, 1185, 1186 and 1187 are not timely paid, the participants in the defined benefit pension plans will be harmed. Ex A, paragraph 6.

7.      Two of the checks payable to Lafayette Life Insurance Company are for new annuity policies. If these insurance premiums are not timely paid, the participants will lose interest credited by the insurance carrier. The carrier has imposed a deadline of Monday, July 8 to receive premiums. If premiums are not received they will require new applications further delaying placement of the policies. Ex A, paragraph 7.

8.      Two of the checks payable to Lafayette Life Insurance Company are for premium payments on existing whole life insurance policies. If these insurance premiums are not timely paid, the policies will automatically pay premium via the Automatic Premium Loan provision in the policies which means that the premium will be automatically paid by way of a loan against the policy triggering accrual of interest. Ex A, paragraph 8.

9.      Prior to the issuance of the Interim Order dated June 28, 2013, Penn Public Trust also issued check number 1183 on the 1476 Account for a trustee to trustee transfer. The new trustee is assuming Penn Public Trust's duties with respect to the employer's defined benefit plan. *See* Declaration of Lawrence Koresko dated July 3, 2013 paragraph 4 (Exhibit B). The amount of this check is $29,483.28.

10.      If the previously described trustee to trustee transfer is not timely paid prior to July 8, 2013, the participants in the employer's defined benefit pension plan will be harmed. Ex. B, paragraph 5.

WHEREFORE, based on the foregoing, the Koresko Parties respectfully request, and without objection by the Secretary on behalf of all parties, that an Order, proposed herein, grant the following emergency relief:

(a) With respect to the 1476 Account, the freeze shall remain in place up to the amount of $259,382.86. The remaining balance in this account shall be transferred on July 5, 2012 to the 1484 Account.

(b) With respect to 1484 Account, the following amounts may be negotiated by wire transfer executed on July 5, 2012:

(i) A transfer in the amount of $124,609.10 to Lafayette Life Insurance Company for payment of premiums due on four insured defined benefit plans; and

(ii) A transfer in the amount of $29,483.28 in a trustee to trustee transfer of funds for an employer's defined benefit pension plan.

July 3, 2013                                                  Respectfully,


                                                              ___s/ Jeanne L. Bakker_____
                                                              Jeanne L. Bakker
                                                              PA I.D. # 79122
                                                              Montgomery, McCracken, Walker & Rhoads L.L.P.
                                                              123 South Broad Street
                                                              Philadelphia, PA  19109
                                                              jbakker@mmwr.com
                                                              (215) 772-7521

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date the foregoing Motion for Emergency Relief from the Interim Order dated June 28, 2013 was sent by email to the following:

      Linda M. Henry, Esquire
      Joanne Roskey, Esquire
      Ashton S. Phillips, Esquire
      U.S. Dept. of Labor Office of the Solicitor
      170 S. Independence Mall West
      Suite 630 The Curtis Center
      Philadelphia, PA 19106

      Ira B. Silverstein, Esq.
      Hargraves McConnell & Costigan, P.C.
      10 Penn Center
      1801 Market Street
      Suite 2300
      Philadelphia, PA 19103

July 3, 2013                *s/ Jeanne L. Bakker*_____
                                 Jeanne L. Bakker
                                 PA I.D. #79122
                                 Montgomery, McCracken, Walker & Rhoads, LLP
                                 Attorney for Defendants
                                 123 S. Broad Street
                                 Philadelphia, PA 19109
                                 jbakker@mmwr.com
                                 (215) 772-7521

# EXHIBIT A

## DECLARATION OF LAWRENCE KORESKO

I, LAWRENCE KORESKO, do hereby declare as follows:

1. I am the Vice President of PennMont Benefit Services, Inc.

2. Penn Public Trust is the Trustee of funds held for the purpose of certain insured defined benefit pension plans.

3. Penn Public Trust has an account titled "412 Escrow Account" at Continental Bank for the purpose of holding funds that provide for the insurance premiums on certain insured defined benefit pension plans. The last four numbers of this Continental Bank account are 1476.

4. The funds in the "412 Escrow Account" are completely unrelated to REAL VEBA and Single Employer Plan, and are not held in connection with any employer level arrangement associated with REAL VEBA or Single Employer Plan.

5. Prior to the issuance of the Interim Order dated June 28, 2013, Penn Public Trust issued four checks payable to Lafayette Life Insurance Company for payment of insurance premiums. The four checks at issue are check numbers 1184, 1185, 1186 and 1187.

6. As further explained below, if these checks are not timely negotiated by Continental prior to July 8, 2013, the participants in the defined benefit pension plans will be harmed.

7. Two of the checks payable to Lafayette Life Insurance Company are for new annuity policies. If the checks are not timely negotiated, the participants will lose interest credited by the insurance carrier. The carrier has imposed a deadline of Monday, July 8 to receive premiums. If premiums are not received they will require new applications further delaying placement of the policies.

8. Two of the checks payable to Lafayette Life Insurance Company are for premium payments on existing whole life insurance policies. If the checks are not timely negotiated, the policies will automatically pay premium via the Automatic Premium Loan provision in the policies which means that the premium will be automatically paid by way of a loan against the policy triggering accrual of interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, 2013.

_____
LAWRENCE KORESKO

# EXHIBIT B

# DECLARATION OF LAWRENCE KORESKO

I, LAWRENCE KORESKO, do hereby declare as follows:

1. I am the Vice President of PennMont Benefit Services, Inc.

2. Penn Public Trust is the Trustee of funds held for the purpose of certain insured defined benefit pension plans.

3. Penn Public Trust has an account titled "412 Escrow Account" at Continental Bank for the purpose of holding funds that provide for the insurance premiums on certain insured defined benefit pension plans. The last four numbers of this Continental Bank account are 1476.

4. The funds in the "412 Escrow Account" are completely unrelated to REAL VEBA and Single Employer Plan, and are not held in connection with any employer level arrangement associated with REAL VEBA or Single Employer Plan.

5. Prior to the issuance of the Interim Order dated June 28, 2013, Penn Public Trust issued check number 1183 in a trustee to trustee transfer. The new trustee is assuming Penn Public Trust's duties with respect to the employer's defined benefit plan.

6. If this check is not timely negotiated by Continental prior to July 8, 2013, the participants in the employer's defined benefit pension plan will be harmed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, 2013.

_____
LAWRENCE KORESKO

-2-