## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : | |
| v. | : | No. 09-988 |
| JOHN J. KORESKO, V, et al. | : : : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST | : : : : : | |
| v. | : | No. 03-6903 |
| GRETCHEN CASTELLANO | : : | |
| v. | : : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST BY PENMONT BENEFIT SERVICES, INC., PLAN ADMINISTRATOR, et al. | : : : : : : | |
| HARRY R. LARKIN, et al. | : : | |
| v. | : : | No. 11-7421 |
| PENN PUBLIC TRUST, et al. | : : | |
| GREGORY A. OSWOOD et al. | : : : | |
| v. | : : | No. 13-0666 |
| PENN PUBLIC TRUST, et al. | : : : | |

-1-

3479703v2

### DEFENDANTS' PRELIMINARY RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants, John J. Koresko, V, Jeanne Bonney, and PennMont Benefit Services, Inc. ("PennMont"), Koresko & Associates P.C. ("KAPC"), the Koresko Law Firm P.C. ("KLF"), and Penn Public Trust ("PPT") (collectively "Defendants"), by and through their Counsel, submit this preliminary response to the Application for Temporary Restraining Order and Preliminary Injunction filed by the Secretary of the Department of Labor (the "Motion"). By Order filed June 28, 2013 (Doc. 391), the Court designated the July 8, 2013 hearing to "proceed as a hearing on the temporary restraining order motions and as a status hearing regarding Mr. Koresko's health." Order at 2. The Court added that "[t]he July 8 hearing will not be a full evidentiary hearing. Instead, the Court will hear arguments regarding interim relief at that hearing and discuss with counsel scheduling an evidentiary hearing." *Id.* In light of the limited purpose of the July 8, 2013 hearing, Defendants herein respond to the Motion insofar as and only to the extent it seeks a Temporary Restraining Order. Defendants reserve the right to brief the Motion further and present evidence in opposition to the Motion at an evidentiary hearing.[1]

1. Defendants admit only that the Secretary filed the March 6, 2009 Complaint and the November 28, 2012 Supplemental Complaint. Defendants deny that the Secretary is entitled to any relief under either the Complaint or the Supplemental Complaint, and deny that they

---

[1] By Order filed June 26, 2013 (Doc. 385), the Court ruled that the July 8, 2013 hearing shall also address, on a combined basis, the motions for injunctive relief filed in the *Castellano*, *Larkin*, and *Oswood* cases docketed at Nos. 2:03-cv-06903-MAM, 2:11-cv-07421-MAM, and 2:13-cv-00666-MAM, respectively. The Court stated that the motions in those cases "are substantially identical and they raise similar issues and seek similar relief as the motion filed by the DOL," and appointed counsel for the DOL as lead counsel for all movants. Defendants respectfully request that this response be deemed to respond to the motions in the *Castellano*, *Larkin*, and *Oswood* cases. Defendants reserve the right to brief the motion in those cases further and present evidence in opposition to them at an evidentiary hearing.

violated any provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  By way of further response, and as explained in greater detail in their pending Motion for Reconsideration of the Court's partial summary judgment order entered August 3, 2012 (Doc. 330), Defendants deny that there is jurisdiction or statutory authority to maintain this action, because the "plans" to which this action relates are not ERISA plans and are not subject to regulation under ERISA or by actions commenced by the Secretary. *See, e.g., US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1547-48 (2013) (action – in the present case amendment of governing documents – taken pursuant to document's terms not subject to nullification by equitable principles; "if the agreement governs, the agreement governs"); *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285, 300 (2009) (claim "stands of falls by 'the terms of the plan'") (citing 29 U.S.C. § 1132(a)(1)(B)); *Lockheed, Corp. v. Spink*, 517 U.S. 882, 890 (1996) (settlor act of amending a plan document is not a fiduciary act subject to ERISA's fiduciary requirements or other ERISA public policy considerations)..  In addition, Defendants deny that there is jurisdiction or statutory authority to maintain this action because the assets owned by the REAL VEBA Trustee and held in the REAL VEBA Trust are not ERISA "plan assets" under "ordinary notions of property rights under non-ERISA law."  *See Sec'y of Labor v. Doyle,* 675 F.3d 187 (3d Cir. 2012).

