# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SETH D. HARRIS,                                    :
ACTING SECRETARY OF LABOR,                         :
UNITED STATES DEPARTMENT OF LABOR,                 :
                                                   :          CIVIL ACTION No.
            Plaintiff,                             :          2:09-cv-00988 MAM
                                                   :
                                                   :
            v.                                     :
                                                   :
JOHN J. KORESKO, V, et al.,                        :
                                                   :
            Defendants.                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## SUPPLEMENT TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**I.      Introduction**

Seth D. Harris, Acting Secretary of Labor, United States Department of Labor ("Secretary"), has applied for a temporary restraining order and preliminary injunction removing defendants John Koresko ("Mr. Koresko"), PennMont Benefit Services ("PennMont"), Koresko Law Firm ("KLF"), Koresko and Associates, P.C. ("KAPC"), and Penn Public Trust ("PPT") (collectively "Koresko Defendants") as fiduciaries and service providers to the plans currently participating in the REAL VEBA or SEWBP Trust ("the Trust").   As discussed in detail in the Secretary's original Memorandum in support of the Application filed on June 18, 2013, the Secretary seeks the appointment of an independent fiduciary to, inter alia, administer the plans and manage and oversee the plans' assets during the remaining pendency of this litigation.

The appointment of an independent fiduciary is necessitated at this juncture on multiple grounds, including the very significant risk that, absent the removal of the Koresko Defendants and the appointment of an independent fiduciary, the misappropriation and dissipation of plan

assets by the Koresko Defendants will continue causing further irreparable harms to the plans. But in addition, the evidence also shows that the Koresko Defendants, and in particular PennMont, the plan administrator, are not administering the plans as they are required to do under the terms of the plan documents and by law. These omissions are an additional source of immediate and irreparable harms to the plans and their participants and beneficiaries. The Secretary herein supplements the evidence previously presented regarding the Koresko Defendants' failure to properly administer and manage the plans and their assets.

In addition, since the filing of the Secretary's original Memorandum, several additional significant transfers of plan assets out of the Continental Bank "Penn Public Trust, 419 Account" (the "1187 Account") and the Citizens' Bank "CTC TTE KNPC EA Pennmont Welfare Trust" account (the "4872 Account"), as well as additional withdraws from another account referenced in the Court's June 28, 2013 Order, have come to the attention of the Secretary. These transfers are discussed below.

**II.     The Koresko Defendants are not administering the plans and must be replaced with a court-appointed interim fiduciary that is independent and has the necessary skills, experience and authority to properly administer the plans and their assets.**

The Court must act to appoint an independent and competent interim fiduciary to administer the plans and their assets. The evidence before the Court shows that the current plan fiduciaries are failing to properly administer the plans, in addition to misappropriating and dissipating the plans' assets. The attached Declaration of James Connell, Jr., CPA (Government Exhibit ("GX") 86), discusses how during the past several months, PennMont and its agent Larry Townsend failed to timely process a participant's request to transfer ownership of a life insurance policy from the trust to the participant. The reason cited by Mr. Townsend for this omission: Mr. Koresko's unavailability to approve and sign off on the policy transfer because he

2

"is in the middle of 27 legal actions" and "hasn't been able to sign anything."  PennMont never processed the paperwork to effectuate the policy transfer, and the policy lapsed.  Id.

Similarly, Attorney Carolyn G. Nussbaum has executed an Affidavit, also attached (GX 87), in which she explains her and her clients' many unsuccessful attempts to communicate with Mr. Koresko, PennMont and the Koresko Law Firm over the past year regarding plan matters, including a death benefit claim made on behalf of her clients.  Ms. Nussbaum represents Waterloo Contractors, Inc. d/b/a Waterloo Containers and William and Annette Lutz.  As explained in the Affidavit, multiple e-mails and letter correspondence sent both by U.S. mail and Federal Express to Mr. Koresko, PennMont and the Koresko Law Firm were never answered.  Letters sent to the address of PennMont and the law firm by certified mail were refused and returned by the postal service as unclaimed.  Id.

The claims presented in recently filed litigation against the Koresko Defendants, cited in the Secretary's original Memorandum , also indicate that other plans and participants are likewise not receiving basic plan administrative services from PennMont or its agents.  See Secretary's Memorandum at 35 (discussing the Koresko Defendants' failure to respond to employer, participant and beneficiary directions and information requests, including requests to confirm change of beneficiary elections).

In sum, Mr. Koresko, PennMont, the law firms and their agents are incapable or unwilling to effectively and properly administer the plans.  For the many reasons discussed herein and in the Secretary's original Memorandum, there is great danger that, absent the injunctive relief sought by the Secretary and the plaintiffs in the related private litigation, the plans will remain without legitimate administration, death benefits will remain unpaid or reduced, participants and beneficiaries will remain without access to benefits or information

pertinent to their benefits, the loans on the insurance policies will remain unpaid or additional

loans will be taken, and plan assets will be further diverted and dissipated.  An independent and

competent fiduciary must be installed to, inter alia, manage and oversee the plans and their assets

during the pendency of this litigation if the public interest is to be protected.

