```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA SOLIS, SECRETARY OF      :    CIVIL ACTION
LABOR, UNITED STATES           :
DEPARTMENT OF LABOR            :
                               :
     v.                        :
                               :
JOHN J. KORESKO, V, et al.     :    No. 09-988
```

ORDER

AND NOW, this 9th day of July, 2013, upon consideration of the defendants' Motion for Reconsideration (Docket No. 330), the Secretary's Response (Docket No. 339), and the defendants' reply thereto (Docket No. 346), IT IS HEREBY ORDERED that the defendants' motion is DENIED.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The defendants' motion fails because it does not meet any of the grounds for granting a motion for reconsideration.

The motion argues that the Court erred in its legal analysis in the partial summary judgment memorandum and order.  However, the Court is not persuaded by the defendants' motion as the defendants' motion largely reiterates arguments the Court previously considered and rejected and does not include any new facts or arguments that the Court finds persuasive.  In any case, legal error alone is not a sufficient basis to grant a motion for reconsideration.  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).

The Court also denies the defendants' application for certification for interlocutory appeal because appellate review of the defendants' proposed questions would not materially advance the litigation at this stage.

The Court allowed the motion for reconsideration to remain pending while the parties were engaged in settlement discussions.  However, the Court now decides the motion because defendants' counsel at Montgomery, McCracken, Walker & Rhoads has informed the Court of their intent to file a motion to withdraw as counsel and because the parties are now litigating a motion for temporary restraining order and preliminary injunction.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

-2-