**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REGIONAL EMPLOYERS' ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST, BY PENNMONT BENEFIT SERVICES, INC., Plan Administrator,** | : | **CIVIL ACTION** |
| | : | **NO. 03-6903** |
| **vs.** | : | |
| **GRETCHEN HUTTO CASTELLANO** | : | |
| **SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR** | : | **NO. 09-988** |
| **vs.** | : | |
| **JOHN J. KORESKO, V, et al.** | : | |
| **HARRY R. LARKIN, et al.** | : | **NO. 11-7421** |
| **vs.** | : | |
| **PENN PUBLIC TRUST, et al.** | : | |
| **GREGORY A. OSWOOD, et al.** | : | **NO. 13-0666** |
| **vs.** | : | |
| **PENN PUBLIC TRUST, et al.** | : | |

# NOTICE OF APPEAL

Notice is hereby given that JOHN J. KORESKO, V, JEANNE BONNEY, REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST, SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST, LAWRENCE KORESKO, LAWRENCE TOWNSEND, PENN PUBLIC TRUST, PENNMONT BENEFIT SERVICES, INC., KORESKO LAW FIRM, P.C., KORESKO & ASSOCIATES, P.C. AND KORESKO FINANCIAL, LP, Defendants in the above named cases, hereby appeal to the United States Court of Appeals for the Third Circuit from the Order entered on the 9th day of July, 2013, freezing certain bank accounts held by Defendants [No. 09-988, Dkt. 407].

Respectfully submitted,

John J. Koresko, V, Esquire
Koresko Law Firm, P.C.
PA I.D. No. 42795
200 West Fourth Street
Bridgeport, PA 19405
610-992-2200

July 10, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST | : | CIVIL ACTION |
| v. | : | |
| GRETCHEN CASTELLANO | : | |
| v. | : | |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST BY PENMONT BENEFIT SERVICES, INC., PLAN ADMINISTRATOR, et al. | : | NO. 03-6903 |
| HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : | |
| v. | : | |
| JOHN J. KORESKO, V, et al. | : | NO. 09-988 |
| HARRY R. LARKIN, et al. | : | |
| v. | : | |
| PENN PUBLIC TRUST, et al. | : | NO. 11-7421 |
| GREGORY A. OSWOOD et al. | : | |
| v. | : | |
| PENN PUBLIC TRUST, et al. | : | NO. 13-0666 |

ORDER

AND NOW, this 9th day of July, 2013, upon consideration of the motions for a temporary restraining order and preliminary injunction filed by the Department of Labor and private litigants Castellano, Larkin, and Oswood (collectively "the moving parties") in the above-captioned cases, as well as the written responses thereto; and after holding an on-the-record telephone call with the parties on June 28, 2013, and then holding a hearing in Court[1] on July 8, 2013, and for the reasons stated on the phone call and at the hearing, the Court will issue a limited injunction for a limited time period as further detailed below.

The Court had initially scheduled an evidentiary hearing on the motions for July 8, 2013. The parties adverse to the moving parties (the "Koresko Parties"), then requested a continuance because they asserted that defendant John Koresko, V, was unable to effectively assist in his representation

[1] The Court notes that John Koresko, V, ("Koresko") participated in the courtroom hearing via telephone. As the hearing was set to begin, Koresko's counsel at Montgomery, McCracken, Walker & Rhoads informed the Court that they would be moving to withdraw as counsel. Koresko had previously been informed of his counsel's intention and of the hearing date but did not attend in person. The Court instructed counsel to contact Koresko by telephone and he was connected to the proceedings and spoke on the record in the courtroom. The Court then discussed the issue of withdrawal of counsel with the counsel from Montgomery, McCracken, Walker & Rhoads and Korekso in chambers on the record and ex parte. After the discussion on the motion to withdraw concluded, the Court reached out to Koresko again via phone and he participated in the discussion of the substantive issues in open court.

because he needed a period of mental inactivity to recover from a car accident that had aggravated a prior head injury.

