IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | :<br>:<br>:<br>: NO. 09-988 |
| vs. | :<br>: |
| JOHN J. KORESKO, V, et al. | : |

# KORESKO PARTIES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE CONSENT JUDGMENT AND FOR CONTEMPT

Defendants John J. Koresko, Jeanne Bonney, PennMont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.C., Penn Public Trust, Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust and Single Employer Welfare Benefit Plan Trust ["the Koresko Parties"] have filed a Motion to Set Aside Consent Judgment and for Contempt simultaneously with this Memorandum of Law.

The Movants/Defendants incorporate by reference the record developed in this matter, and especially, the testimony and evidence adduced during hearings conducted before the Hon. J. Darnell Jones in 2009.

On January 15, 2010, Judge Jones entered an Order directing Farmers & Merchants Trust Company of Chambersburg ["F&M"] to turn over ALL assets:

> Within fourteen (14) business days of the date of this Order, (F&M) shall **TRANSFER** any remaining funds of the REAL VEBA and SEWBPT Trusts to PPT as the new Trustee, as designated by the Koresko Defendants as Administrators. As of the date of the transfer, F&M shall be **DISCHARGED** as directed Trustee. The Court finds that F&M . . . is entitled to payment for

> its services through the date of the funds transfer, and may
> withhold monies equivalent to such prior to the transfer of funds to
> PPT. (emphasis in original). [Dkt.195].

F&M failed to comply with this order. On information and belief, F&M retained over $800,000 and possibly up to one million dollars. According to DOL, these were so-called "plan assets" over which F&M had no ownership interest.

F&M entered into a Consent Judgment with DOL in November 2012. DOL filed a Motion to Approve Consent Judgment on November 26, 2012 [Dkt. 350]. This Court entered an order approving the Consent Judgment the following day [Dkt. 352]. Pursuant to Federal Rules of Civil Procedure 60(b) and (d), this Court may grant relief from the Consent Judgment based upon fraud, misrepresentation, or misconduct by an opposing party or fraud upon the court. The accompanying motion is timely filed as it has been less than one year since entry of the Consent Judgment. Fed R.Civ.P. 60(c)(1).

The Koresko Parties were co-defendants of F&M and did not receive any notice of the proposed consent judgment. Upon information and belief, counsel for the Koresko Parties, Montgomery, McCracken, Walker & Rhoades, LLP [MMWR], received notice of the proposed consent judgment via ECF; however, the Koresko Parties did not receive notice via ECF or by any other means and MMWR did not advise the Koresko Parties of any filings relating to the proposed or approved Consent Judgment.

Apparently, this Court was not apprised that the proposed settlement was in contempt of Judge Jones' Order and in derogation of the rights of the Koresko Parties as the rightful trustee. The complicity of DOL and F&M Trust Company in blatant disregard of Judge Jones' Order of January 15, 2010 is apparent. DOL and F&M both knew that all amounts were to be returned,

yet they ignored the order and dealt with them as they pleased. Defendants believe this Court should be extremely disturbed that the so-called "Consent Order" never once referred to Judge Jones' Order, the deviations from it, or the fact that a multi-billion dollar bank was getting a slap on the wrist, paying a fine with Trust money, while the Koresko Parties were being vehemently hunted in hopes of having their business destroyed. It is clear that both DOL and IRS have targeted the little guy, and let the big bank walk away, while that bank's disbursement of money is at the center of the dispute. Without the disbursements from CTC/F&M, which the Secretary said was violative of ERISA when she filed suit, the Defendants would not have been capable of the majority of the alleged fiduciary breaches. ERISA sec. 405 exists for purposes of joint liability among fiduciaries. *See also Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238 (2000) (recognizing certain liability for concerted actions).

It appears this Court was not presented with accurate information connected to the "Consent Judgment." by either F&M ,DOL or both. Judge Jones permitted payment of the fees, $250 per year, approximately $6000 per month testified by Lowell Gates. Judge Jones did not approve the payment of attorney fees. No opportunity was provided for notice and hearing to determine the reasonableness of such an attorney fee award., as is typical in ERISA settings. The Court approved the Consent Judgment within 24 hours of filing. The Koresko Parties had no notice that the Consent Judgment was proposed or that it was approved by the Court. At this point in the proceedings, Judge Jones had already denied DOL's injunction motion. Therefore, how could DOL make an agreement regarding trust money at this juncture?\

Entry of the Consent Judgment allowed F&M to set their fees. F&M, a billion dollar company, gets treated in one manner by DOL and the Koresko Parties get treated in a very different manner. At the 2009 hearings in this matter, Lowell Gates testified that CTC was

3

receiving a little more than $6,000 per month in custodial fees.

The Koresko Parties had two lawyers and two paralegals working for an entire year on that matter, which they successfully defended, and the firm has not been paid despite the clear elements of the Plan Documents authorizing indemnification and retention of professional service providers. No Koresko Party has yet to be paid the extraordinary fee for benefits rendered to Trust beneficiaries, which were approved by CTC in 2007 and confirmed by Lowell Gates, Esq., under oath in 2009. Despite being called fiduciaries, and receiving a Custodial Agreement from CTC causing Mr. Gates to call PennMont provider of trustee services, PennMont has been called the most outrageous names and been undeserving of compensation typically accorded fiduciaries. According to DOL, the Koresko Parties are not able to set their own fees and it is a violation of ERISA for the Koresko Parties to be paid. This "new policy" of DOL contradicts their own regulations and is inconsistent with the relationships between professionals and clients in virtually all known professional fields. Yet, DOL apparently has no objection to F&M setting THEIR fees.

