```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


_____
REGIONAL EMPLOYERS ASSURANCE    :   CIVIL ACTION
LEAGUES VOLUNTARY EMPLOYEES'    :
BENEFICIARY ASSOCIATION TRUST   :
                                :
          v.                    :
                                :
GRETCHEN CASTELLANO             :
                                :
          v.                    :
                                :
REGIONAL EMPLOYERS ASSURANCE    :
LEAGUES VOLUNTARY EMPLOYEES'    :
BENEFICIARY ASSOCIATION TRUST   :
BY PENNMONT BENEFIT SERVICES,   :
INC., PLAN ADMINISTRATOR,       :
et al.                          :   NO. 03-6903
_____
HILDA SOLIS, SECRETARY OF       :
LABOR, UNITED STATES            :
DEPARTMENT OF LABOR             :
                                :
          v.                    :
                                :
JOHN J. KORESKO, V, et al.      :   NO. 09-988
_____
HARRY R. LARKIN, et al.         :
                                :
          v.                    :
                                :
PENN PUBLIC TRUST, et al.       :   NO. 11-7421

_____
GREGORY A. OSWOOD et al.        :
                                :
          v.                    :
                                :
PENN PUBLIC TRUST, et al.       :   NO. 13-666
```

                           INTERIM ORDER

AND NOW, this 23rd day of July, 2013, upon consideration of plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, American General Life Insurance Company's Request for Clarification of the Court's July 9, 2013, Order, the Koresko Parties' Motion for Continuance of Evidentiary Hearing and for a Protective Order, and the statements of the parties at the July 22, 2013, telephonic hearing, the Court again finds that the Secretary and the private litigants have shown (a) a likelihood of success on the merits of their ERISA claims and their claims of breach of fiduciary duties; and (b) the probability of irreparable injury to the public and to the Plans and their participants and beneficiaries absent the relief requested, IT IS HEREBY ORDERED that:

    1.   Except as provided in paragraph 2, Defendants John J. Koresko, V, PennMont Benefit Services, Inc., Penn Public Trust, Koresko and Associates, P.C., and Koresko Law Firm, P.C., their officers, directors, fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with or at the direction of any defendant ("the Koresko Defendants and their agents"), be and hereby are enjoined from expending, transferring, encumbering, hypothecating, secreting or otherwise disposing of the cash value in these policies, whether by means of policy loans, withdrawals

(partial or otherwise), cash surrender applications, or any other method of removing cash from the value of any life insurance policies owned by or for the benefit of the REAL VEBA/SEWBP Trust or its constituent employer-level Plans or arrangements ("the subject policies"). The Koresko Defendants and their agents are also enjoined from taking any action that reduces the value of the subject policies.

      2. Nothing in Paragraph 1 shall prevent any insurer from assessing monthly deductions and/or policy charges in accordance with the terms of the policies. In addition, to the extent that a premium payment or other charge is due to an insurance company to keep any of the subject policies in force, the insurance company may deduct such premiums or charges from the cash value of that policy.

      3. If the Korekso parties feel that a transaction is necessary for the benefit of the Trust, but that transaction is barred by the terms of this Order or the Court's July 9, 2013, Order freezing certain bank accounts, the Koresko parties may send a letter to the Court and opposing counsel requesting an exception to the interim orders and the Court will consider the request.

      4. Defendants John J. Koresko, V, PennMont Benefit Services, Inc., and/or Penn Public Trust, shall provide the Court

and the parties by July 25, 2013: (a) copies of all applications or requests made by any of the Koresko Defendants on or after July 8, 2013, to any life insurance companies for the removal of cash value from the subject policies, regardless of whether such applications or requests were styled as applications or requests for loans, withdrawals (partial or otherwise), case surrender, or any other method of removing the value of the policies; (b) copies of all checks, wire transfers, or other documents showing the withdrawal of cash value from the subject policies and/or the deposit of such cash value into any accounts or "vaults" as a result of the requests described in subparagraph (a) of this paragraph; (c) an accounting of the policies, including the identity of the insured and employer-level arrangements associated with the insured, that were affected by the requests described in subparagraph (a) of this paragraph; (d) any documentation showing whether the employer-level arrangements identified in response to subparagraph (c) of this paragraph contained non-owner employee participants at the time of the 2009 "non-owner employee" amendment.

     5.   The Koresko Defendants and their agents shall immediately: (a) withdraw all of their pending requests to insurance companies for the removal of cash value from the subject policies; (b) restore to the subject insurance policies

any cash value removed by the Koresko Defendants after July 8, 2013, whether such value was procured by means of policy loans, withdrawals (partial or otherwise), cash surrender applications, or any other method.

6. If after the Koresko Defendants return the removed cash value to the insurance companies as directed in ¶5(b), any insurance company refuses to restore the subject policies to their status immediately prior to the requests described in ¶4(a), the Koresko parties shall forward a copy of the insurance company's written refusal to opposing counsel. If an insurance company refuses to restore the subject policies without a written explanation, the Koresko Defendants shall notify opposing counsel of that fact in a letter identifying the insurance company refusing to restore the policy, the policy affected by the refusal, and any articulated basis from the insurance company for its refusal to restore the policy to its previous status.

7. The Koresko Defendants and their agents shall provide to the Court and the parties documentary proof that they have complied with this Order by July 30, 2013, by providing, for example: (a) copies of correspondence to insurance companies cancelling requests for cash surrender of policies and correspondence from insurance companies acknowledging this request; and (b) copies of checks or wire transfer records by

which the Koresko Defendants have restored the subject removed cash value to subject policies.

      8.    It is intended that this Order shall not be interpreted as a change to the provisions of the Court's previous Order of July 9, 2013.

      9.    Defendants American General Life Insurance Company and Nationwide Life Insurance Company shall:

      a.    Within 5 days of the date of this Order, provide counsel for the Larkin and Oswood plaintiffs with the status of any insurance policy insuring the lives of any of the Larkin or Oswood plaintiffs, specifically:

          I.    The current cash value in the policies;

          II.    The loan balance or loan payoff amount;

          III.    The date the next premium payment is due on each policy and the amount of the payment due.

      b.    Give counsel for the Larkin and Oswood plaintiffs prompt notice of any event that might cause any of the policies to lapse or be cancelled so that the Larkin and Oswood

plaintiffs may seek judicial intervention to preserve the policies.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.