```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HILDA SOLIS, SECRETARY OF      :    CIVIL ACTION
LABOR, UNITED STATES           :
DEPARTMENT OF LABOR            :
                               :
     v.                        :
                               :
JOHN J. KORESKO, V, et al.     :    No. 09-988
```

ORDER

AND NOW, this 29th day of July, 2013, where the Koresko defendants filed a suggestion of bankruptcy on July 25, 2013; and whereas on July 26, 2013, the Department of Labor stated its position that the case should proceed; IT IS HEREBY ORDERED that the case shall remain active and proceed because the Department of Labor's action is exempt from the automatic stay.

11 U.S.C. §362(b)(4) provides an exception to the automatic stay for the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Courts have consistently held that a case brought by the federal government to redress ERISA violations are actions to enforce the government's police or regulatory powers and thus excepted from the application of the automatic stay. See e.g., Martin v. Friedman, 133 B.R. 609 (N.D. Ohio 1991); Dole v. Hansbrough, 113 B.R. 96 (D.D.C. 1990); Chao v. Bennett, 2006 WL 1994838 (N.D. N.Y. 2006).

The Court finds the reasoning of these cases persuasive. In this case, the Department of Labor ("DOL") is not

seeking its own pecuniary interest in the debtors' property, but rather acting to further its public policy interest in enforcing the requirements of ERISA.  Cf U.S. v. Nicolet, Inc., 857 F.2d 202, 207 (3d Cir. 1998) (describing the pecuniary interest and public policy test for whether a government's action falls within the regulatory powers exception).

Although the DOL's case may proceed to depositions and the preliminary injunction hearing, the preliminary injunction proceeding that was formerly designated as a joint hearing involving the DOL's case and cases brought by certain private litigants shall proceed in the DOL case only and the attorneys for the private litigants other than the Koresko defendants shall not participate in the depositions or the preliminary injunction hearing.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.