IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HILDA SOLIS, SECRETARY OF         :    CIVIL ACTION
LABOR, UNITED STATES              :
DEPARTMENT OF LABOR               :
                                  :
     v.                           :
                                  :
JOHN J. KORESKO, V, et al.        :    No. 09-988

MEMORANDUM

McLaughlin, J.                                    August 28, 2013

    This action by the Secretary of Labor arises out of alleged violations of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., in connection with a multiple-employer employee death benefit arrangement run by attorney John Koresko through a number of entities controlled by him.[1]  That same death benefit arrangement is at issue in nine other cases pending before this Court.[2]

---

[1] The defendants in this action, which include those entities, are Koresko Law Firm, P.C., John J. Koresko, V, Jeanne Bonney, Koresko & Associates, P.C., PennMont Benefit Services, Inc., the Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust, the Single Employer Welfare Benefit Plan Trust, and Penn Public Trust (the "Koresko Parties").

[2] See, e.g., Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust v. Castellano, No. 03-6903 (E.D. Pa.); Larkin v. Penn Public Trust, No. 11-7421 (E.D. Pa.); Oswood v. Penn Public Trust, No. 13-0666 (E.D. Pa.).

On July 23, 2013, six of the Koresko entities filed for bankruptcy pursuant to Chapter 11 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.[3] Individual defendants John J. Koresko, V and Jeanne Bonney have not filed for bankruptcy.  The Koresko Parties then filed a suggestion of bankruptcy on July 25, 2013 with regard to four cases before this Court.  The Department of Labor ("DOL") stated its position that the case should proceed because the DOL's action is exempt from the automatic stay that resulted from the bankruptcy proceedings.  The Court agreed, stating in a July 29, 2013 Order that the above-captioned case could proceed under the governmental regulation exception to the automatic stay, under 11 U.S.C. § 362(b)(4).  The other three actions in which the suggestion of bankruptcy was filed were placed in civil suspense in response to the automatic stay.

On July 30, 2013, the Koresko Parties filed a motion for reconsideration of the Court's July 29, 2013 Order.  Although the Koresko Parties' motion is styled as a motion for reconsideration, the Court will consider its arguments anew because this Court's July 29, 2013 Order was granted without full briefing by the parties.

---

[3] The six bankruptcy debtors are Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust, Single Employer Welfare Benefit Plan Trust, Penn Public Trust, PennMont Benefit Services, Inc., Koresko & Associates, P.C., and Koresko Law Firm, P.C.

The Koresko Parties' motion for reconsideration attached a brief filed in the Bankruptcy Court by proposed counsel for the debtors and debtors-in-possession, who is not counsel in this action.  That brief made two arguments relevant to this Court as to why the DOL's action should be stayed:  (1) the regulatory and police powers exception to the automatic stay does not apply because the DOL's case fails the pecuniary interest/public policy test; and (2) the Plans are not covered under ERISA, so the DOL's action is not properly within the DOL's enforcement or regulatory scope.[4]  The Court will deny the motion.

    A.    <u>Exemption from Automatic Stay for Enforcement of Police or Regulatory Power</u>

11 U.S.C. § 362(b)(4) provides an exception to the automatic stay following the filing of a bankruptcy petition for the "commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police or regulatory power."

To determine whether this exception applies, courts have applied two "related, and somewhat overlapping" tests: the pecuniary purpose test and the public policy test.  <u>In re Nortel</u>

---

[4] This Court does not address the third issue raised by the Koresko Parties' attached brief, regarding whether the Bankruptcy Court should stay this proceeding under 11 U.S.C. § 105(a).

Networks, Inc., 669 F.3d 128, 139 (3d Cir. 2011) (quoting Lockyer v. Mirant Corp., 398 F.3d 1098, 1108 (9th Cir. 2005)). The pecuniary purpose test asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health. The public policy test asks whether the government is effectuating public policy rather than adjudicating private rights. If the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies. If, on the other hand, the purpose of the law is to protect the government's pecuniary interest in the debtor's property or primarily to adjudicate private rights, then the exception is inapplicable. Id. at 139-40 (citing Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 385 (6th Cir. 2001)).

The Third Circuit has held that regulatory proceedings related to environmental hazards, health and safety violations, and employment discrimination all fall within the police power exception to the automatic stay. Nortel, 669 F.3d at 139-40 (citing cases). Courts in other circuits have held that a case brought by the federal government to redress ERISA violations is an action to enforce the government's police or regulatory powers and thus excepted from the application of the automatic stay. See e.g., Solis v. Caro, No. 11 C 6884, 2012 WL 1230824,

