IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH D. HARRIS, | : | CIVIL ACTION |
| ACTING SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT | : | |
| OF LABOR | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN J. KORESKO, V, et al. | : | NO. 09-988 |

## ORDER

AND NOW, this 16th day of September, 2013, upon consideration of Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction (Docket #377), and the myriad filings and hearings that will be described in a Memorandum to be issued at a later time, IT IS HEREBY ORDERED that the Court finds that the Secretary has shown a likelihood of success on the merits of the Secretary's ERISA claims and the probability of irreparable injury to the public and to the Plans and their participants and beneficiaries absent the relief requested.

IT IS FURTHER ORDERED that:

1. Defendants John J. Koresko, V, PennMont Benefit Services, Inc., Penn Public Trust, Koresko and Associates, P.C., and Koresko Law Firm, P.C., their agents, employees, service providers, accountants, attorneys, and any other party acting in concert with or at their direction, are removed from any position they may currently hold with regard to the Single Employer

Welfare Benefit Plan Trust ("SEWBPT") and/or the Regional Employers Assurance League Voluntary Employees' Beneficiary Association Trust ("REAL VEBA") and are enjoined until further order of the Court from serving as administrator, fiduciary, officer, trustee, custodian, counsel, agent, representative (including acting as attorney in fact), or consultant or adviser of the plans or employer arrangements participating in the SEWBPT and/or the REAL VEBA;

     2.   The Wagner Law Group ("Wagner") is hereby appointed as the Independent Fiduciary by the Court to administer the plans, employer arrangements, SEWBPT and REAL VEBA;

     3.   The Independent Fiduciary shall have and shall exercise full authority and control with respect to the management or disposition of the assets of the plans, employer arrangements and the SEWBPT and REAL VEBA as set forth in paragraph 4. The Independent Fiduciary shall have the authority to enter into agreements with one or more trustees to serve as directed trustees and hold the assets of the plans, employer arrangements, SEWBPT and REAL VEBA;

     4.   a.   The period over which Wagner will exercise the duties of independent fiduciary is anticipated to be from four to six weeks. The independent fiduciary shall file a report with the Court on or before October 28, 2013, with respect to the status of its work. The initial step of this engagement will be

to obtain an inventory of all assets of REAL VEBA, SEWBPT, and its constituent employer-level plans or arrangements ("the Trusts") as well as a listing of diverted assets to which the Trusts have an entitlement but as to which they may not have legal title. This will entail contacting financial institutions and determining where and how trust assets are being held. A particular emphasis will be placed on securing liquid assets that may be at greater risk of potential misappropriation;

  b. If and to the extent directed by the Court, Wagner will develop a timeline and process for collecting and allocating the Trusts' assets. This will include (i) obtaining control over diverted death benefit proceeds owed to participants and beneficiaries of the Trusts and (ii) securing the repayment of the proceeds of loans on insurance policies that have been allegedly misappropriated by or diverted to parties other than the Trusts. To the extent directed by the Court, Wagner will work with the DOL to obtain title on behalf of the Trusts to real property acquired by Koresko or others with the Trusts' assets;

  c. Develop a process for administering the day-to-day operations of the Trusts that includes the payment of benefits to the Trusts' beneficiaries and payment of insurance premiums with respect to insurance policies or contracts held by or for the benefit of the Trusts. If directed by the Court, oversight will be accorded to restorative payments to the Trusts'

beneficiaries who did not receive the full amount of benefits to which they were entitled.

5. Defendants John J. Koresko, V, PennMont Benefit Services, Inc., Koresko and Associates, P.C., and Koresko Law Firm, P.C., their agents, employees, service providers, accountants, attorneys, and any other party acting in concert with or at their direction shall turn over all assets of the plans and employer arrangements other than assets referenced in paragraph 7, and all documentation related to the plans and employer arrangements to the Independent Fiduciary.

