IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| JOHN J. KORESKO, V, et al. | : | NO. 09-988 |

ORDER

AND NOW, this 26th day of September, 2013, upon consideration of the Koresko Parties' Motion to Set Aside Consent Judgment and for Contempt (Docket No. 433), and the oppositions thereto, IT IS HEREBY ORDERED that the motion is DENIED.

The Koresko parties[1] request that this Court set aside the Consent Judgment, under Federal Rule of Civil Procedure 60, entered into by Farmers and Merchants Trust Company of Chambersburg ("F&M") and the Department of Labor ("DOL") and approved by the Court on November 27, 2012. (Docket No. 352).

---

[1] The "Koresko parties" are John J. Koresko, Jeanne Bonney, PennMont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.C., Penn Public Trust, Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association Trust ("REAL VEBA") and Single Employer Welfare Benefit Plan Trust ("SEWBPT").

Rule 60 regulates the procedures by which a party may obtain relief from a final order or judgment.[2] Subsection (b) states the grounds for relief from a final order or judgment, which include: (1) mistake, inadvertence, surprise, or inexcusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Subsection (d) states that Rule 60 does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.  Fed. R. Civ. P. 60(d).

First, the Koresko parties were not parties to the Consent Judgment.  The Consent Judgment also does not contemplate action by non-parties to enforce or open the Consent

---

[2] Rule 60(b) applies to all final judgments in civil actions, including consent judgments. Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642 (1961).

Judgment, and the Koresko parties were not intended beneficiaries of the Consent Judgment.  Therefore, the Koresko parties do not have standing to enforce the Consent Judgment. See Antonelli v. New Jersey, 419 F.3d 267, 273 (3d Cir. 2005). Even if the two trusts, REAL VEBA and SEWBPT, were considered beneficiaries of the Consent Judgment, as F&M was ordered to transfer funds to the Registry of the Court for the benefit of the REAL VEBA Plans and the SEWBPT Plans, the Consent Judgment still does not provide for any enforcement by non-parties or beneficiaries.

On the merits of the Koresko parties' arguments, they argue several grounds to open the Consent Judgment, but they specifically cite language from Rule 60(b)(3), about fraud, misrepresentation, or misconduct by an opposing party.  Koresko Parties Br. at 2.[3]  Although Rule 60(b)(3) does not provide much guidance regarding its application, the Third Circuit has declared general principles applicable to a 60(b)(3) motion. Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc., 434 F. App'x 109, 111 (3d Cir. 2011).

---

[3] Although the Court analyzes this motion under Rule 60(b)(3), and discusses Rule 60(b)(6) later in this Order, the Court also notes that there are no grounds under which the Koresko parties can claim there was mistake, inadvertence, surprise, or newly discovered evidence to support opening the Consent Judgment.  It does not appear to the Court, however, that the Koresko parties are even invoking the grounds for relief under Rule 60(b)(1) or (2).

In Brown v. Pennsylvania Railroad Company, 282 F.2d 522 (3d Cir. 1960), the Third Circuit stated that "[i]n order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Id. at 527. Relief under Rule 60(b)(3) may be warranted, even though the newly disclosed evidence may not change the result, if such evidence "would have made a difference" in advancing the moving party's claim. Seaboldt v. Pa. R.R Co., 290 F.2d 296, 299 (3d Cir. 1961). Distilling these cases in Stridiron v. Stridiron, 698 F.2d 204 (3d Cir. 1983), the Third Circuit instructed that "[t]o prevail [under Rule 60(b)(3)], the movant must establish that the adverse party engaged in fraud or other misconduct, and this conduct prevented the moving party from fully and fairly presenting his case." Id. at 207.

Even assuming that the Koresko parties had standing, they have shown no fraud to support their motion. First, the Koresko parties argue that they did not receive any notice of the proposed Consent Judgment, either via the Court's electronic filing system or through their attorneys at that time. Counsel for the Koresko parties was, however, notified of the Consent Judgment through correspondence with F&M. See F&M Opp. Br., Ex. B (Docket No. 465-1) (October 16, 2012, letter from counsel for F&M to Montgomery, McCracken, discussing terms of a proposed settlement between F&M and DOL). Furthermore, the DOL filed a

Motion to Approve Consent Judgment on the Court's electronic filing system on November 26, 2012 (Docket No. 350), of which the Koresko parties admit that their counsel received notice.

Even if the Koresko parties had no personal notice of the Consent Judgment, the knowledge of the Koresko parties' counsel is imputed to them. See Schlier v. Rice, 630 F. Supp. 2d 458, 469-70 (M.D. Pa. 2007); see also Veal v. Geraci, 23 F.3d 722, 725 (2d Cir. 1994). The relationship between an attorney and the client he or she represents in a lawsuit is one of agent and principal. McCarthy v. Recordex Serv., Inc., 80 F.3d 842, 853 (3d Cir. 1996). Moreover, as a general matter, "[w]here an agent receives notice, that notice is imputed to the principal." In re Color Tile Inc., 475 F.3d 508, 513 (3d Cir. 2007). The rule that an attorney's knowledge is imputed to his or her client is subject to important limitations, however. One such limitation is that the rule of imputation applies only to "matters in which the lawyer represents the client." Sweeten v. Middle Twp., No. CIV. 04-3512 (JBS), 2007 WL 4440936, at *9 (D.N.J. Dec. 14, 2007) (quoting Restatement (Third) Governing Lawyers § 28(1) (2000)).[4] That limitation is met here, as Montgomery, McCracken was representing the Koresko parties in this action at that time.

---

[4] Because the Koresko parties had notice of the Consent Judgment, there can also be no ground for relief for "inadvertence" or "surprise." Rule 60(b)(1).

The Koresko parties also argue that the Court was not apprised and was not presented with accurate information that the proposed settlement was in contempt of Judge Jones's January 14, 2010 Order (referred to by the Koresko parties as the January 15, 2010 Order). This is not the case, because the Consent Judgment references that Order on pages 2, 3, and 4. (Docket No. 352) (referring to January 14, 2010 Order denying the Secretary's Motion for Preliminary Injunction).

Furthermore, no fraud was committed because the Koresko parties have already raised the argument that F&M failed to comply with the January 14, 2010 Order. See Koresko Defendants' Emergency Motion for Adjudication of Civil Contempt and Sanctions (Docket No. 200). Based on representations by Mr. Koresko at a status conference that the issues in the emergency motion were moot, the Court denied that motion as moot on December 2, 2010. (Docket No. 245).[5]

Lastly, if the Koresko parties' arguments were considered under the Rule 60(b)(6) catch-all provision, allowing relief for "any other reason that justifies relief," then

---

[5] For the reasons stated above that the Koresko parties arguments do not prevail under Rule 60(b)(3), those arguments also do not succeed under Rule 60(d)(3). The "fraud upon the court," as used in Rule 60(d)(3), is referring to very unusual cases where there is "far more than an injury to a single litigant." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2870, at 578 (3d ed. 2012)) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)). The Koresko parties have shown no such injury here.

"extraordinary circumstances" must be present to justify the use of the Rule 60(b)(6). Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). A showing of extraordinary circumstances involves a showing that without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." Id. (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)). The Koresko parties have shown no such extraordinary circumstances.

                            BY THE COURT:


                            /s/ Mary A. McLaughlin
                            MARY A. McLAUGHLIN, J.