IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS E. PEREZ, SECRETARY OF :    CIVIL ACTION
LABOR, UNITED STATES         :
DEPARTMENT OF LABOR         :
                           :
    v.                   :
                           :
JOHN J. KORESKO, V, et al.   :   No. 09-988

ORDER

AND NOW, this 27th day of February, 2014, following an on-the-record telephone conference on February 27, 2014, with counsel for the Department of Labor, counsel for Mr. Koresko, and the Independent Fiduciary; and whereas the Independent Fiduciary has filed a Motion to Stay and Enjoin All Claims and Proceedings Against the Trusts Pursuant to 28 USC § 1651 The "All Writs Act" (Docket No. 706); and whereas it was brought to the Court's attention that there is a hearing scheduled on March 4, 2014, in the Eastern District of Pennsylvania bankruptcy court regarding the six bankruptcy actions transferred from Florida and involving the Koresko entities and the Trusts; and whereas the bankruptcy court has requested that the Independent Fiduciary submit financial information regarding the Trusts, which was to be submitted with the Independent Fiduciary's March 14, 2014 report, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 157(d), the reference of the following bankruptcies to

the United States Bankruptcy Court for the Eastern District of
Pennsylvania is hereby withdrawn in its entirety:

    1.    In re:  Penn-Mont Benefit Services, Inc., No. 13-
21178 (E.D. Pa. Bankr.)

    2.    In re:  REAL VEBA Trust, No. 13-21179 (E.D. Pa.
Bankr.)

    3.    In re:  Single Employer Welfare Benefit Plan
Trust, No. 13-21180 (E.D. Pa. Bankr.)

    4.    In re:  Penn Public Trust, No. 13-21181 (E.D. Pa.
Bankr.)

    5.    In re:  Koresko Law Firm, P.C., No. 13-21182 (E.D.
Pa. Bankr.)

    6.    In re:  Koresko & Associates, P.C., No. 13-21183
(E.D. Pa. Bankr.)

IT IS FURTHER ORDERED that the involuntary petitions
filed in these six cases will be transferred to this Court, and
all matters in these cases will be heard and administered before
this Court until further order.  All proceedings in these
bankruptcy cases are stayed until further order of this Court.

The district court has original, but not exclusive,
jurisdiction over all bankruptcy proceedings.  28 U.S.C.
§ 1334(b).  The bankruptcy court exercises such jurisdiction
under a standing order of reference, as provided by 28 U.S.C.
§ 157(a).  Once a Title 11 proceeding has been referred to the
bankruptcy court, the district court's authority to withdraw the
reference is governed by 28 U.S.C. § 157.  Under § 157(d):

The district court may withdraw, in whole or in part,
any case or proceeding referred under this section, on
its own motion or on timely motion of any party, for
cause shown. The district court shall, on timely
motion of a party, so withdraw a proceeding if the
court determines that resolution of the proceeding
requires consideration of both title 11 and other laws
of the United States regulating organizations or
activities affecting interstate commerce.

Withdrawal from the bankruptcy court is

permissive under the statute "for cause shown."  The Third

Circuit has set forth five factors that a district court

should consider in determining whether "cause" exists for

discretionary withdrawal.  These factors include:  (1)

promoting uniformity of bankruptcy administration; (2)

reducing forum shopping and confusion; (3) fostering

economical use of debtors' and creditors' resources; (4)

expediting the bankruptcy process; and (5) timing of the

request for withdrawal.  In re Pruitt, 910 F.2d 1160, 1168

(3d Cir. 1990).

The Court finds that cause has been shown to

withdraw the reference from the Eastern District of

Pennsylvania bankruptcy court for these cases.  These

bankruptcies were recently transferred from Florida

following a motion to dismiss or transfer the petitions.

The current hearings before the bankruptcy court on the

motions to suspend the involuntary positions, scheduled for

3

March 4, 2014, require disclosure of financial information
by the Independent Fiduciary.

However, this Court has ordered the Independent
Fiduciary to submit a report, or on before March 14, 2014,
containing similar financial information that is to be
disclosed to limited participants.  In light of that
conflict between this Court's orders to the Independent
Fiduciary, and the Independent Fiduciary's obligations
before the bankruptcy court, this Court finds that cause
has been shown to withdraw the reference from the relevant
bankruptcies so they can be further coordinated with this
case.

Withdrawal of the reference will especially
reduce forum shopping and confusion in that all issues
regarding the Independent Fiduciary's upcoming report will
be coordinated before this Court, whether in the Department
of Labor's case or the bankruptcy cases.  Furthermore,
withdrawal of the reference will promote uniformity of
trust administration and conserve the assets of both
debtors and creditors by preventing the Trusts from having
to expend funds in coordinating conflicting obligations
between two courts.  Finally, coordinating the bankruptcy
cases with the Department of Labor's case promotes judicial

4

efficiency over a common set of facts and assets and

logically expedites administration of the Trusts' assets.

The Clerk shall notify Bankruptcy Judge Jean K.

FitzSimon of the entry of this order.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.

5