IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| JOHN J. KORESKO, V, et al. | : | No. 09-988 |

ORDER

AND NOW, this 22nd day of April, 2014, upon consideration of the Plaintiff's Motion for Reconsideration of Order Regarding Participation of Defendant Jeanne Bonney and for Order Disqualifying Mr. Koresko as Attorney for Jeanne Bonney (Docket No. 704), the response and cross-motion filed by Mr. Koresko (Docket No. 735), other responses that the Court considered in camera, and argument held on this motion on March 24, 2014 (transcript under seal), IT IS HEREBY ORDERED that the motion is GRANTED. IT IS FURTHER ORDERED that Mr. Koresko's cross-motion for sanctions is DENIED.

The Court considers here the motion of the Department of Labor ("DOL") to disqualify Mr. Koresko as counsel for Jeanne Bonney, and its motion for the Court to reconsider its earlier order suspending Ms. Bonney's participation in this litigation. The Court grants the motion to disqualify Mr. Koresko, and Mr. Koresko shall withdraw as counsel for Ms. Bonney in this action and shall promptly return to Ms. Bonney any client materials

remaining in his possession or control.  The Court also grants this motion to permit the DOL to take the deposition of Ms. Bonney, provided that the deposition is limited beforehand in time and scope.

The Court issued an order in February 2012 suspending the participation of Ms. Bonney because, at that time, Ms. Bonney was unable to participate in the proceedings (Docket Nos. 239, 270).  The DOL illustrates, citing deposition transcripts, that Mr. Koresko recently testified that Ms. Bonney was solely responsible for transfers out of the Trusts and that she was the one with knowledge of expenditures from Trust assets. Accordingly, the DOL seeks to depose Ms. Bonney on these topics and related matters.  Since Ms. Bonney was deposed in 2009, there has been significant discovery taken in this case that justifies the DOL's request to depose Ms. Bonney now.

The Court afforded Ms. Bonney several opportunities to submit information to the Court in response to the DOL's motion (Docket Nos. 747, 767).  Specifically, the Court stated that "Ms. Bonney may submit for in camera review an affidavit from her current physician articulating her relationship with that physician and including: a specific and detailed statement of Ms. Bonney's current physical and mental condition; and a statement of how Ms. Bonney's current condition may limit her further participation in this action, such as in a deposition"

(Docket No. 747).  The Court received, on Ms. Bonney's behalf, a single letter.  This letter, dated March 10, 2014, was sent to the Court three separate times, once notarized, and with differently dated postmarks.  The author is listed as an M.D., but does not represent that she is Ms. Bonney's physician in any capacity.  The letter does not state that the M.D. is the one treating Ms. Bonney for her conditions, or the M.D.'s basis for knowledge of Ms. Bonney's conditions or current limitations.  The letter does not detail what, if any, limitations Ms. Bonney currently has.  The Court does not have enough information to understand the current state of Ms. Bonney's health, and so the Court cannot determine that Ms. Bonney is unable to participate in a discovery deposition in this action.

The DOL also moves to disqualify Mr. Koresko from representing Ms. Bonney on the basis of a non-waivable conflict of interest.  Mr. Koresko has submitted to the Court, for in camera review, a waiver of conflict letter signed by Ms. Bonney.

A federal district court has the power to disqualify an attorney.  Ferguson v. Valero Energy Corp., No. 06-540, 2010 WL 2164493, at *9 (E.D. Pa. May 27, 2010), aff'd, 454 F. App'x 109 (3d Cir. 2011).  This power is based on the Court's inherent authority to supervise the professional conduct of attorneys appearing before it.  A court may disqualify an attorney for violating a disciplinary rule.  Disqualification is not

3

automatic when a disciplinary rule has been violated.  A court should disqualify an attorney only when it determines that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve along with any countervailing policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without excessive restrictions. Id.

The DOL has standing to seek disqualification of opposing counsel.  See, e.g., Capriotty v. Bell, No. 89-8609, 1991 WL 22134, at *2 (E.D. Pa. Feb. 19, 1991) ("Motions for disqualification based on a conflict of interest are properly raised by opposing counsel."); see also In re Pressman-Gutman Co., 459 F.3d 383, 402 n.20 (3d Cir. 2009) (citing In re Congoleum Corp., 426 F.3d 675, 686-87 (3d Cir. 2005), and In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 161 (3d Cir. 1984)); Walsh v. Consol. Design & Eng'g, Inc., No. 05-2001, 2008 WL 131135, at *2 n.5 (E.D. Pa. Jan 14, 2008); cf. Reg'l Employers' Assur. Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano, No. 03-6903, 2009 WL 1911671 (E.D. Pa. July 1, 2009).

The party seeking disqualification of opposing counsel bears the burden of clearly showing that continued representation would be impermissible.  Vague and unsupported

4

allegations are insufficient. See Ramos v. Quien, No. 08-2952, 2011 WL 2453614, at *5 (E.D. Pa. June 20, 2011).

The local rules of this district incorporate the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania. See E.D. Pa. Local Rule 83.6(IV)(B). Pennsylvania Rule of Professional Conduct 1.7 provides as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>>
>> (2) the representation is not prohibited by law;
>>
>> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

>     (4) each affected client gives informed
>     consent.

Pa. R.P.C. 1.7.

Where a conflict of interest among clients is so severe that no lawyer could "reasonably believe" that representation of one will not adversely affect the representation of the other, representation of both cannot be allowed. <u>Capriotty</u>, 1991 WL 22134, at *2. Joint representation is improper, despite informed consent, where it is unreasonable for the attorney to believe that representation of one of the clients will not be adversely affected. <u>Id.</u> at *5.

There is a strong presumption against concurrent representation of clients with directly conflicting interests. <u>See</u> <u>Tran v. Meyers</u>, No. 95-2574, 1995 WL 584374, at *4 (E.D. Pa. Oct. 2, 1995). For example, the representation of two parties in an automobile accident, one of whom may be wholly or partially at fault, is a direct conflict that requires withdrawal. Informed consent does not apply to such conflicts of interest that are so "critically adverse." <u>Id.</u>

Courts in this district have found that an attorney representing himself, his law firm, and his client in a case faced a non-waivable conflict of interest. The firm was disqualified from representing the client because the client's potential claims against her co-plaintiffs, the attorney and his

6

firm, created directly adverse interests, and the attorneys could not reasonably believe they could adequately represent the client. See Lease v. Rubacky, 987 F. Supp. 406, 407-08 (E.D. Pa. 1997).

In this case, Mr. Koresko is representing himself for purposes of upcoming depositions taken by the DOL, and, as far as the Court is aware, in the upcoming trial. Mr. Koresko also represents to the Court that he is Ms. Bonney's counsel, although he has testified that he has not spoken with Ms. Bonney for over two years, except about the weather. More importantly, Mr. Koresko has testified that Ms. Bonney was solely responsible for the transfer of funds out of the Trusts. The DOL has asserted that Mr. Koresko and Ms. Bonney shared responsibility for those transfers and other transactions that allegedly violate ERISA. Therefore, Mr. Koresko has placed sole blame on Ms. Bonney for those actions the DOL alleges violate ERISA, yet he seeks to represent both himself and her as defendants in the DOL's case. Based on Mr. Koresko's deposition testimony, the Court finds it wholly unreasonable for Mr. Koresko to believe that Ms. Bonney's interests will not continue to be adversely affected if he is permitted to continue as her counsel.

BY THE COURT

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.