IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| JOHN J. KORESKO, V, et al. | : | No. 09-988 |

ORDER

AND NOW, this 7th day of May, 2014, upon consideration of Defendant John J. Koresko's Motion for Reconsideration of this Court's Order Dated April 22, 2014 (Docket Nos. 793, 794); and whereas the Court issued an order on April 22, 2014 (Docket No. 782), granting the Department of Labor's motion for reconsideration regarding the participation of Jeanne Bonney and disqualifying Mr. Koresko as Ms. Bonney's attorney; and whereas the Court received a detailed affidavit from Ms. Bonney on May 5, 2014; and whereas the Court received letters from Mr. Koresko and the Department of Labor regarding Ms. Bonney's noticed deposition, IT IS HEREBY ORDERED that the motion is GRANTED IN PART and DENIED IN PART as follows:

1. Ms. Bonney has adequately shown that she is unable to participate in these proceedings. The litigation will proceed without Ms. Bonney. The Department of Labor's

deposition of Ms. Bonney, currently scheduled for May 13, 2014, shall not be held.

2. The Court's order regarding the disqualification of Mr. Koresko shall remain in force. Mr. Koresko is hereby disqualified from representing Ms. Bonney. The Court directs the Clerk of Court that Mr. Koresko's representation of Ms. Bonney shall be terminated on the docket.

The Court's decision to excuse Ms. Bonney from participating in this action is based on Ms. Bonney's affidavit and exhibits, submitted to the Court on May 5, 2014. The Court understands that the Department of Labor has not received this affidavit. Nothing the Department of Labor may argue in opposition, however, would change the Court's opinion based on Ms. Bonney's statements. The Court will docket these materials under seal, although they will not be distributed to the parties.

Ms. Bonney's affidavit provides information that the Court had previously requested: her current relationship with her doctors, her current medical condition, and how her current condition limits her participation in this action. Ms. Bonney's affidavit illustrates to the Court that she has been and

2

continues to suffer from serious medical conditions that impede her ability to participate in this litigation. The affidavit and attached documentation illustrate that Ms. Bonney is permanently disabled, legally blind, and unable to travel. The Court believes that Ms. Bonney would not be a capable or useful witness based on her current physical, mental, and emotional condition.

BY THE COURT

*Mary A. McLaughlin*
MARY A. McLAUGHLIN, J.