IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| JOHN J. KORESKO, V, et al. | : | No. 09-988 |

**ORDER**

AND NOW, this 15th day of May, 2014, upon request from The Wagner Law Group, as Independent Fiduciary ("IF"), for permission to pay a portion of claims relating to death benefits due from the Regional Employers Assurance League Voluntary Employees' Beneficiary Association Trust and the Single Employer Welfare Benefit Plan Trust (the "Trusts"), to the beneficiaries of the below insured persons, the IF, hereby is authorized to make a partial payment of death benefits to the beneficiaries, as calculated below.

| Named Insured | John D. Tyre, Jr. | James J. Krupa |
|---|---|---|
| Insurance Company | The Penn Mutual Life Insurance Company | Nationwide Life Insurance Company |
| Benefit Formula Salary for Calculation | $ 5,000.00 | $55,000.00 |
| Plan Multiple per AA | 100 | 20 |
| Maximum Death Benefit | $500,000.00 | $1,100,000.00 |
| Less Trust Advances[1] | $0.00 | $0.00 |
| Unadjusted Beneficiary total | $500,000.00 | $1,100,000.00 |
| Payable amount (50%) | $250,000.00 | $550,000.00 |

---

[1] At this time no adjustment for funds advanced by the Trust or for any encumbrance on the insurance policy is authorized. Upon resolution of the matter before this Court, if any adjustments are appropriate to the death payments, based on findings of the Court, such adjustments will be deducted from any authorized remaining payment.

{K:/12313/A0119022.1}

The above partial payment is warranted to alleviate hardships experienced by beneficiaries following a death and the IF's validation of the death claim with the insurance companies involved. Further, the IF is in receipt of the insurance policy proceeds with respect to the policies owned by the Trusts, which policies were intended to fund such Trust death benefit obligations.

The calculation of the death benefit due beneficiaries is based on the IF's review of the respective plan documents, census compensation history and other determining factors, as outlined in the March 14, 2014 IF Report, required to calculate the Trusts' liability to the respective beneficiaries, including any amendments made prior to the IF's appointment, that fixed or altered the benefit formula for each employer.

Per the Trust documents, death benefits are generally payable in a series of monthly installment payments not to exceed 120. However, payment may also be made in accordance with an annuity purchased for such intent or as otherwise agreed by the beneficiary and administrator. Accordingly, following completion of the litigation in this matter, the Court may order, all, none or an additional portion of the death benefits be paid to beneficiaries in a lump sum or such other payment method the Court determines. Further, per this order, the IF is authorized to handle future claims for death benefits received during the IF's normal and ongoing administration of the Trusts in the same manner.

IT IS HEREBY ORDERED that the IF's request to pay the above death benefit amounts, and to administer future undisputed death claims in the same manner, is GRANTED.

BY THE COURT:

*Mary A. McLaughlin*
MARY A. McLAUGHLIN, J.

{K:/12313/A0119022.1}