```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

THOMAS E. PEREZ, SECRETARY OF   :   CIVIL ACTION
LABOR, UNITED STATES            :
DEPARTMENT OF LABOR             :
                                :
     v.                         :
                                :
JOHN J. KORESKO, V, et al.      :   No. 09-988

## ORDER

AND NOW, this 11th day of June, 2014, this order elaborates on the Court's reasoning for beginning the trial in this case on June 9, 2014, after Mr. Koresko sent a letter to the Court stating that he would not appear. Although the Court may issue a longer memorandum later, this order is written to explain why the trial is going forward, in light of Mr. Koresko's emergency motion before the Third Circuit seeking to stop the trial.

The Court notes that Mr. Koresko did not serve his June 9 letter on the Department of Labor, but instead requested that it be kept confidential due to the medical information contained therein. The Court chose to share that letter with the Department of Labor so that it might understand Mr. Koresko's stated reasons for not appearing at his scheduled trial. The Court has otherwise filed the letter under seal.

As background, this Court issued a decision in 2012 granting partial summary judgment in favor of the Department of

Labor, and made limited findings that Mr. Koresko had breached his fiduciary duties with regard to certain employee welfare benefit plans participating in the REAL VEBA and SEWBP Trusts (the "Trusts"). In ruling on the Department of Labor's later motion for a temporary restraining order and preliminary injunction, this Court appointed an Independent Fiduciary, who remains in charge of administering the Trusts. In conjunction with the appointment of the Independent Fiduciary, the Court ordered that certain money be turned over to the Independent Fiduciary's control.

Mr. Koresko refused to comply with many parts of that order. For example, Mr. Koresko flew to Nevis and moved money into different bank accounts, in direct violation of the Court's order. Over the strenuous objection of the Department of Labor and the Independent Fiduciary, the Court allowed Dilworth Paxson LLP to represent Mr. Koresko in connection with the Department of Labor's contempt motion and to be paid from trust assets. The Court permitted this representation in light of the Department of Labor's request that Mr. Koresko be incarcerated until he complies with this Court's orders. Over the next seven months, with Dilworth's hard work, and over $400,000 in legal fees paid to Dilworth, Mr. Koresko complied with most of the Court's orders. The motion for contempt is still pending, however, because Mr. Koresko has still not complied with the

orders in connection with certain condominiums he purchased with plan assets in Nevis. Given this procedural history, the Court was convinced that a merits decision was necessary, and that the trial should not be delayed any longer.

This case has been pending since 2009, and only after over five years of extensive, contentious litigation has it been brought to trial. This trial was scheduled more than three months ago, on March 3, 2014. Furthermore, Mr. Koresko participated in the pretrial conference held on June 2, 2014, and made no mention during that conference that he would be unable to appear due to medical reasons. Although the final pretrial conference was scheduled to be held in person, Mr. Koresko did not appear and participated by phone only after he was contacted by the Court's secretary. Mr. Koresko stated that he was unaware of the pretrial conference, although it had been scheduled on the docket approximately three months earlier. The Court also denied Mr. Koresko's requests for recusal or postponement of trial in the days leading up the trial.

This is not the first time that Mr. Koresko has attempted to delay these proceedings, including for medical reasons. This Court had scheduled a hearing for July 8, 2013, on the Department of Labor's motion for temporary restraining order and preliminary injunction. Mr. Koresko sought a continuance of that hearing for health reasons on June 27, 2013.

In response, the Court ordered that the hearing would proceed as both a hearing on the temporary restraining order and a status hearing regarding Mr. Koresko's health. The Court ordered counsel for the Koresko defendants to provide, on or before July 8, 2013, any relevant medical information and documentation regarding the accident that Mr. Koresko purports to have suffered. Mr. Koresko did not appear at the July 8, 2013 hearing but was represented by counsel; it was at that hearing that his counsel at the time, Montgomery McCracken Walker & Rhoads, LLP, moved to withdraw. After ex parte hearings with Montgomery McCracken and Mr. Koresko, the Court decided that Montgomery McCracken should be allowed to withdraw in light of the concerns they raised in continuing to represent Mr. Koresko.

Mr. Koresko has complained repeatedly that the Court has not taken his illness into account. However, despite numerous requests by this Court for further information, Mr. Koresko has yet to provide adequate substantiation of any medical condition that would prevent his participation in this litigation. The Court believes that it has bent over backward to accommodate Mr. Koresko to the greatest extent possible without being able to fully understand the medical conditions he is facing.

