IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : : | CIVIL ACTION |
| v. | : : | |
| JOHN J. KORESKO, V, et al. | : | No. 09-988 |

ORDER

AND NOW, this 2nd day of October, 2014, upon consideration of Dilworth Paxson LLP's correspondence, dated September 26, 2014, requesting guidance from the Court on how to proceed; and whereas the Court subsequently held an on-the-record status conference on October 1, 2014, in which the Court agreed to offer such guidance even though it has yet to make a final decision on how it will rule with respect to Mr. Koresko's purported defenses; IT IS HEREBY ORDERED that billing involving the following defenses will not be reimbursed by the Court in the future[1]:

    1.    that the employer-level arrangements acquired a contractual right to a defined benefit;

    2.    that the Employee Retirement Income Security Act of 1974, § 3(21)(A), 29 U.S.C. § 1002(21)(A)

---

[1] That is not to say that Dilworth may not continue to research and work on these defenses. Mr. Koresko may certainly still investigate the applicability of these defenses but, given the volume of briefings the Court has already received on these issues, it will no longer reimburse Dilworth from the Trusts' assets for its time examining such defenses.

("ERISA"), does not apply because the plans only involve contract claims;

3. that the plan assets are exempted from ERISA coverage because they constitute "top hat" plans;

4. that the Trusts are solvent;

5. that 29 C.F.R. §2510.3-101(h)(2) applies to the plan assets, even when the Trusts were not an "investment entity";

6. that the July 2009 amendment involving non-owner employees is valid;

7. that ERISA's three-year statute-of-limitations is triggered under these facts;

8. that disgorgement and restitution are improper under ERISA; or

9. that the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., has any bearing on this case.

At this point, the Court believes it has everything it needs to make a final decision.[2] However, Dilworth mentioned at the October 1 status conference that the defendants would still like to be heard on the amount of money that would need to be returned to the Trusts in the event the defendants are found

---

[2] If, in finalizing the decision, the Court requires additional briefing on any of these issues, the Court will ask the parties for such briefing and Dilworth will be reimbursed for its time accordingly.

guilty of violating ERISA. The Court will consider such a defense and Dilworth has until October 14, 2014, to file such a document.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.