```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS E. PEREZ, SECRETARY OF    :    CIVIL ACTION
LABOR, UNITED STATES             :
DEPARTMENT OF LABOR              :
                                 :
     v.                          :
                                 :
JOHN J. KORESKO, V, et al.       :    No. 09-988
```

JUDGMENT AND ORDER

AND NOW, this 13th day of March, 2015, upon consideration of the pleadings, filings, hearings, trial, and evidence referenced in this Court's February 6, 2015, Memorandum Opinion (Docket No. 1134, "the Memorandum Opinion") and for the reasons articulated therein, IT IS HEREBY ORDERED that:

1. John J. Koresko, V, PennMont Benefit Services, Inc., Koresko and Associates, P.C., Koresko Law Firm, P.C., and Penn Public Trust ("the Koresko Defendants") are jointly and severally liable for restitution for losses and disgorgement of profits to the Single Employer Welfare Benefit Plan Trust ("SEWBPT"), the Regional Employers Assurance League Voluntary Employees' Beneficiary Association Trust ("REAL VEBA Trust"), and the constituent employer-level employee benefit plans of the

SEWBPT and the REAL VEBA ("the Plans"),[1] in the amount of $38,417,109.63.[2]  This liability shall be satisfied as follows:

      a.  $19,987,362.16 of the $38,417,109.63 due is currently held in ten (10) bank accounts, identified in Appendix A to the Memorandum Opinion, that have been frozen by Orders of this Court and are currently under the control of the Independent Fiduciary, the Wagner Law Group ("WLG"), ("the frozen funds").  The Koresko Defendants are permanently divested of any ownership interest in the frozen funds.  Title to and ownership of the frozen funds is hereby vested in WLG as "Independent Fiduciary on behalf of the Single Employer Welfare Benefit Plan Trust and the Regional Employers Assurance League Voluntary Employees' Beneficiary Association Trust";

---

[1] These employer-level plans include the 533 individual, ERISA-covered plans identified in ¶¶ 47-50 of the Memorandum Opinion.

[2] After the Court filed its Memorandum Opinion, Mr. Koresko's counsel brought to the Court's attention that Appendix A of the Memorandum Opinion double-counts the amount of plan assets that Mr. Koresko had transferred to the Caribbean island of Nevis by $1,422,367.41 -- the "Last Known Balance" of the "RBTT Koresko Law Firm Account" (line 246).  The Court agrees.  The Court therefore reduces the total liability from $39,839,477.04 to $38,417,109.63.  If and when the Court retains authority over the bank account at the Royal Bank of Trinidad & Tobago -- by the Power of Attorney that Mr. Koresko had signed transferring authority of that account to the Independent Fiduciary -- the Court will further reduce the total liability of the Koresko Defendants by that account's remaining balance.

      b.    The Koresko Defendants are jointly and severally liable to the SEWBPT, the REAL VEBA Trust, and the Plans in the amount of $18,429,747.47.  This amount represents the remaining balance due after applying the $19,987,362.16 in frozen funds discussed above to satisfy part of the Koresko Defendants' $38,417,109.63 liability.  The Koresko Defendants shall pay $18,429,747.47 to WLG as "Independent Fiduciary on behalf of the Single Employer Welfare Benefit Plan Trust and the Regional Employers Assurance League Voluntary Employees' Beneficiary Association Trust."  WLG is hereby directed to take custody of these funds, deposit them into an account titled to the "Independent Fiduciary on behalf of the Single Employer Welfare Benefit Plan Trust and the Regional Employers Assurance League Voluntary Employees' Beneficiary Association Trust," and manage these funds as assets of the Plans in accordance with ERISA and all current Orders of the Court until further Order of the Court.

      2.    The Koresko Defendants and Defendant Jeanne Bonney are hereby permanently removed from any position they may currently hold or may have held with regard to the SEWBPT, the REAL VEBA Trust, or any of the Plans and are hereby permanently enjoined from serving either directly or indirectly as administrator, fiduciary, officer, trustee, custodian, counsel,

agent, service provider, representative in any capacity (including acting as attorney in fact), consultant or adviser to the SEWBPT, the REAL VEBA Trust, or any of the Plans.

      3.    All assets of the REAL VEBA Trust and SEWBPT that have already been turned over or retitled to the IF on an interim basis in accordance with this Court's September 16, 2013, Appointment Order (Docket No. 496), including insurance policies owned by or for the benefit of the REAL VEBA or SEWBPT, are hereby permanently turned over and retitled to the IF as IF for the REAL VEBA and SEWBPT.  To the extent that notwithstanding the September 16, 2013, Order, any assets of the REAL VEBA or SEWBPT remain in the custody or control of any of the Koresko Defendants or third parties, the Koresko Defendants and third parties shall immediately turn over such assets to the IF and such assets shall be permanently retitled to the IF.

      4.    The Koresko Defendants and Defendant Jeanne Bonney are hereby permanently enjoined from serving as administrator, fiduciary, officer, trustee, custodian, counsel, agent, service provider, representative in any capacity (including acting as attorney in fact), consultant or adviser to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Koresko Defendants and Defendant Jeanne Bonney are hereby permanently enjoined from serving in any capacity that involves decision-making authority

or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

5. The Koresko Defendants and Defendant Jeanne Bonney are hereby permanently enjoined from violating any provisions of ERISA in the future.

6. WLG shall continue to serve as the Independent Fiduciary for the SEWBPT, the REAL VEBA Trust, and the Plans in accordance with the current Orders of the Court until further Order of the Court.  As such, until further Order of this Court, WLG shall continue to have and exercise the same full authority and control with respect to the management and disposition of the assets of the SEWBPT, the REAL VEBA, and the Plans, as well as all related employer arrangements, currently granted to WLG by Orders of this Court.

6. This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Order; addressing the appointment of a permanent Independent Fiduciary to administer and oversee the SEWBPT, the REAL VEBA Trust, and the Plans; securing an equitable accounting of the assets of the SEWBPT, the REAL VEBA Trust, and the Plans; and overseeing any other outstanding issues requiring resolution in relation to the Memorandum Opinion and the satisfaction of this Judgment and Order.

JUDGMENT IS ENTERED against the Koresko Defendants and Ms. Bonney, and in favor of the SEWBPT, the REAL VEBA Trust, and the Plans.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.