IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | |
| JOHN J. KORESKO, V, et al. | : | NO. 09-988 |

## MEMORANDUM AND ORDER
### re: Ming Court Management, Inc.

ELIZABETH T. HEY, U.S.M.J.                                                              January 30, 2018

Due to a change in address and the death of the former plan-sponsor, the Ming Court Management, Inc. plan ("Ming Court") did not receive notice until September of 2017, of the proposed equitable distribution of the assets of the Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association ("REAL VEBA") and Single Employer Welfare Benefit Plan ("SEWBP") Trusts (collectively "the Trusts" or "the Liquidating Trusts), see Docs. 1395 & 1494, in which it had participated.[1]

When Marcum, LLP, ("Marcum") the court-appointed forensic accountant, first made contact with anyone associated with Ming Court, it learned that John Yeh-Rong Wu, Ming Court's plan sponsor, had died on March 16, 2013. At the time of his death, Mr. Wu was the annuitant named in an annuity contract owned by the Trusts and

---

[1]For a detailed discussion of the events that led to the decision to dissolve the Trusts created by John J. Koresko, V, and equitably distribute the remaining assets, see the Honorable Mary A. McLaughlin's opinion in Perez v. Koresko, 86 F. Supp.3d 293 (E.D. Pa. 2015).

designated to provide medical benefits for the plan participants, including himself.[2] The annuity provided for a death benefit equal to its surrender value. See Annuity Contract C0039957. Because Marcum's initial calculations did not take this annuitant's death into account, and to provide the plan an opportunity to provide any relevant information, I convened a hearing.

At the November 3, 2017 hearing, Hwei-Jen Wang, the decedent's widow and new plan sponsor, appeared by telephone accompanied by counsel. During the hearing, representatives from Marcum explained that they would need to examine the annuity contract, that was not then available, and the plan documents to properly characterize the payment that would ultimately be made from the Trusts to Ming Court based on Mr. Wu's death. This characterization is important because Mr. Wu died before the entry of the temporary restraining order ("TRO"), after which any payment from the liquidating Trusts would be subject to the asset shortfall discount. See Description of Unified Model at 2 (available at http://www.paed.uscourts.gov/documents/koresko/Perez%20v.%20Koresko%20-%20Unified%20Model.pdf ).

After obtaining and reviewing the annuity contract, Marcum concluded that the payment to the plan from the Trusts would not be considered a death payment for

---

[2] The plan documents executed by Mr. Wu provide medical benefits for the plan participants, but no death benefits. See 2003 Ming Court Adoption Agreement § 5(c) & (d).

2

purposes of the Unified Model of Equitable Distribution.[3]  Therefore, Ming Court would receive the benefit of the annuity payment occasioned by Mr. Wu's death, but the entire distribution would be subject to the asset shortfall discount.  I directed Marcum to prepare an updated Plan Sponsor Statement and my chambers provided a copy of the updated Plan Sponsor Statement to Ms. Wang and her counsel and directed that any objection to the updated Plan Sponsor Statement be sent to our chambers via email by January 29, 2018.  Doc. 1650.  My chambers was notified this morning by counsel that Ms. Wang has no objection to the updated statement.

Under the circumstances, Ming Court's distribution will be paid at the time the Trusts are liquidated consistent with Marcum's Unified Model of Distribution.  I have confirmed with Marcum that Ms. Wang has completed all of the necessary paperwork for the payment to be sent to her.  At the time of distribution, I will direct Wilmington Trust, the court-appointed trustee, to pay Ming Court's distribution, as determined by Marcum, to Ms. Wang.

An appropriate Order follows.

---

[3] The Department of Labor filed a supplemental memorandum after the hearing, arguing that the annuity proceeds should be considered a pre-TRO death benefit and not be subject to the asset shortfall discount.  Doc. 1643.