IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, AND THE UNITED STATES DEPARTMENT OF LABOR<br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>JOHN J. KORESKO, V, JEANNE BONNEY, PENN-MONT BENEFIT SERVICES, INC., KORESKO & ASSOCIATES, P.C., REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST, AND SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST<br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. 09-988 |

**MEMORANDUM OPINION**

In 2009, the Department of Labor ("DOL") sued Defendants for violations of the Employee Retirement Income Security Act ("ERISA"). Specifically, the DOL alleged that Defendants breached their fiduciary duties to benefits plans under their care by illegally obtaining funds from those plans. Ultimately, Defendants were found liable for $38,337,540.89 in restitution to the affected plans. In August 2015, the Court appointed Wilmington Trust ("Wilmington") to serve as trustee for the restitution funds, and it tasked Wilmington with managing and distributing the funds to those affected by Defendants' scheme ("the Trust participants").

Initially, Wilmington decided to withhold money from the distributions owed to Trust participants to satisfy possible tax obligations. The Plan Sponsors objected and proposed a

distribution plan which did not include such withholdings. In August 2019, the Court ordered that "all future distributions from the Trusts to plan sponsors, plans, plan participants, or plan beneficiaries shall be made without deducting or withholding any sums for possible tax obligations."

The Plan Sponsors now move for attorney's fees under Federal Rule of Civil Procedure 54(d)(2)[1] and 29 U.S.C. §1132(g)(1) against Wilmington to reimburse them for the fees expended in objecting to Wilmington's initial tax withholding decision.

"In our legal system, each litigant typically pays his or her own attorney's fees, whether they win or lose. However, some statutes provide an exception that shifts payment of one party's legal fees to the other. ERISA is one such statute, providing that '[in any action under this subchapter] the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.'" *Templin v. Indep. Blue Cross*, 785 F.3d 861, 864–65 (3d Cir. 2015) (internal quotations omitted).

Because ERISA "provides no standard for a fee award," the Third Circuit has "set forth . . . factors that must be considered" to "guide district courts as they exercise their discretion in connection with . . . fee applications" under Section 1132(g)(1). *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 254 (3d Cir. 1994). Before considering these factors, however, the Court must determine, as a threshold matter, whether a party is in fact making a claim "under" ERISA. *See* 29 U.S.C. § 1132(g)(1). Wilmington argues that the Plan Sponsors' claim is not brought "under" ERISA, since "no cause of action under ERISA has been filed against Wilmington." The Plan Sponsors, however, contend that Section 1132(g)(1) "only

---

[1]Federal Rule of Civil Procedure 54(d)(2) provides a process for a prevailing party to request attorney's fees following a judgment. No judgment has been entered against Wilmington, so Rule 54 is inapplicable. *See Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997) (finding Rule 54 inapplicable where there had been no final judgment); *see also Owens v. Howe*, 365 F. Supp. 2d 942, 949 (N.D. Ind. 2005).

requires that the motion for fees be brought within the context of *any* action under ERISA" and note that "[t]here is no dispute that the underlying action in this case [*i.e.,* the action against Defendants] is one governed by ERISA."

The Plan Sponsors misread Section 1132(g)(1)'s plain language. The ERISA fee shifting provision is not so broad as to allow recovery against any person or entity associated with an ERISA dispute. Rather, Section 1132(g)(1) only authorizes fee shifting as against a "party" to an ERISA "action." 29 U.S.C. § 1132(g)(1); *see also Moore v. Menasha Corp.*, 2013 WL 308960, at *3 (W.D. Mich. Jan. 25, 2013) ("ERISA fees and costs are available only to a party.").

Here, it is undisputed that Wilmington is not a party to the underlying ERISA action against Defendants. Neither does the Plan Sponsors' objection to Wilmington's tax withholdings qualify as an "action" for ERISA purposes. The word "action" in Section 1132(g)(1) has been construed "as limiting the award to fees incurred in the litigation in court." *Cann v. Carpenters' Pension Tr. Fund for N. California*, 989 F.2d 313, 316 (9th Cir. 1993). That is because "Congress chose the words, '[i]n any *action* . . . attorney's fee and costs of *action*. . . .'" and "[t]he word 'action' in its usual legal sense means 'a suit brought in a court; a formal complaint within the jurisdiction of a court of law,' and 'includes all the formal proceedings in a court of justice attendant upon the demand of a right . . . in such court. . . ." *Id.* (emphasis added) (denying availability of attorney's fees under Section 1132(g)(1) for fees incurred during the course of an administrative action); *see also Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 313 (3d Cir. 2008) (citing favorably to *Cann*). Here, as noted, the Plan Sponsors instituted no "formal complaint" against Wilmington. *See Cann*, 989 F.2d at 316. In sum, because

Wilmington was not a "party" to any ERISA "action" against the Plan Sponsors, the Plan Sponsors cannot recover attorney's fees under Section 1132(g)(1) against Wilmington.[2]

The Plan Sponsors' motion for attorney's fees will be denied, and an appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

\_\_
**WENDY BEETLESTONE, J.**

---

[2]The Plan Sponsors' "common fund" argument similarly fails, as the Plan Sponsors are not litigants in an action against Wilmington. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (explaining that "common fund" doctrine "rests on the perception that persons who obtain the *benefit of a lawsuit* without contributing to its cost are unjustly enriched at the successful *litigant's* expense" (emphasis added)).