IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor | : : : : | CIVIL ACTION |
| v. | : : | |
| **JOHN J. KORESKO, V, JEANNE BONNEY, PENN-MONT BENEFIT SERVICES, INC., KORESKO & ASSOCIATES, P.C., REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST, AND SINGLE EMPLOYER WELFARE BENEFIT TRUST** | : : : : : : : : : : : | NO. 09-988 |

**O R D E R**

**AND NOW**, this 18th day of August, 2021, upon consideration of the following:

(1)     The opinion and order of the Honorable Mary McLaughlin, finding the Koresko Defendants had violated the Employee Retirement Income Security Act of 1974, removing them as fiduciaries, turning over the assets of the Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association ("REAL VEBA") and Single Employer Welfare Benefit Plan ("SEWBP") Trusts (collectively "the Trusts") to an independent fiduciary, and maintaining jurisdiction to oversee and order an accounting for the assets of the Trusts, Perez v. Koresko, 86 F. Supp.3d 293 (E.D. Pa. 2015), aff'd, Secretary United States Dept. of Labor v. Koresko, 646 F. App'x 230 (3d Cir. 2016); Doc. 1149 ¶¶ 2-6; [1]

---

[1] In its opinion, the Court identified John J. Koresko, V, Pennmont Benefit Services, Inc., Koresko & Associates, P.C., Koresko Law Firm, P.D., and Penn Public Trust as the "Koresko Defendants." 86 F. Supp.3d at 299 n.2. While she was excluded from a money judgment, defendant Jeanne Bonney was also removed and enjoined as a fiduciary. Id. at 300.

(2) The Court's appointment of Marcum LLC ("Marcum")[2] to serve as forensic accountant, and Manufacturers and Traders Trust Company, including its Wilmington Trust affiliated entities ("Wilmington Trust") to serve as trustee, Docs. 1240 & 1242;

(3) The Department of Labor's ("DOL") Motion for Equitable Distribution of the assets of (Doc. 1384);

(4) The Unified Model for Equitable Distribution developed by Marcum, the court-appointed forensic accountant (available on the Court's website at: http://www.paed.uscourts.gov/documents/koresko/Perez%20v.%20Koresko%20-%20Unified%20Model.pdf;

(5) The Court's subsequent adoption of the Unified Model (Doc. 1471);

(6) The Court's Orders directing the liquidation of certain insurance policies and the transfer/retitling of certain insurance policies pursuant to the Unified Model and each Plan's distribution election, totaling $20,628,781.94 (Docs. 1619, 1620, 1631, 1632, 1652, 1653, 1670, and 1671);

(7) The initial distribution of the Trusts' assets ("First Distribution") as ordered by the Court, totaling $50,646,761.69 in cash (Doc. 1762);

(8) The DOL's motion to proceed with the final distribution of the assets of the Trusts (Doc. 1898);

(9) The Court's request for and determination of all claims against the Trusts, indicating that there would be no further opportunity for any claim against the assets of the Trusts (Docs. 1902, 1916, and 1923);

(10) The Court's Order of December 3, 2020 (Doc. 1925)
  a. granting the DOL's Motion for Final Distribution,
  b. directing Marcum to send the Second Distribution Statements to each of the Plans and to Wilmington Trust,
  c. directing Wilmington Trust to make final distributions in the amounts identified by Marcum to the individuals/entities previously identified in the Plan Sponsor Declaration Forms submitted prior to the First Distribution, and to submit a final accounting to the Court and thereafter take all steps necessary to terminate the Trusts, and

---

[2] The court appointed Smart, Devine & Company ("Smart Devine") as the forensic accountant. (Doc. 1240). Smart Devine subsequently merged into Marcum and the court continued the forensic accounting services with Marcum. (Doc. 1272).

    d.  directing the DOL to submit any proposed order to enter final judgment in the case;

(11) The Court's Orders of December 14 and 17, 2020, approving final invoices and fees of Marcum and Wilmington Trust (Docs. 1926, 1927, 1928, 1929);

(12) Wilmington Trust's issuance of 195 checks to designated payees on or before January 29, 2021 totaling $17,714,395.35, in accordance with the Second Distribution Statements;

(13) All designated payees having cashed or deposited the checks issued to them in accordance with the Second Distribution Statements;

(14) Wilmington Trust's receipt of a letter dated June 2, 2021 from John Hancock Financial Services stating that there is a "stale dated check" in the amount of $100,000, issued on March 23, 2017, with reference to a policy (#59252001) that was held by one of the plans, PTL Test Equipment, Inc. ("PTL"), after which the Court granted the DOL's motion requesting that Wilmington Trust make all efforts to obtain from John Hancock a newly-issued check made payable to the Trusts, and thereafter distribute the $100,000 to Paul Legris, who is the President of PTL. (Doc. 1946);

(15) A posting to the Trusts' account on July 23, 2021 of $1,203.57, which are additional proceeds from the settlement of a securities class action lawsuit known as the GSE Bonds Litigation ("Class Action Settlement"), after which the Court granted the DOL's motion requesting that Wilmington Trust donate such proceeds, and any future proceeds from the Class Action Settlement, as a *cy pres* distribution to a non-profit organization that benefits older adults (Doc. 1946);

(16) Marcum's provision to the Court and the DOL on April 22, 2021 of an electronic archival file of the key documents associated with the allocation and disbursement of funds associated with the resolution of the Trusts, including:

    a.  2017 Plan Sponsor Statements, issued to Plan Sponsors on June 12, 2017;
    b.  2017 election forms received from Sponsors directing the type of distribution;
    c.  2017-2018 Letters to Plans, Declarations from Plans, and Policy Purchase Payments;
    d.  2018 Schedules Used as the Basis for the First Distribution, transmitted to the Court from Wayne Geisser on July 25, 2018, detailing cash distributions totaling $50.6 million and referenced in the Court's July 27, 2018 distribution Order (Doc. 1762);
    e.  2018 Final Plan Sponsor Statements, issued to Plan Sponsors on July 27, 2018;

   f. 2020 Second Distribution Statements, issued to Plan Sponsors on December 22, 2020;

   g. 2020 Declarations from Plans, solicited by and provided directly to Wilmington Trust; and

   h. 2021 Schedule used as the basis for the Final Distribution;

**IT IS ORDERED** that:

 A. Marcum has completed all required tasks associated with its engagement and is discharged from further responsibility in connection with these proceedings;

 B. Once Wilmington Trust has distributed the $100,000 received from John Hancock Financial Services to Paul Legris, President of PTL and made a *cy pres* distribution of the funds from the Class Action Settlement as directed by separate Order (Doc. 1946), Wilmington Trust will have completed all required tasks associated with its role as Court-appointed Trustee. As such, Wilmington Trust shall:

   1. Close the life insurance and investment management subaccounts for the Trusts;
   2. Take all actions necessary to terminate the Trusts; and

After the completion of these tasks, Wilmington Trust is discharged from further responsibility in connection with these proceedings. The Court will not retain jurisdiction over the case. By previous order (Doc. 1867) Wilmington was directed to the return the employee portion of FICA payments received from the IRS, distributing the necessary Form 1099-MISC, and recouping the employer FICA payments Wilmington made.

            BY THE COURT:

            /s/Wendy Beetlestone, J.

            **WENDY BEETLESTONE, J.**