    2.    Defendants admit only that the Secretary filed a Memorandum of Law and Exhibits accompanying the Motion.  Defendants deny that the Memorandum of Law and the Exhibits attached thereto support any conclusion that Defendants Koresko, PennMont, KAPC and KLF (the "Koresko Defendants") have diverted and dissipated what the Secretary asserts are "Plan assets" in violation of ERISA.  Defendants further respond that the Secretary's purported evidence attached to the Motion is inaccurate and unreliable, and provides no support for

issuance of a TRO. For example, of the 126 "Plans" that the Secretary, through the Declaration of Jocelyn Diaz Sweeting attached as Exhibit GX 25 to the Motion, asserts are subject to her enforcement authority, only 54 – or 43% percent – are active plans where claims might be made in the future. *See* Declaration of Larry Townsend in Opposition to Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction, executed July 2, 2013, and Exhibit A attached thereto, which identifies as "Active" and "Inactive" the 126 "Plans" identified by the Secretary. Further, loans are outstanding on insurance policies issued with respect to participants in at most 23 of those Plans. The Secretary's purported evidence of the "Plans" and loans of which she makes so much is radically overbroad, and provides an unreliable and wholly deficient account of the assets as to which the Secretary would have the Court exercise its extraordinary powers on this Motion.

3. Defendants deny that the assets listed in paragraph 3 of the Motion have been diverted and dissipated in violation of ERISA, deny that any actions taken with respect to those assets have violated ERISA, and deny that diversion of assets has "continued" as alleged by the Secretary.

4. Denied. By way of further answer, Defendants deny that the allegations of paragraph 4 are relevant to the Secretary's burden on a Motion for a TRO. "Injunctive relief is an extraordinary pre-trial remedy that should only be granted in limited circumstances." *United States v. City of Philadelphia*, No. 2:06cv4592, 2006 WL 3922115, at *1 (E.D. Pa. Nov. 7, 2006) (citing *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004)). The standard is not different when the government sues. "In order to receive injunctive relief, the plaintiff must show that (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the

defendant; and (4) granting the injunction is in the public interest." *Id.* (citing *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005)). The legitimacy of the transactions the Secretary identifies in paragraph 3 of the Motion raises questions of fact that run to the merits of the Secretary's action and are not properly before the Court on this application for a TRO. Rather, the purported "dissipation" of assets says nothing regarding the key irreparable-harm requirement on any TRO motion. Here, the Secretary has utterly failed to show that REAL VEBA lacks sufficient funds to pay the actuarially expected claims against the Plans at issue. In other words, the Secretary has failed to show that REAL VEBA lacks the money to pay the claims *as they come due*. In point of fact, with the exception of a small number of disputed claims, all claims have been paid and there is no risk that this course of performance will change. The Secretary's position amounts to the assertion that REAL VEBA is obligated to have, at all times, enough money to pay every possible death claim as if every covered person were to die tomorrow. That assumption is, to put it mildly, wildly unrealistic and does not accurately state the obligations at issue here. REAL VEBA has sufficient funds to meet any reasonable estimate of its obligations, which eliminates the risk of immediate and irreparable harm and dooms the Secretary's prospects for a TRO. In short, the DOL's position is no better now than it was four years ago when Judge Jones denied its original request for a TRO on July 17, 2009 (Doc. 71).

5. Denied. By way of further answer, Defendants respond that the allegations of paragraph 5 fail to support issuance of a TRO, because regardless of whether they are ultimately found to have merit, they fail to support any finding that in the absence of a TRO, anyone will suffer immediate and irreparable harm.