**III.    Recent additional transfers of plan assets from 1187 and 4872 Accounts.**

Since the June 18, 2013 filing to the Secretary's Application and supporting

Memorandum, the following recent transfers from the 1187 Account and the 4872 Account have

come to the attention of the Secretary.  Three of these transfers appear to be payments of

additional legal fees totaling $538,158.75, and one appears to be a $5,000 bonus payment to

Nancy Bonner, who is believed to be an employee of the Koresko Law Firm.  See GX 88.

"Krome v. Com'r", referenced on the Bonner bonus check, is the name of a tax case in which

Mr. Koresko is involved with the IRS.  Samuel Yoenin Kantor, LLP, the recipient of $50,000, is

an Oregon-based law firm.

| DATE | PAYEE | AMOUNT | MEMO/REMARKS |
|---|---|---|---|
| 5/10/13 | Samuel Yoenin Kantor | $50,000.00 | "Ram Tech Services and Bogatay cases v. REAL VEBA" |
| 5/24/13 | Nancy Bonner | $5,000.00 | "09-988 DOL v. CTC et al." "Bonus – Krome v. Com'r" (CITIZENS0576) |
| 6/17/13 | Locke, Lord Bissell & Liddell LLP | $25,000.00 | Wire Transfer; transfer date 6/10/13 8:47 p.m.; "Invoice 100230" |
| 6/18/13 | Montgomery McCracken Walker & Rhoad | $463,158.75 | Wire Transfer; transfer date 6/17/13 5:02 p.m.; "Invoices 697828 696008 29May13" |

IV.     **Additional transfers from other accounts.**

Further review of bank records received by the Secretary in response discovery subpoenas show additional misappropriations and dissipations of plan assets by the Koresko Defendants between February 2010 and March 2013.   Mr. Koresko maintained an account at Continental Bank titled to "Penn Public Trust, 419 Account", the xxxxx1195 Account ("1195 Account").   Like the 1187 Account, which is also titled to "Penn Public Trust, 419 Account", the 1195 Account contains employer contributions to the REAL VEBA/SEWBP Trust and the proceeds of insurance policies owned by the Trust. See, e.g., GX 89 (containing copies of: (1) Check of $1,974,017 payable to SEWBP from Lincoln Financial deposited into the 1195 Account on 12/01/10; (2) Check for $290,460.54 to SEWBPT from Western Reserve Life Assurance Co. deposited in the 1195 Account on 4/02/12; (3) Check for $2,018,416.36 from Transamerica Life Insurance Co. to REAL VEBA TRUST deposited in the 1195 Account on 5/21/12;  and (4) Check for $993,547.20 from Penn Mutual to Single Employer Welfare Ben Plan deposited in 1195 Account on 5/21/12).   Bank records further show that funds were also routinely exchanged between the 1187 and 1195 Accounts. See, e.g., Cont. 1367 (contained in GX 89).

Like the other accounts at Continental Bank, Mr. Koresko was the signatory for the 1195 Account. See Cont. 948-49 (contained in GX 89).  Although there is signature line on the account agreement for Jeanne D. Bonney, it appears that Mr. Koresko signed his name in place of hers. Id.  Mr. Koresko caused the following dissipations and diversions from the 1195 Account:

| DATE | PAYEE | AMOUNT | MEMO | BATES STAMP |
|---|---|---|---|---|
| 3/08/2010 | "Octagon Consultans and Ser" | $30,000 | | Cont. 1362 |
| 3/08/2010 | "First Anguilla Trust Coman" | $15,000 | | Cont. 1362 |
| 9/14/2010 | Law Office of Scott A. Orth | $5,000 | | Cont. 1368 |
| 12/17/2010 | Koresko Fin LP 1161 | $50,000 | | Cont. 1371 |
| 9/30/11 | KoreskoLaw IOLTA 1146 Account | $2,822,200 | | Cont. 1380; Cont. 0810 |
| 4/15/2011 | Penn Mont Benefit Services (deposited in 1112 Account) | $50,000 | Admin Fees | Cont. 1214 |
| 4/25/2012 | Montgomery McCracken Walker & Rhoad | $20,000 | Sharkey, et al. v. Penn Public Trust | Cont. 1215 |
| 6/13/2012 | Montgomery McCracken Walker & Rhoad | $20,000 | Sharkey, et al. v. Penn Public Trust | Cont. 1215. |

## V.    Conclusion

For the reasons discussed herein and in the Secretary's Application and Memorandum in

support thereof, the Secretary respectfully requests that a Temporary Restraining Order and

Preliminary Injunction be issued as requested.

Respectfully submitted,

Post Office Address:                          M. Patricia Smith
                                              Solicitor of Labor

Office of the Solicitor
U. S. Department of Labor                     Catherine Oliver Murphy
Suite 630E, The Curtis Center                 Regional Solicitor
170 S. Independence Mall West
Philadelphia, PA   19106-3306
(215) 861-5126                                Joanne Roskey
                                              Counsel for ERISA

                                              Linda M. Henry
                                              Ashton S. Phillips

                                              Attorneys for Plaintiff
                                              U.S. DEPARTMENT OF LABOR