The Court held an on-the-record telephone conference on June 28, 2013, during which the Court stated that it would postpone the evidentiary hearing and conduct the July 8, 2013, hearing as an opportunity to hear about the status of Koresko's physical condition and to hear arguments regarding the appropriate form of interim relief to implement pending an evidentiary hearing. The Court also noted that the Court was prepared to freeze the relevant bank accounts and the parties should negotiate and agree on language regarding acceptable exceptions to the freeze. The Court then entered an interim order that had been negotiated and drafted by counsel for the moving parties and the Koresko Parties.

The form of relief that the Court is now entering is a modified version of the interim order entered on June 28, 2013. In that interim order, counsel for the parties included 16 bank accounts in total. The Court has removed three of those accounts after discussing the issue at the July 8, 2013, hearing.

The Court also grants the Koresko Parties' request for a continuance. With the consent of the Koresko Parties, an evidentiary hearing shall be held on August 12, 2013, at 9:30

A.M. in Courtroom 13-A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

Instead of an evidentiary hearing, at the hearing on July 8, 2013, the Court heard arguments regarding the appropriate form of interim relief to enter. The hearing included hours of discussion with Koresko about the facts regarding the administration of the Trust and the documentary record in the case created by the moving parties' motions for a temporary restraining order and preliminary injunction and the existing summary judgment record.

The Court finds that the moving parties have established a substantial likelihood of success on the merits on their claim that the Koresko Parties have breached their fiduciary obligations to the ERISA plans being administered by the Koresko Parties.

The Court previously granted the Secretary's Motion for Partial Summary Judgment and held that ERISA applied to certain employer-level plans that participated in the REAL VEBA Trust and that the moneys in the REAL VEBA Trust were plan assets. Solis v. Koresko, 884 F. Supp. 2d 261 (E.D. Pa 2012).

Incorporating that decision by reference and applying that conclusion to the instant record, the moving parties have a substantial likelihood of showing that the Koresko Parties

engaged in a pattern of moving plan assets in the form of death benefit and insurance policy loan proceeds through at least 28 different bank accounts, held in the name of at least 19 different entities, at no less than four banks, commingled plan assets with other funds, and misappropriated funds from those commingled accounts for their own benefit.

Moreover, at the time of the Court's partial summary judgment opinion, the Court found that although ERISA Section 406(b)(1) forbids a fiduciary from dealing with plan assets "in his own interest or for his own account," the Secretary of Labor had not at that time shown that the Koresko Parties had engaged in prohibited self-dealing.

At this point, however, with the current record, the moving parties have a substantial likelihood of showing that the Koresko Parties used plan assets to pay Koresko and his law firm for services to the Trust and that by acting as both the fiduciary to the trust and as a service provider to the Trust, who incidentally, also appeared to set his own rates for his services, Koresko placed himself in the precise position of dual loyalties that ERISA prohibits.

The Koresko Parties argue that injunctive relief is not appropriate at this time because the Trust is solvent and

could pay claims for benefits as they come due. This argument is not persuasive.

The record shows that the Koresko Parties took out millions of dollars in loans against the cash value of life insurance policies owned by the Trust. It is not at all clear from the record that the Trust is solvent or that beneficiaries with policies that have value reduced by the loans would be able to collect their full benefits in the event of a death.

In addition, the moving parties' persuasively argue that given the present record suggesting misappropriation of assets, the Koresko Parties cannot be left with unchecked discretion over plan assets.

The moving parties have shown a probability of irreparable injury to the public and to the Plans and their participants and beneficiaries absent relief to preserve the plan assets. The public interest weighs heavily in favor of protecting the plan assets.

The Court did receive submissions from the Koresko parties, including a Declaration from Lawrence Koresko, alleging that the Koresko Parties suffered from severe prejudice as a result of the interim order. The Court notes that the Koresko Parties' issues largely stemmed from the inclusion of the three bank accounts in the interim order that are removed from the

freeze under the instant order. In addition, a number of accounts controlled by Koresko, including personal accounts for both Koresko and his wife are not subject to the freeze.