The complicity of DOL and F&M Trust Company in blatant disregard of Judge Jones' Order of January 15, 2010 is apparent. DOL and F&M both knew that all amounts were to be returned, yet they ignored the order and dealt with them as they pleased. This Court should be extremely disturbed that the so-called "Consent Order" never once referred to Judge Jones' Order, the deviations from it, or the fact that a multi-billion dollar bank was getting a slap on the wrist, paying a fine with Trust money. It is clear that both DOL and IRS have targeted the little guy, and let the big bank walk away, while that bank's disbursement of money is at the center of the dispute.

This Court was not presented with accurate terms. F&M and DOL made an erroneous

presentation to this Court in order to obtain approval of the Consent Judgment. Judge Jones permitted payment of fees, not the payment of attorney fees. No opportunity was provided for notice and hearing. The Court approved the Consent Judgment within 24 hours of filing. The Koresko Parties had no notice that the Consent Judgment was proposed or that it was approved by the Court. At that point in the proceedings, Judge Jones had already denied DOL's injunction motion. Therefore, how could DOL make an agreement regarding trust money?

Entry of the Consent Judgment allowed F&M to set their fees. F&M, a billion dollar company, gets treated in one manner by DOL and the Koresko Parties get treated in a very different manner. At the 2009 hearings in this matter, Lowell Gates testified that CTC was receiving a little more than $6,000 per month in custodial fees.

The Koresko Parties had two lawyers and two paralegals working for an entire year that have never been paid. Koresko Law Firm, PC [KLF] has yet to be paid the extraordinary fiduciary fee paid by CTC in 2007. According to DOL, the Koresko Parties are not able to set their own fees and it is a violation of ERISA for the Koresko Parties to be paid. Yet, DOL apparently had no objection to F&M setting their fees.

F&M was fired as trustee in June 2009, retroactive to February 2009. It had no legal basis to make any deal with DOL, as under ERISA sec. 405, F&M was a co-fiduciary that supplied the money and performed the acts that are the basis of the DOL action against the Koresko Parties. The settlement is not "appropriate" or "equitable" as it was apparently done surreptitiously; and it treats F&M with barely a slap on the wrist. When, in fact, but for the cooperation of F&M's predecessor, Community Trust Company ["CTC"], the Koresko Parties could not have engaged in the actions about which DOL complains in this case. DOL allowed CTC's lawyers, Gates Halbruner, et al, to keep over $135,000 in fees; and meanwhile DOL

attacks every dollar the Koresko Parties have ever earned. The DOL actions against the Koresko Parties have resulted in the erosion of over $2 million of surplus assets, and this secret settlement money is necessary to eliminate some of the financial damage caused by DOL and F&M.

Further, F&M breached its fiduciary duty by discontinuing an important appeal without the consent of the administrator --- a prominent issue in PennMont's decision to fire F&M. Throughout the litigation, F&M acted in contradiction to the Trust under which it served, and the testimony of its own personnel disclosed that it changed its mode of relationship specifically to aid the DOL and harm the Koresko Parties. It appears that money was kept in violation of Judge Jones' order, and that both DOL and F&M were aware of it. Yet, while both were under fiduciary duties, neither informed the Court or the other defendants of their intentions. As a direct and proximate cause, the Trust has been damaged and the vexatious nature of the DOL toward the Koresko Parties has been well revealed.

WHEREFORE, this Honorable Court should grant the following relief:

1. Set aside the Consent Judgment with Farmers & Merchants Trust [Dkt. 352];

2. Order F&M or DOL to turn over to PennMont and Penn Public Trust for the benefit of REAL VEBA all amounts involved in any "settlement" with F&M;

3. Order F&M or DOL to turn over all other amounts not surrendered consistent with Judge Jones' Order of January 14, 2010;

4. Impose sanctions on F&M, depriving them of the "fees" Judge Jones intended them to keep;

5.. Impose contempt sanctions on the DOL and its attorneys, including attorneys fees, costs, expenses, and other amounts suffered by the Koresko Parties as a result of being treated so immensely different by DOL in this litigation;

6. Grant the Koresko Parties a minimum of $25,000 as a fee for discovering this attempted action in contempt of court;

7. Dismiss the matter against the Koresko Parties as a sanction against the Department of Labor;

8. Grant such other relief as the court finds necessary, proper and equitable under the circumstances.

Respectfully submitted,

John J. Koresko, V, Esquire
Koresko Law Firm, P.C.
PA I.D. No. 42795
200 West Fourth Street
Bridgeport, PA  19405
610-992-2200

July 21, 2013

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION TO SET ASIDE CONSENT JUDGMENT AND FOR CONTEMPT** has been served upon counsel by electronic means on the date noted below:

Linda M. Henry, Esquire
Joanne Roskey, Esquire
Ashton S. Phillips, Esquire
U.S. Dept of Labor Office of the Solicitor
170 S. Independence Mall West
Suite 630 The Curtis Center
Philadelphia, PA  19106

_____
John J. Koresko, V, Esquire

July 22, 2013