at *3-5 (N.D. Ill. Apr. 12, 2012); Chao v. Bennett, No. 97-CV-0148, 2006 WL 1994838, at *1 (N.D.N.Y. July 14, 2006); Chao v. Johnson, No. H-03-5394, 2005 WL 2095109, at *1 n.1 (S.D. Tex. Aug. 30, 2005); Metzler v. Bennett, No 97-CV-0148, 1998 WL 187454, at *4-5 (N.D.N.Y. Apr. 15, 1998); Martin v. Friedman, 133 B.R. 609, 611-12 (N.D. Ohio 1991); Dole v. Hansbrough, 113 B.R. 96, 97-98 (D.D.C. 1990); In re Incor, Inc., No. AZ 88-1082-AsRV, 1988 Bankr. LEXIS 2586, at *6-7 (B.A.P. 9th Cir. Dec. 9, 1988); McLaughlin v. Craig, No. 4-87-189-E, 1988 U.S. Dist. LEXIS 15904, at *3-6 (N.D. Tex. Nov. 10, 1988); Donovan v. Porter, 584 F. Supp. 202, 207 (D. Md. 1984).

     The Court finds the reasoning of these cases persuasive. In this case, the DOL is not seeking its own pecuniary interest in the debtors' property, but rather acting to further its public policy interest in enforcing the requirements of ERISA. Cf. United States v. Nicolet, Inc., 857 F.2d 202, 207-210 (3d Cir. 1998) (describing the pecuniary interest and public policy test for whether a government's action falls within the regulatory powers exception).

     The fact that the DOL's action may benefit private employees does not convert this suit into one pursuing the pecuniary interest of private parties. The DOL is not seeking

its own pecuniary interest, or the pecuniary interests of the United States, in this litigation.[5]

The Koresko Parties rely on <u>Nortel</u>, which held that the automatic stay applied to a U.K. Pensions Regulator's proceedings against an allegedly underfunded pension plan. <u>Nortel</u> is distinguishable from this case because there, the Third Circuit found that neither the Trustee of Nortel Networks U.K. Pension Plan or the U.K. Board of the Pension Protection Fund were governmental units, and therefore the police power and regulatory exception could not apply to their efforts. 669 F.3d at 138-139. In contrast, the DOL is a governmental unit.

The Koresko Parties also cite the Sixth Circuit's decision in <u>Chao v. Hospital Staffing Services</u>, which found that a suit filed by the Secretary of Labor passed the pecuniary interest test but failed the public policy test, and therefore did not fall within the police power exception. There, the DOL brought a "hot goods" suit against a bankruptcy trustee to prevent the movement of medical records in violation of the Fair Labor Standards Act. The Sixth Circuit held that such a suit

---

[5] The Koresko Parties argue that the DOL's action is to further the IRS's and the federal Treasury's pecuniary interests in the outcome of several cases involving Plan participants that are currently pending in the Tax Court. In support of that argument, they quote a 2009 affidavit from defendant Jeanne Bonney, who in conclusory fashion states that this action helps the IRS prevail in the Tax Court. Ms. Bonney does not give any factual basis for her statements or how the action would help the IRS.

served little public purpose because the main remedy of that suit would be to recover wages and liquidated damages, and protect the property interest held by affected employees, rather than to benefit any interest of the public.  270 F.3d at 391-93.

In contrast, actions by the Secretary of Labor to enforce ERISA are intended to further public policy.  The text of ERISA explains this policy:

> The Congress finds that . . . the continued well-being and security of millions of employees and their dependents are directly affected by . . . [employee benefit] plans; that they are affected with a national public interest; . . . that owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of such plans; . . . and that it is therefore desirable . . . that minimum standards be provided assuring the equitable character of such plans and their financial soundness.

29 U.S.C. § 1001(a); see also Dole, 113 B.R. at 98.

B.  Applicability of ERISA

The Koresko Parties also argue that the DOL's case does not fall within the governmental regulation exception to the automatic stay because the Plans at issue are not covered by ERISA.  This argument is based on a 2009 Amendment executed by

PennMont Benefit Services that eliminated non-owner-employees, a requirement for ERISA application, from the Plans.

The Court has already decided that the Plans are covered by ERISA. In its partial summary judgment opinion on August 3, 2012, the Court held that the 2009 Amendment was not valid because PennMont did not have the authority to amend the plan, because the amendment would violate another provision of the plan document prohibiting amendments that discriminate in favor of participants who are highly compensated, who are officers of the employer, or who are stockholders of the employer, and because as a policy matter, it would be contrary to the purpose of ERISA if ERISA-covered employee benefit plans could avoid subsequent enforcement of ERISA provisions that once applied by simply eliminating ERISA coverage by amendment. <u>Solis v. Koresko</u>, 884 F. Supp. 2d 261, 285-90 (E.D. Pa. 2012) (Docket No. 315).

The Koresko Parties' motion argues that the Court's conclusion that the 2009 Amendment was not valid was incorrect, insisting that the amendment comported with the requirements of the Plan documents and that policy considerations should not be weighed in that situation. This argument does not provide any new evidence or law to serve as a basis for reconsidering the Court's earlier order.

An appropriate Order will issue.