6. In particular, defendants John J. Koresko, V, PennMont Benefit Services, Inc., Penn Public Trust, Koresko and Associates, P.C., and Koresko Law Firm, P.C., their agents, employees, service providers, accountants, attorneys, and any other party acting in concert with or at their direction shall immediately upon entry of this Order turn over to the Independent Fiduciary the following assets:

  a. All assets of the plans, employer arrangements, SEWBPT and/or REAL VEBA currently held in accounts other than those set forth in paragraph 7;

  b. Assignments of all rights in the Nelson Springs condominiums and the deeds and all other indicia of ownership to the Anderson, South Carolina, property referenced in

Plaintiff's Memorandum in Support of Application for Temporary Restraining Order and Preliminary Injunction;

    c. All other personal and real property purchased, in whole or in part, with assets of the plans, employer arrangements, SEWBPT and/or REAL VEBA, including (i) any funds payable to or deposited into the SEWBPT or REAL VEBA; (ii) any proceeds from loans taken out against the cash value of insurance policies owned by the SEWBPT, REAL VEBA or the trustees thereof for the benefit of the plans or employer arrangements participating in the SEWBPT or REAL VEBA; (iii) any death benefit payments from insurance companies; or (iv) any income or interest generated by any of the foregoing.

  7. The Independent Fiduciary shall assume and is hereby granted full authority and control over the accounts, policies, contracts or other financial instruments frozen or subject to the Court's interim orders of July 9 and July 23, 2013.

  8. Within five (5) business days of the entry of this Order, defendants John J. Koresko, V, PennMont Benefit Services, Inc., Penn Public Trust, Koresko and Associates, P.C., and Koresko Law Firm, P.C., are ordered to provide this Court and the Independent Fiduciary with the name, account number, and location of any accounts containing plan assets and to identify and provide the location and deeds, if applicable, of all real or

personal property purchased with plan assets, other than those accounts and property already described in this Order.

9.  The Continental Bank, Bank of America, N.A., Citizens Bank, Pershing LLC, and all insurance companies issuing policies, contracts or other instruments owned by or for the benefit of the SEWBPT, REAL VEBA, and/or its constituent employer-level plans or arrangements are ordered to accept further instructions regarding the accounts listed above and insurance contracts from the Independent Fiduciary and are enjoined from accepting further instructions regarding the accounts named in the July 9, 2013, order and insurance contracts, policies and/or instruments described herein from John J. Koresko, V, PennMont Benefit Services, Inc., Penn Public Trust, Koresko and Associates, P.C., and Koresko Law Firm, P.C., their agents, employees, service providers, accountants, attorneys, and any other party acting in concert with them or at their direction.  The Independent Fiduciary shall be responsible for notifying all relevant banks, financial institutions and insurance companies of the existence and contents of this Order.

10. All defendants, their agents, employees, service providers, bank, accountants, and attorneys are enjoined from coercing, intimidating, interfering with or attempting to coerce, intimidate, or interfere with the Independent Fiduciary or with the agents, employees or representatives of the Independent

Fiduciary and are ordered to cooperate fully with the Independent Fiduciary or its successors, agents, employees or representatives, and shall cooperate with the Independent Fiduciary in the transfer of the administration of the plans, employer, arrangements, SEWBPT and REAL VEBA to the Independent Fiduciary; shall provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the plans, employer arrangements, SEWBPT and REAL VEBA; and shall make an accounting to the Independent Fiduciary of all transfers, payments, or expenses incurred or paid in connection with the plans, employer arrangements, SEWBPT and REAL VEBA. The Secretary of Labor shall be permitted to provide to the Independent Fiduciary any and all records of the defendants or third parties in the Secretary's possession necessary for the administration of the plans, employer arrangements, SEWBPT and/or REAL VEBA.

11. The fees and expenses of the Independent Fiduciary shall be paid from funds in the SEWBPT and REAL VEBA; however, the Independent Fiduciary shall submit invoices on a monthly basis for such compensation to the Court for approval. The parties shall have 15 days from the date that such invoices are filed with the Court for filing of any objections. The Independent Fiduciary shall not be paid until such time as the Court approves the invoice.

12. The Independent Fiduciary shall not be held responsible for any claims against the plans, employer arrangements, SEWBPT or REAL VEBA or the related entities which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary. During the pendency of this Order, the Independent Fiduciary shall not be required to honor requests for the termination of any plans or employer arrangements participating in the SEWBPT or REAL VEBA or for the transfer of any assets to other trustees, plan sponsors, or other parties requesting such transfers, including the trustees' or plan sponsors' agents, employees, service providers, banks, accountants, and attorneys, unless ordered otherwise by the Court.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.