In conjunction with the appointment of the Independent Fiduciary, Mr. Koresko was also enjoined from acting as counsel

for or as a representative of the Trusts.  In violation of that order, Mr. Koresko met with attorneys who then filed bankruptcies in the Middle District of Florida, including on behalf of the Trusts.  Those bankruptcies were filed in an attempt to seek protection from the automatic stay and delay this case.  This Court had previously determined that the Department of Labor's action is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), after six of the Koresko entities had filed for bankruptcy in the Eastern District of Pennsylvania.  Those initial Eastern District of Pennsylvania bankruptcies were voluntarily dismissed prior to the institution of the Florida bankruptcies.

The bankruptcy court in the Middle District of Florida transferred those bankruptcies to the Eastern District of Pennsylvania, and this Court has since withdrawn the reference to the bankruptcy court in those six cases.  In his decision to transfer the bankruptcies, Judge Funk stated that "the Debtors are the primary, if not the sole, beneficiaries of the involuntary petitions filed in this Court to side-step the rulings in both the Pennsylvania District Court and the Pennsylvania Bankruptcy Court. . . . [T]his Court cannot sanction such apparent abuse of the bankruptcy process." Findings of Fact and Conclusions of Law and Order Transferring Venue of Cases at 15, In re: Koresko & Associates, P.C., No. 13-

5991 (Bankr. M.D. Fla. Dec. 16, 2013), ECF No. 63. This Court agrees.

Based on Mr. Koresko's June 9, 2014 letter, the Court believed it had three options: (1) continue the trial as planned, possibly without Mr. Koresko's participation; (2) postpone the trial to give Mr. Koresko time to recover from his medical condition or to give the Court more information about his medical condition; or (3) postpone the trial to allow Mr. Koresko to hire new counsel to be paid with trust assets. None of these options was ideal, and ultimately the Court felt it had no choice but to continue the trial as planned.

The Court concluded that it would be improper to continue to allow Mr. Koresko to use more trust assets to pay for his personal counsel. Mr. Koresko had prior counsel, Montgomery McCracken, who withdrew out of ethical obligations; Montgomery McCracken received over one million dollars from trust assets for their representation. Mr. Koresko was also given counsel, Dilworth Paxson LLP, in association with the contempt hearings in this case because Mr. Koresko would not comply with several of this Court's orders (particularly the September 16, 2013 order appointing the Independent Fiduciary). Dilworth's engagement, however, was limited to the contempt hearing and some related issues. As Mr. Koresko has been aware for several months, Dilworth was not permitted to represent Mr.

Koresko at trial unless Dilworth was privately retained by him. Dilworth has, however, been paid over $400,000 from the frozen accounts for its representation, which has lasted many months. That substantial expense could have been avoided had Mr. Koresko chosen to comply with this Court's orders, rather than acting in direct violation of them. Furthermore, given the fees already paid to both Montgomery McCracken and Dilworth, the Court could not, in good faith, authorize spending more funds from the frozen accounts on Mr. Koresko's defense.

Second, the Court concluded that there was no realistic possibility that it would receive any submission from Mr. Koresko explaining his purported medical conditions, or that any submission would be supported by an affidavit or other reliable communication from a physician. Under the circumstances, and in light of Mr. Koresko's lack of cooperation to date, the Court could not justify waiting for information from Mr. Koresko that it requested last year.

Rather, the Court decided to proceed without Mr. Koresko, allowing for the possibility that he might yet choose to appear. As of June 11, neither Mr. Koresko nor any representative of Mr. Koresko has appeared at trial. The Court has no confidence that Mr. Koresko would ever appear for trial, whether it was postponed for one day, one month, or several months. The Department of Labor was prepared to proceed with

its case, as discussed at the final pretrial conference, and appeared on the morning of June 9 with its witnesses and exhibits ready.  Given the longstanding nature of this litigation, it would have been extremely prejudicial to prevent the Department of Labor from putting on its case, given Mr. Koresko's last-minute refusal to appear.

Finally, the Court considered the many related cases before this Court (and other courts) against Mr. Koresko and his entities that presented issues similar to the Department of Labor's case.  This case and related cases were reassigned to this Court by then-Chief Judge Bartle at the direction of the Court of Appeals that the related cases be put before one judge. The Court has been assigned over twenty related cases, in various stages of litigation, some of which are now closed. This Court has placed eight of the active related cases, as well as the bankruptcy actions, in suspense pending the outcome of the Department of Labor's trial.  Those cases do not deserve to be delayed any longer. For example, the Castellano matter (No. 03-6903) was filed in 2003, and cross-motions for summary judgment are still pending.  At every turn, employers, participants, and beneficiaries of the Trusts have appeared at hearings and have contacted the Court and the Independent Fiduciary, anxious for the Court to resolve these matters.

In the interest of fairness and justice, the Court feels that the trial must go forward, with or without the participation of Mr. Koresko.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.