6. Defendants deny that the Secretary is entitled to any of the relief requested in

3479703v2

paragraph 6 of the Motion. By way of further answer, Defendants respond that the inaccurate and incomplete record filed with the Motion fails to show that any of the requirements for issuance of a TRO are satisfied. The Secretary has not shown that the DOL has a likelihood of success on the merits; there has been no evidentiary hearing and while Defendants have, by the Townsend Declaration, cast grave doubt on the accuracy and reliability of the Secretary's purported evidence, Defendants submit that the evidence they will be able to submit at an evidentiary hearing will negate a large part of the Secretary's allegations. Second, as discussed *supra*, the Secretary has completely failed to show how there will be immediate and irreparable harm to any plan or plan participant if a TRO is not entered. With the exception of a small number of disputed claims, no claimant under the Plans has gone unpaid, and as to any disputed claims, some are in litigation and all would, if litigated, have an adequate remedy at law. Despite the ominous-sounding allegations in the Motion, the Secretary points to not one case where beneficiaries have been impaired or gone wanting *as a result* of the conduct alleged. Whatever the ultimate merits of the Secretary's allegations, the conduct the Secretary complains about poses no threat of loss to any beneficiary, because those beneficiaries will present their claims at an actuarially reasonable expected rate. There is no immediate or irreparable harm to expected beneficiaries that would mandate the issuance of a TRO. A TRO will, however, indubitably harm Defendants, their businesses, and their livelihoods. That is no support for issuance of a TRO.

7.     Defendants deny that a TRO is in the public interest. On the contrary, this case concerns private employer arrangements under private contracts, and there is no way in which an amorphously stated "public interest" would be served by restraining Defendants in the absence of any showing of immediate risk to plan beneficiaries. The Secretary points to preservation of

"the Plans' assets" and "the interests of the Plans' participants and beneficiaries." Those are not public assets, and the right to payment under the Plan documents – which Defendants repeat has not been impaired as to past beneficiaries or expected future claims as they reasonably accrue – is of no general concern to the public. There is no public-interest rational for a TRO here.

8. Defendants deny that the Motion and accompanying Exhibits remotely meet the Secretary's extraordinary burden to justify issuance of a TRO. For all of the above reasons, the Court should deny the Motion and decline to issue a TRO.

July 5, 2013

Respectfully submitted,

_s/ Jeanne L. Bakker_
Jeanne L. Bakker
PA I.D. #79122
Montgomery, McCracken, Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
jbakker@mmwr.com
215-772-7521

## CERTIFICATE OF SERVICE

      I hereby certify that on this date the foregoing preliminary response to the Application for Temporary Restraining Order and Preliminary Injunction was sent by email to the following:

>Linda M. Henry, Esquire
>Joanne Roskey, Esquire
>Ashton S. Phillips, Esquire
>U.S. Dept. of Labor Office of the Solicitor
>170 S. Independence Mall West
>Suite 630 The Curtis Center
>Philadelphia, PA 19106
>
>Ira B. Silverstein, Esq.
>Hargraves McConnell & Costigan, P.C.
>10 Penn Center
>1801 Market Street
>Suite 2300
>Philadelphia, PA 19103

July 5, 2013

                                        _____*s/ Jeanne L. Bakker*_____
                                        Jeanne L. Bakker
                                        PA I.D. #79122
                                        Montgomery, McCracken, Walker & Rhoads, LLP
                                        Attorney for Defendants
                                        123 S. Broad Street
                                        Philadelphia, PA 19109
                                        jbakker@mmwr.com
                                        215-772-7521

3479703v2

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN J. KORESKO, V, et al.,<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:09-cv-00988-MAM |

## DECLARATION OF LARRY TOWNSEND IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Larry Townsend, declare as follows:

1. I am Larry Townsend, and I am responsible for the administrative work associated with the welfare benefit plans administered by defendant Penn-Mont Benefit Services, Inc. ("Penn-Mont").

2. I have personally prepared the spreadsheet attached hereto as Exhibit "A", entitled "Current Status of Department of Labor List of Employers." This spreadsheet was prepared by consulting the documents and records of Penn-Mont, kept in the normal course of the regularly-conducted business activity of Penn-Mont. This spreadsheet includes the latest available information from Employers as of July 2, 2013.

3477192v1

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2013.