Finally, the Court considered carefully the moving parties' request to install an independent fiduciary to run the Trust, but declines to take that step without first holding a full evidentiary hearing on the matter.

Instead, the Court's injunctive relief at this time will consist of freezing certain bank accounts controlled by the Koresko Parties.

WHEREFORE, IT IS HEREBY ORDERED that:

Except as provided for in the following paragraph, all moneys in the following accounts are hereby frozen pending further Order from this Court. Defendants John V. Koresko, V, PennMont Benefit Services, Inc., Penn Public Trust, Koresko and Associates, P.C. and Koresko Law Firm, P.C., their officers, directors, fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with or at the direction of any Defendant be and hereby are enjoined from expending, transferring, encumbering, hypothecating, secreting or otherwise disposing of the assets in these accounts, except as ordered by this Court:

a. All moneys in the Bank of America xxxxxx5455 Account ("Pennsylvania IOLTA Trust Accounts, Koresko Law Firm Trtee");

b. All moneys in the Continental Bank xxxxxx1146 Account ("Pennsylvania IOLTA Trust Accounts, Koresko Law Firm Trtee");

c. All moneys in the Citizens Bank xxxxxx4872 Account ("CTC TTE KNPC EA Pennmont Welfare Trust");

d. All moneys in the brokerage account at Pershing, LLC, xxxxxx8509 in the name of "Penn Public Trust";

e. All moneys in the Continental Bank Account xxxxxx1187 ("Penn Public Trust, 419 Account");

f. All moneys in the Continental Bank Account xxxxxx1195 ("Penn Public Trust Inc. 419 Account");

g. All moneys in the Continental Bank Account xxxxxx1476 ("Penn Public Trust Inc. 412 Account");

h. All moneys in the Continental Bank Account xxxxxx2185 ("Penn Public Trust Inc. SPC Account");

i. All moneys in the Continental Bank Account xxxxxx1112 ("Koresko Law Firm Operating Account");

j. All moneys in the Continental Bank Account xxxxxx1732 ("Koresko Law Firm PC");

k. All moneys in the Continental Bank Account xxxxxx1252 ("Koresko Law Firm LTD");

l. All moneys in the Continental Bank Account xxxxxx1104 ("Koresko and Associates PC");

m. All moneys in the Continental Bank Account xxxxxx1880 ("Koresko and Associates PC").

During the duration of this temporary freeze, PennMont Benefit Services, Inc., and Penn Public Trust and its officers, directors, fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with or at the direction of PennMont or Penn Public Trust are authorized to pay out of the Continental Bank Account xxxxxx1187, ("Penn Public Trust, 419 Account") insurance premiums or life insurance policies owned by or for the benefit of the REAL VEBA/SEWBP Trust or its constituent employer-level Plans or arrangements.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Appeal has been served upon all interested parties and counsel by electronic means or U.S. First Class Mail to the addresses appearing below and on the date noted:

The Honorable Mary A. McLaughlin
United States District Court for
the Eastern District of PA
601 Market Street, Room 13614
Philadelphia, PA 19106

Linda M. Henry, Esquire
Joanne Roskey, Esquire
Ashton S. Phillips, Esquire
U.S. Dept of Labor Office of the Solicitor
170 S. Independence Mall West
Suite 630 The Curtis Center
Philadelphia, PA 19106

Ira B.Silverstein, Esquire
Hargraves McConnell & Costigan, P.C.
10 Penn Center
1801 Market Street
Suite 2300
Philadelphia, PA 19103

Aaron Richard Krauss, Esquire
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103

Jason P. Gosselin, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Suite 2000
Philadelphia, PA 19103-6996

Stephen C Jackson, Esquire
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

Tres Cleveland, Esquire
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

John J. Koresko, V, Esquire

July 10, 2013