_____
Larry Townsend

3477192v1

# EXHIBIT A

CURRENT STATUS OF DEPARTMENT OF LABOR LIST OF EMPLOYERS

| No | EMPLOYER | ACTIVE-INACTIVE | TERM DATE | TERM TYPE | TERM REASON | COMMENTS | LAST YEAR OF NOE | TOTAL NOE | NOE ELIGIBLE | NOE WAIVED | NOE INELIGIBLE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ACCESS COMMUNICATIONS, INC. | I | 1/2/2007 | RR | R | | | | | | |
| 2 | ACT MANAGEMENT CO. | A | | | | Management Company | | 1 | 1 | 0 | 0 |
| 3 | AMARO MANAGEMENT CORP. | I | 1/9/2013 | Invol | C | | | | | | |
| 4 | AMBIENCE LANDSCAPE CORPORATION | I | 2/22/2005 | Invol | C | | | | | | |
| 5 | ANTHEM MEDICAL MANAGEMENT | A | | | | Company closed | | 0 | 0 | 0 | 0 |
| 6 | ARCH DENTAL ASSOCIATES, P.C. | A | | | | | 2005 | 0 | 0 | 0 | 0 |
| 7 | ARIZONA OTOLARYNGOLOGY CENTER, P.C. | I | 12/28/2005 | RR | R | | | | | | |
| 8 | A-TECH CONCRETE CO. | A | | | | All NOE policies in force | | 8 | 8 | 0 | 0 |
| 9 | AUGUSTINE B JIMENEZ,, III, P.C. | I | 12/21/2004 | ND | R | | | | | | |
| 10 | B&L SHEET METAL & ROOFING, INC. | I | 8/7/2011 | ND | R | | | | | | |
| 11 | BARRY DIAMOND, P.A. | I | 7/1/2003 | RR | R | | | | | | |
| 12 | BASELINE HOLDINGS, INC. | A | | | | | | 1 | 1 | 0 | 0 |
| 13 | BEN FRANKLIN MANAGEMENT, INC. | I | 11/25/2008 | Invol | C | | | | | | |
| 14 | BRADDOCK CONSTRUCTION, INC. | I | 10/11/2005 | AT | A | | | | | | |
| 15 | BRIARPATCH, INC. | A | | | | | | 8 | 8 | 0 | 0 |
| 16 | BRIGHAM CITY ARTHRITIS CLINIC P.C. | A | | | | | 2012 | 0 | 0 | 0 | 0 |
| 17 | BROWN & LUKE CONTRACTING, INC. | I | 12/3/2004 | Invol | C | | | | | | |
| 18 | BSP SOLUTIONS, INC. | A | | | | | 2007 | 0 | 0 | 0 | 0 |
| 19 | CARLISLE INSURANCE AGENCY, INC | I | 5/26/2005 | RR | R | | | | | | |
| 20 | CENTRAL GEORGIA CARDIOLOGY, LLC | I | 5/1/2006 | AT | AT | | | | | | |
| 21 | CETYLITE INDUSTRIES, INC. | A | | | | Medical only since 2006 | | | | | |
| 22 | CHRISTOPHER LYDEN, D.C., P.C. | I | 4/13/2005 | RR | R | | | | | | |
| 23 | CLASSIC DESIGN, INCORPORATED | I | 3/2/2007 | RR | R | | | | | | |
| 24 | CLEBURNE MEDICAL CLINIC | A | | | | | | 19 | 9 | 0 | 10 |
| 25 | COLUMBIA DATA PRODUCTS, INC. | A | | | | | | 11 | 1 | 8 | 2 |
| 26 | COMFORT ENGINEERS, INC. | I | 5/4/2004 | Invol | C | Medical only at time of termination | | | | | |
| 27 | COMMERCIAL MASONRY | A | | | | | | 1 | 1 | 0 | 0 |
| 28 | COMPLETE MEDICAL CARE SERVICE OF NY, P.C. | A | | | | | | 16 | 4 | 12 | 0 |
| 29 | CORNERSTONE MASONRY, INC. | I | 12/24/2003 | Invol | C | | | | | | |
| 30 | CSI MANAGEMENT COMPANY, INC. | I | 8/2/2012 | ND | R | | | | | | |
| 31 | DAN MADISON & CO., INC. | I | 10/10/2006 | RR | R | | | | | | |
| 32 | DANSKO, INC. | I | 5/17/2002 | RR | R | | | | | | |
| 33 | DATALINK ELECTRONICS, INC. | A | | | | | 2007 | 0 | 0 | 0 | 0 |
| 34 | DAVID C. SPOKANE ORTHODONTIC ASSOC., P.C. | A | | | | | | 24 | 17 | 7 | 0 |
| 35 | DECOR COORDINATES, INC. | I | 11/12/2002 | Ferraro | D | | | | | | |
| 36 | DELAWARE COUNTY UROLOGICAL ASSOCIATES, LTD. | A | | | | | | 5 | 3 | 1 | 1 |
| 37 | DEVICE ENGINEERING INCORPORATED | I | 11/1/2005 | RR | R | | | | | | |
| 38 | DOMENIC M. CASTELLANO, D.D.S., P.A. | I | 10/22/2003 | Castellano | D | | | | | | |
| 39 | E. ROBERT FUSSELL | I | 5/7/2008 | RR | R | | | | | | |
| 40 | CORPORATION | A | | | | | | 2 | 2 | 0 | 0 |
| 41 | EISLER NURSERIES, INC. | A | | | | Med/Edu only after 2008 | | | | | |
| 42 | ELLIS LANDSCAPE, INC. | I | 5/4/2005 | RR | R | | | | | | |
| 43 | EMERGENCY MEDICINE RESOURCES | A | | | | | 2008 | 0 | 0 | 0 | 0 |
| 44 | FAIRSHARE, INC. | I | 2/18/2008 | Invol | C | | | | | | |
| 45 | FIRST STREET GRILLE MANAGEMENT CO., INC. | I | 4/12/2005 | RR | R | | | | | | |
| 46 | FOOT & LEG CENTERS OF GA, PC | I | 2/14/2006 | RR | R | | | | | | |
| 47 | HADDON ORTHODONTICS, P.C. | A | | | | | | 5 | 5 | 0 | 0 |
| 48 | HANK BAILEY FINANCIAL SERVICES, INC. | I | 1/18/2005 | RR | R | | | | | | |
| 49 | HARRY H. MONOKIAN, D.M.D., P.A. | A | | | | | 2006 | 0 | 0 | 0 | 0 |
| 50 | HARVEY PASSES, DDS, P.C. | I | 3/16/2006 | RR | R | | | | | | |
| 51 | HAZLET PHARMACY | A | | | | | | 31 | 24 | 2 | 5 |
| 52 | HORN ELECTRIC | I | 2/14/2006 | RR | R | | | | | | |

| No | EMPLOYER | ACTIVE-INACTIVE | TERM DATE | TERM TYPE | TERM REASON | COMMENTS | LAST YEAR OF NOE | TOTAL NOE | NOE ELIGIBLE | NOE WAIVED | NOE INELIGIBLE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 53 | HYANNIS MARINA, INC. | I | 12/31/2009 | Invol | C | | | | | | |
| 54 | ICCO MANAGEMENT CORP. | I | 10/24/2011 | Invol | C | | | | | | |
| 55 | INNOVATIVE CARE MANAGEMENT, INC. | I | 7/11/2003 | RR | R | | | | | | |
| 56 | INNOVATIVE DESIGN, INC. | A | | | | | 2007 | 0 | 0 | 0 | 0 |
| 57 | INTERNATIONAL TRAVEL CONSULTANTS, INC | I | 3/28/2005 | RR | R | | | | | | |
| 58 | JAY STEER, CPA | A | | | | | | 4 | 4 | 0 | 0 |
| 59 | JLNC, INC. | I | 4/19/2012 | Invol | C | | | | | | |
| 60 | JOHN SHARRATT ASSOCIATES, INC. | A | | | | | | 2 | 2 | 0 | 0 |
| 61 | JOYCE & ASSOCIATES CONSTRUCTION, INC. | I | 2/25/2002 | RR | R | | | | | | |
| 62 | KIN W. LUI, M.D. | I | 4/15/2005 | RR | R | | | | | | |
| 63 | KLINE, SCOTT, VISCO COMMERCIAL REAL ESTATE, INC. | I | 2/15/2013 | Invol | C | | | | | | |
| 64 | L.A. DOWNEY & SON, INC. | I | 4/9/2003 | Invol | C | | | | | | |
| 65 | LAW OFFICES OF EUGENE L. WEISBEIN | I | 9/10/2007 | Weisbein | D | | | | | | |
| 66 | LAW OFFICES OF MICHAEL W. LUCANSKY, P.A. | A | | | | | 2007 | 0 | 0 | 0 | 0 |
| 67 | LAWRENCE ORTHOPAEDICS | I | 8/1/2005 | RR | R | | | | | | |
| 68 | LGS SPECIALTY SALES, LTD | I | 4/7/2010 | ND | R | | | | | | |
| 69 | LYLE J. MICHELI, M.D., P.C. | A | | | | Management Company | | 1 | 1 | 0 | 0 |
| 70 | M.J. HOAG CONTRACTING, INC. | A | | | | Management Company-no census since 2009 | | 6 | 6 | 0 | 0 |
| 71 | MARIO MAGCALAS, M.D., P.A. | A | | | | | | 9 | 5 | 1 | 3 |
| 72 | MBT MANAGEMENT, INC. | A | | | | Management Company | | 1 | 1 | 0 | 0 |
| 73 | MCREG INDUSTRIES, INC. | I | 6/9/2004 | Invol | C | | | | | | |
| 74 | METROPOLITAN ENT | A | | | | | NA | 0 | 0 | 0 | 0 |
| 75 | MIDA, INC. | I | 4/14/2008 | RR | R | | | | | | |
| 76 | MINI PRECISION DEVICES, CO., INC. | A | | | | | | 6 | 5 | 0 | 1 |
| 77 | NAUTICAL MARINE | A | | | | | | 2 | 1 | 0 | 1 |
| 78 | NEW ENGLAND FINISH SYSTEMS, INC | I | 11/14/2005 | RR | R | | | | | | |
| 79 | NEWELL BROTHERS CONSTRUCTION CO., INC. | A | | | | Management Company | | 1 | 1 | 0 | 0 |
| 80 | OLOUAKAN COMLUCT, INC. | A | | | | NOE covered by Group Term Life outside plan | | 44 | 44 | 0 | 0 |
| 81 | OLYMPIC HORTICULTURAL PRODUCTS | I | 1/28/2003 | Invol | L | | | | | | |
| 82 | P.J. REDDY, M.D., P.A. | A | | | | | | 9 | 3 | 0 | 6 |
| 83 | PAUL J. CORRADO, JR., D.D.S. | I | 3/27/2008 | RR | R | | | | | | |
| 84 | PERRY REDING, M.D., P.A. | A | | | | | 2007 | 0 | 0 | 0 | 0 |
| 85 | PLATFORM SERVICES, INC | I | 3/27/2003 | Invol | C | | | | | | |
| 86 | PROGRESSIVE DOOR CORP. | A | | | | | 2008 | 0 | 0 | 0 | 0 |
| 87 | PROGRESSIVE MOTION, INC. | I | 9/13/2005 | Invol | C | | | | | | |
| 88 | RAM PIPE & SUPPLY, INC. | I | 7/19/2005 | RR | R | | | | | | |
| 89 | RE-VITA MANUFACTURING CO. | I | 10/31/2002 | Unknown | U | | | | | | |
| 90 | RIZZO & ASSOCIATES, INC. | I | 12/3/2008 | Settlement | L | | | | | | |
| 91 | ROBERT G. OSTOYICH, D.M.D., P.C. | A | | | | | | 2 | 2 | 0 | 0 |
| 92 | ROBERT S. BLOCK TECHNOLOGIES | I | 11/21/2007 | RR | R | | | | | | |
| 93 | S.H. SILVER COMPANY, INC. | A | | | | | | 10 | 3 | 1 | 6 |
| 94 | SCHAUER AND ASSOCIATES, INC | A | | | | | | 1 | 1 | 0 | 0 |
| 95 | SCIENTIFIC SYSTEMS COMPANY, INC. | I | 8/1/2003 | RR | R | | | | | | |
| 96 | SHEFFIELD DISTRIBUTING COMPANY, INC. | A | | | | | 2010 | 0 | 0 | 0 | 0 |
| 97 | SHEREE B. LIPKIS, M.D., P.C. | A | | | | | 2009 | 0 | 0 | 0 | 0 |
| 98 | SIDNEY CHARLES MARKETS, INC. | I | 10/15/2008 | Invol | | | | | | | |
| 99 | SKULLS UNLIMITED INTERNATIONAL, INC | I | 6/18/2010 | Invol | C | | | | | | |
| 100 | SMEESTER BROS., INC. | A | | | | NOE is Highly comp'd | | 1 | 1 | 0 | 0 |
| 101 | SOUTH TEXAS WOODMILL, INC. | I | 7/28/2011 | Wilhite | D | | | | | | |
| 102 | SOUTHERN INSURANCE CONSULTANTS, INC. | I | 2/27/2012 | Invol | C | | | | | | |
| 103 | SPENCER MANAGEMENT, INC. | I | 12/29/2005 | Invol | C | | | | | | |
| 104 | STEVEN G REITAN, DDS, LTD | I | 7/31/2006 | Invol | C | | | | | | |

CURRENT STATUS OF DEPARTMENT OF LABOR LIST OF EMPLOYERS

| No | EMPLOYER | ACTIVE-INACTIVE | TERM DATE | TERM TYPE | TERM REASON | COMMENTS | LAST YEAR OF NOE | TOTAL NOE | NOE ELIGIBLE | NOE WAIVED | NOE INELIGIBLE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 105 | STEVEN LOCNIKAR, D.O., P.C. | I | 6/16/2005 | Invol | C | | | | | | |
| 106 | STOCKWELL CONSTRUCTION CO., INC. | I | 2/2/2004 | Invol | C | | | | | | |
| 107 | STOKES JOHNSON & CO., INC. | | | | | Have no record of this client | | | | | |
| 108 | SUPERIOR BINDERY, INC | I | 1/19/2006 | RR | R | No distribution | | | | | |
| 109 | SW OB-GYN ASSOCIATES, P.A. | A | | | | | | 1 | 1 | 0 | 0 |
| 110 | TAITRONICS, INC. | A | | | | | 2007 | 0 | 0 | 0 | 0 |
| 111 | TDF METAL FINISHING CO., INC. | I | 4/24/2006 | RR | R | | | | | | |
| 112 | TECHNOCEAN | I | 8/30/2005 | RR | R | | | | | | |
| 113 | THE QUANTIC GROUP, LTD. | A | | | | | | 9 | 6 | 3 | 0 |
| 114 | THE UNDERWOOD GROUP, INC. | I | 6/23/2006 | RR | R | | | | | | |
| 115 | TOBEY KARG SALES AGENCY, INC. | A | | | | | | 1 | 1 | 0 | 0 |
| 116 | TRIMM, INC. | I | 12/30/2004 | ND | R | | | | | | |
| 117 | U.E. SYSTEMS, INC | A | | | | | | 34 | 29 | 4 | 1 |
| 118 | URGENT MEDICAL CARE, INC. | I | 4/28/2006 | RR | R | | | | | | |
| 119 | VICTORIA, INC. | A | | | | | 2003 | 0 | 0 | 0 | 0 |
| 120 | W.S. ASSOCIATES, INC. | I | 4/30/2008 | RR | R | | | | | | |
| 121 | WALTER F. ZOLLER, D.M.D., P.A. | A | | | | Closed practice | 2012 | 0 | 0 | 0 | 0 |
| 122 | WANG ELECTRIC, INC. | I | 11/24/2003 | RR | R | | | | | | |
| 123 | WATERLOO CONTRACTORS, INC. | A | | | | | | 3 | 1 | 2 | 0 |
| 124 | WHITESIDE MACHINE & REPAIR CO, INC. | A | | | | | | 43 | 18 | 25 | 0 |
| 125 | WILLIAM Y. AKERMAN, JR., D.M.D., P.C. | I | 5/30/2006 | RR | R | | | | | | |
| 126 | WOMEN'S GROUP FOR OBSTETRICS AND GYNECOLOGY | A | | | | | | 8 | 7 | 1 | 0 |

Legend

| | |
|---|---|
| R | Requested by Employer |
| C | Insufficient Contributions to fund benefits |
| U | Unknown |
| D | Death of principal |
| AT | Administrative transfer to other plans all NOE |
| A | All NOE either waived or were terminated. OE transfer to new Plan |
| RR | Receipt and Release |
| Invol | Involuntary termination |
| ND | No distribution |
| AT | Administrative Transfer |
| TOTAL NOE | Number of non owner employees on payroll as of last census report |
| NOE ELIGIBLE | Number of NOE who would be eligible absent 2009 amendment |
| NOE WAIVER | Number of NOE who waived particiapation |
| NOE INELIGIBLE | Number of NOE not eligible-uninsurable, part time, haven't met months of service requirement |

Plans where status is different than Affidavit of Ms Sweeting
Current active plans